# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MISTY WHITE,<br>(2) JERMAINE BRADFORD,<br>(3) JANARA MUSGRAVE,<br>(4) LANDON PROUDFIT,<br>(5) BRADLEY BARBER, JR., and<br>(6) DAKOTA KAPPUS,<br><br>    On behalf of themselves and all others similarly situated, and<br><br>(7) OKLAHOMA STATE CONFERENCE, NAACP,<br><br>            Plaintiffs,<br>v.<br><br>(1) HON. PAUL HESSE, in his official capacity as presiding District Court Judge,<br>(2)    HON. JACK MCCURDY, in his official capacity as District Court Judge,<br>(3) HON. BARBARA HATFIELD,<br>(4) HON. CHARLES GASS,<br>(5) HON. KHRISTAN STRUBHAR, in their official capacities as Special District Judges in the Canadian County District Court, and<br>(6) CANADIAN COUNTY DISTRICT COURT, 26TH JUDICIAL DISTRICT,<br><br>            Defendants. | **Case No: CIV-19-1145-JD** |

## DEFENDANT CANADIAN COUNTY DISTRICT COURT, 26TH JUDICIAL DISTRICT'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant Canadian County District Court, 26th Judicial District ("Defendant" or "26th Judicial District"), pursuant to Fed. R. Civ. P. 12(b), respectfully requests that this Court dismiss all claims against Defendant. In support of this motion, Defendant states as follows:

**Summary of Complaint**

Plaintiffs have filed a Complaint [Doc. No. 1] that contains 151 numbered paragraphs of allegations. In paragraph 23, Plaintiff identifies as a defendant the "Canadian County District Court, 26th Judicial District" and alleges that it "is the court that administers the policies and practices challenged herein. It is a public entity for purposes of the ADA. On information and belief, it is a recipient of federal financial assistance for purposes of the Rehabilitation Act." These allegations are conclusory in nature and do not contain sufficient factual support.

Beginning in paragraph 126, Plaintiffs start their recitation of the counts (or causes of action) alleged. Plaintiffs' Complaint contains six (6) separate counts against Defendants, and each count reincorporates by reference all previous allegations of the Complaint. While the headings for the first four (4) counts claim to be against only the Individual Defendants, the numbered paragraphs contain allegations against Defendants, *see* Doc. No. 1 at ¶¶ 127-151, which includes Defendant Canadian County District Court, 26th Judicial District. As the substance of the Complaint appears to include the Defendant Canadian County District Court, 26th Judicial District in all counts, this Motion addresses all six counts.

Counts One through Four are brought pursuant to 42 U.S.C. § 1983. Count Five is brought under Title II of the ADA ("ADA") and Count Six is brought under § 504 of the Rehabilitation Act ("Rehab Act"). While the headings for Counts Five and Six imply that the Counts are brought by only two Plaintiffs, White and Musgrave, the language of the numbered paragraphs does not distinguish between the seven plaintiffs and instead uses

the term "Plaintiffs" in the allegations. *Id.*

In paragraphs 13 and 24 through 36, there are factual allegations regarding Plaintiff White. Many of the factual allegations are allegations about the conduct of someone other than Defendant.[1] *See* 19 O.S. § 513 and 57 O.S. § 47.   Plaintiff White alleges that she was unable to pay bail and that she has medical conditions that make her a qualified individual with a disability for purposes of the ADA and Rehab Act. However, she does not allege that she requested an accommodation from Defendant. The closest she comes to any type language that could be construed as a request for accommodation is when she alleges that she "would have liked to have a lawyer present at the proceeding because it felt one-sided." [Doc. No. 1 at ¶ 30].

In paragraphs 14 and 37 through 43, there are factual allegations about Plaintiff Bradford. Plaintiff Bradford makes no allegations about having a disability.

In paragraphs 15 and 44 through 51, there are factual allegations about Plaintiff Musgrave. Many of the factual allegations are allegations about the conduct of someone other than Defendant. *See* 19 O.S. § 513 and 57 O.S. § 47. Plaintiff Musgrave alleges that she was unable to pay bail and that she has medical conditions that make her a qualified individual with a disability for purposes of the ADA and Rehab Act. However, she does not allege that she requested an accommodation from Defendant. The closest she comes to any type of language that could be construed as a request for accommodation is when she alleges that "[t]here was no opportunity for Ms. Musgrave to obtain modifications or

---

[1] For instance, paragraph 87 contains allegations about "conditions in the jail." Defendant is not in charge of the jail.

accommodations to participate in the proceeding."

In paragraphs 16 and 52 through 58, there are factual allegations about Plaintiff Proudfit. Plaintiff Proudfit makes no allegations about having a disability.

In paragraphs 17 and 59 through 64, there are factual allegations about Plaintiff Barber. Plaintiff Barber makes no allegations about having a disability.

In paragraphs 18 and 65 through 69, there are factual allegations about Plaintiff Kappus. Plaintiff Kappus makes no allegations about having a disability.

In paragraphs 19 and 99 through 102, there are factual allegations about Plaintiff NAACP. Plaintiff NAACP alleges that its "principal objectives . . . are to ensure the political, educational, social and economic equality of all citizens; to achieve equality of rights and eliminate race prejudice among the citizens of the United States; to remove all barriers of racial discrimination through democratic processes; to inform the public of the adverse effects of racial discrimination and to seek its elimination; and to educate persons as to their constitutional rights and to take all lawful action to secure the exercise thereof." [Doc. No. 1 at ¶ 19]. Plaintiff NAACP then alleges that its claim is based upon the First Amendment of the United States Constitution; however, the only count, Count Four, appears to relate to Plaintiff NAACP's factual allegations. Counts One, Two, Three, Five and Six do not relate to the factual allegations in paragraphs 19 and 99 through 102; however, the collective use of the word Plaintiffs instead infers that Plaintiff NAACP is a plaintiff under the laws identified in those Counts. Plaintiff NAACP has generally failed to allege any facts to support the claims under Counts One, Two, Three, Five and Six as none of those counts address the First Amendment right to access court. To the extent,

Plaintiff NAACP has alleged a claim under Count Four, Defendant is not a person, *see infra*, such that the claim fails, just like the other § 1983 claims.

## Standards of Review

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148, n. 4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Id.* In reviewing a facial attack, a district court must accept the allegations in the complaint as true. *Id.* In a factual attack, the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id.* When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *Id.* Instead, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for failure to state claims upon which relief may be granted. Motions to dismiss are properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and those factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555 and 570 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. A

court is not required to accept as true allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Finally, "dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Broker's Choice of Am. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th 2017) (citing *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010)).

### **PROPOSITION I: Defendant is not an entity capable of being sued.**

Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity to sue or be sued is determined by the law of the state where the court is located. Article 7, Section 7 of the Oklahoma Constitution mandates that the state is to be divided into judicial districts each consisting of an entire county or of contiguous counties. It further directs that there shall be one (1) District Court for each judicial district, which shall have as many judges as is prescribed by statute. Title 20 O.S. §92.1 divides the state into twenty-six (26) district court judicial districts with the number of authorized districts and district judges as authorized by statute; and, section 92.27 sets up the 26th Judicial District in Canadian County. Furthermore, Article 7, Section 7 mandates that the District Court shall have unlimited jurisdiction on justiciable matters unless prohibited by statute and such powers to review administrative action as provided by statute.

The 26th Judicial District, however, is not a political subdivision which is necessary to make it an entity capable of being named in order to sue the State. The judicial district

is a legal fiction incapable of being brought to court, in and of itself. The 26th Judicial District is, of course, made up of employees, including judges, who could be sued individually or in their official capacity, but the 26th Judicial District alone cannot be sued or brought to court. *See Martinez v. Winner*, 771 F. 2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity, and the complaint will be dismissed as to it."); *See also Mason v. Twenty-Sixth Judicial Dist. of Kansas, Court Services Div.*, 670 F. Supp. 1528 (D. Kan. 1987) ("Judicial District was not capable of being sued.").

The 26th Judicial District quite simply cannot be sued. Oklahoma law defines what agencies and instrumentalities it has. In this case, the Oklahoma Governmental Tort Claim Act ("OGTCA") says what agencies and instrumentalities may be sued and that has not been done in this instance. *See* OKLA. STAT. tit. 51, §153. The 26th Judicial District is not the state itself, but is instead a fictional arm of the state incapable of being sued. The GTCA expressly defines what is considered "the state," and the judicial district is not included. *See* OKLA. STAT. tit. 51, §152(13). It is not an agency, department, authority, etc., because it has no enabling statute. Furthermore, simply because the people of Oklahoma decided to divide the courts up into districts does not transform them into political subdivisions either. Moreover, it is not a political subdivision of the state because the GTCA expressly defines what is considered a political subdivision, and the judicial district is not included. *See* OKLA. STAT. tit. 51, §152(11). For these reasons, Defendant is not capable of being sued and all Plaintiffs' claims fail.

**PROPOSITION II: Defendant is not a "person" for purposes of § 1983.**

Section 1983 of Title 42 of the United States Code provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

Plaintiffs "may not bring claims against the State under 42 U.S.C. §§ 1981 or 1983 because the state is not a 'person' within the meaning of these statutes." *Re v. Vistas*, 173 F.3d 864 (10th Cir. 1999) (unpublished opinion) (citations omitted). Naming an agency of the state as a defendant actually names the state itself. *See Florida Dep't of Health and Rehab. Serv. v. Florida Nursing Home Ass'n*, 450 U.S. 147, 101 S. Ct. 1032 (1981); *Alabama v. Pugh*, 438 U.S. 781, 98 S. Ct. 3057 (1978); *Hefley v. Textron*, 713 F.2d 1487, 1494 (10th Cir. 1983). Neither a state, its agencies nor its officials are "persons" under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 109 S. Ct. 2304 (1989) (". . . [W]e reaffirm today . . . that a State is not a person within the meaning of § 1983."). The 26th Judicial District is not a "person" for purposes of Plaintiffs' claims under § 1983; therefore, Plaintiffs' Counts One through Four fail as a matter of law. *Harper v. Woodward Cnty. Dist. Court*, No. CIV-10-849-HE, 2010 WL 6649767, *2 (W.D. Okla. Oct. 12, 2010). Therefore, all claims of all Plaintiffs that rely upon 42 U.S.C. § 1983 should be dismissed as to Defendant.

### **PROPOSITION III**: Plaintiffs have failed to state a claim under the ADA or Rehab Act.

To state a claim under either the ADA or Rehab Act, each plaintiff must allege that: (1) he or she is a qualified individual with a disability; (2) he or she was either excluded from participation in or denied the benefits of some entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016); *Nielson v. Moroni Feed. Co.*, 162 F.3d 604, 608, fn. 7 (10th Cir. 1998) (elements for Title II of ADA and Rehab Act claims are the same). However, "[b]efore a public entity can be required under the ADA [or Rehab Act] to provide a disabled individual an auxiliary aid or service, a public entity must have knowledge of the individual's disability and the individual's need for an accommodation." *Robertson v. Las Animas Cnty. Sheriffs Dep't*, 500 F.3d 1185, 1196 (10th Cir. 2007); *see also J.H. ex rel. J.P. v. Bernalillo Cnty.*, 806 F.3d 1255, 1261 (10th Cir. 2015). In this case, **none** of the Plaintiffs have alleged that Defendant denied them a requested accommodation. Rather, Plaintiffs make allegations about the conduct of a non-party such that they have failed to state a claim against Defendant.

Furthermore, under the ADA, "[t]he term 'public entity' means—(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State of local government . . ." 42 U.S.C. § 12131(1). As previously discussed, Defendant Canadian County District Court, 26th Judicial District, is not an entity capable of being sued. *See* Section I *supra*. Because Defendant is not an entity

capable of being sued, it is not a proper defendant for purposes of the Rehab Act. Therefore, the claims against Defendant under the ADA and Rehab Act also fail and should be dismissed.

## CONCLUSION

For the above stated reasons, Defendant respectfully requests that the Court dismiss it from the suit with prejudice.

                                        Respectfully submitted,

                                        s/ Stefanie E. Lawson
**STEFANIE E. LAWSON, OBA #22422**
**ERIN M. MOORE, OBA #20787**
**DEVAN A. PEDERSON, OBA # 16576**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
Telephone:  (405) 521-3921
Facsimile:  (405) 521-4518
Email: stefanie.lawson@oag.ok.gov
       erin.moore@oag.ok.gov
       devan.pederson@oag.ok.gov
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January, 2019, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

J. Blake Johnson
Tyler C. Box
Clayburn T. Curtis
Weston O. Watts
Justin R. Williams
Overman Legal Group
809 NW 36th Street
Oklahoma City, OK 73118
(405) 365-4511
blakejohnson@overmanlegal.com
tylerbox@overmanlegal.com
claycurtis@overmanlegal.com
westonwatts@overmanlegal.com
justinwilliams@overmanlegal.com
*Attorney for Plaintiffs*

Claudia Center
Zoe Brennan-Krohn
ACLU – Disability Rights Program
39 Drumm Street
San Francisco, CA 94111
(415) 343-0762
ccenter@aclu.org
zbrennan-krohn@aclu.org
*Attorneys for Plaintiffs*

Brandon Jerel Buskey
Twyla Jeanette Carter
American Civil Liberties Union – NY
125 Broad Street, 18th Flr
New York, NY 10004
(212) 284-7364
bbuskey@aclu.org
tcarter@aclu.org
*Attorneys for Plaintiffs*

Megan E. Lambert
Ryan D. Kiesel
Michael C. Redman
ACLU of Oklahoma Foundation
PO Box 13327
Oklahoma City, OK 73113
(405) 524-8511
mlambert@acluok.org
rkiesel@acluok.org
mredman@acluok.org
*Attorneys for Plaintiffs*

Aaron Lewis
Amia Trigg
Marta Cook
Laura Beth Cohen
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
atrigg@cov.com
mcook@cov.com
lcohen@cov.com
*Attorneys for Plaintiffs*

/s/Stefanie E. Lawson
**Stefanie E. Lawson**