**CASE NO. 19-cv-1145-JD**

---

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

---

**MISTY WHITE, JERMAINE BRADFORD, JANARA MUSGRAVE, LANDON PROUDFIT, BRADLEY BARBER, JR., and DAKOTA KAPPUS, on behalf of themselves and all others similarly situated, and OKLAHOMA STATE CONFERENCE, NAACP,**

**Plaintiffs,**

**v.**

**HON. PAUL HESSE, in his official capacity as presiding District Court Judge, HON. JACK McCURDY, in his official capacity as presiding District Court Judge, HON. BARBARA HATFIELD, HON. CHARLES GASS, HON. KHRISTAN STRUBHAR, in their official capacities as Special District Judges in the Canadian County District Court, and CANADIAN COUNTY DISTRICT COURT, 26TH JUDICIAL DISTRICT,**

**Defendants.**

---

## DEFENDANT STATE JUDGES'
## MOTION TO DISMISS AND BRIEF IN SUPPORT

---

**STEFANIE E. LAWSON, OBA#22422**
**ERIN M. MOORE, OBA#20787**
**DEVAN A. PEDERSON, OBA#16576**
**Assistant Attorney General**
**Oklahoma Attorney General's Office**
**Litigation Division**
**313 NE 21st Street**
**Oklahoma City, Oklahoma 73105**
**Telephone: (405) 521-3921   Facsimile: (405) 521-4518**

*Attorney for Defendants State Judges*

**January 22, 2020**

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................... i

TABLE OF AUTHORITIES ............................................................................... iii

DEFENDANT STATE JUDGES' MOTION TO DISMISS ............................. 1

STATEMENT OF THE CASE ............................................................................ 1

SUMMARY OF THE ARGUMENT ................................................................... 4

STANDARD OF REVIEW ................................................................................. 4

PROPOSITION I:

    **DEFENDANT STATE JUDGES ARE IMMUNE FROM SUIT FOR THESE REASONS** ................................................................................................ 5

    *A. Judicial Immunity* ............................................................................... 6

    *B. Legislative Immunity* ........................................................................... 7

PROPOSITION II:

    **PLAINTIFFS HAVE FAILED TO STATE A CLAIM** ........................... 9

    *A. Due Process* ...................................................................................... 10

    *B. Sixth Amendment* ............................................................................. 12

    *C. First Amendment* ............................................................................. 14

    *D. ADA and Rehab Act Claims* ........................................................... 17

    *E. Injunctive Relief* ............................................................................... 18

PROPOSITION III:

    **THIS COURT SHOULD DENY DECLARATORY RELIEF** ............ 18

**PROPOSITION IV:**

*YOUNGER* ABSTENTION DOCTRINE COUNSELS THAT COURT SHOULD DECLINE TO DECIDE CASE ............................................................... 19

**CONCLUSION** .............................................................................................................. 21

**CERTIFICATE OF SERVICE** ..................................................................................... 22

# TABLE OF AUTHORITIES

## CASES

*Aetna Life Inc. Co. of Hartford, Connecticut v. Haworth,*
300 U.S. 227 (1937) .................................................................................................19

*Awad v. Ziriax,*
670 F.3d 1111 (10th Cir. 2012) ...............................................................................12

*Ariz. Christian Sch. Tuition Org. v. Winn,*
563 U.S. 125 (2011) .................................................................................................12

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ...............................................................................................4, 5

*Bell v. Wolfish,*
441 U.S. 520 (1920) .................................................................................................11

*Bogan v. Scott-Harris,*
523 U.S. 44 (1998) .....................................................................................................7

*Broker's Choice of Am. v. NBC Universal, Inc.,*
861 F.3d 1081 (10th Cir. 2017) .................................................................................5

*Burke v. Holdman,*
2018 WL 4360888 (10th Cir. Sept. 13, 2018) ...........................................................8

*Collins v. Daniels,*
916 F.3d 1302 (10th Cir. 2019) ....................................................................8, 14, 15

*Colo. Cross Disability Coal. V. Abercrombie & Fitch Co.,*
765 F.3d 1204 (10th Cir. 2014) ...............................................................................12

*Cox v. Phelps Dodge Corp.,*
43 F.3d 1345 (10th Cir. 1994) .................................................................................18

*Dennis v. Sparks,*
449 U.S. 24 (1980) .....................................................................................................6

*Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs,*
263 F.3d 1151 (10th Cir. 2001) .................................................................................5

*Ex parte McClellan,*
97 P. 1019 (Okla. Crim. 1908) ..................................................................... 10

*Ex parte Young,*
209 U.S. 123 (1908) .......................................................................... 20, 21

*Facio v. Jones,*
929 F.2d 541 (10th Cir. 1991) ....................................................................... 18

*Franklin v. Massachusetts,*
505 U.S. 788 (1992) ....................................................................................... 19

*GFF Corp. v. Associated Wholesale Grocers, Inc.,*
130 F.3d 1381 (10th Cir. 1997) ....................................................................... 8

*Gaylor v. Does,*
105 F.3d 572 (10th Cir. 1997) ....................................................................... 11

*Gideon v. Wainwright,*
372 U.S. 335 (1963) ....................................................................................... 12

*Habecker v. Town of Estes Park, Colo.,*
518 F.3d 1217 (10th Cir. 2008) ..................................................................... 12

*Hall v. Bellmon,*
935 F.2d 1106 (10th Cir. 1991) ....................................................................... 5

*Hewitt v. Helms,*
482 U.S. 755 (1987) .................................................................................. 18, 19

*Huffman v. Pursue, Ltd.,*
420 U.S. 592 (1975) ....................................................................................... 21

*Hyland v. Davis,*
149 F.3d 1183 (6th Cir. 1998) ......................................................................... 8

*J.H. ex rel., J.P. v. Bernalillo Cnty.,*
806 F.3d 1255 (10th Cir. 2015) ..................................................................... 17

*J.V. v. Albuquerque Pub. Sch.,*
813 F.3d 1289 (10th Cir. 2016) ..................................................................... 17

*Joseph A. ex rel, Wolfe v. Ingram,*
275 F.3d 1253 (10th Cir. 2002) ..................................................................... 20

*Judice v. Vail*,
430 U.S. 327 (1997) ........................................................................................21

*Larson v. Senate of Pennsylvania*,
152 F.3d 240 (3d Cir. 1998) ...............................................................................8

*Lewis v. N.M. Dep't of Health*,
275 F.Supp.2d 1319 (D.N.M. 2003) ..................................................................7

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ........................................................................................13

*Lundahl v. Zimmer*,
296 F.3d 936 (10th Cir. 2002) ...........................................................................6

*Mann v. Conlin*,
22 F.3d 100 (6th Cir.), *cert. denied,* 513 U.S. 870 (1994) .................................9

*Meechaicum v. Fountain*,
696 F.2d 790 (10th Cir. 1983) .........................................................................10

*Muscogee (Creek) Nation v. Pruitt*,
669 F.3d 1159 (10th Cir. 2012) .......................................................................20

*Nielson v. Moroni Feed, Co.*,
162 F.3d 604 (10th Cir. 1998) .........................................................................17

*Nova Health Systems v. Gandy*,
416 F.3d 1149 (10th Cir. 2005) .......................................................................19

*Oklahoma Observer v. Patton*,
73 F.Supp.3d 1318 (W.D. Okla. 2014) ............................................................16

*P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
506 U.S. 139 (1993) ........................................................................................20

*Pahls v. Thomas*,
718 F.3d 120 (10th Cir. 2013) .........................................................................15

*Pembar v. City of Cincinnati*,
475 U.S. 468 (1986) ..........................................................................................9

*Peterson v. Grisham,*
594 F.3d 723 (10th Cir. 2010) ............................................................................. 5

*Prado-Steiman, ex rel., Prado v. Bush,*
221 F.3d 1266 (11th Cir. 2000) ........................................................................... 12

*Press-Enter. Co. v. Super. Ct. of Cal.,*
464 U.S. 501 (1984) ............................................................................................. 16

*Press-Enter. Co. v. Super. Ct. of Cal.,*
478 U.S. 1 (1986) ................................................................................................. 16

*Pueblo of Jemez v. United States,*
790 F.3d 1143 (10th Cir. 2015) ............................................................................. 4

*Pulliam v. Allan,*
466 U.S. 522 (1984) ............................................................................................. 20

*Richmond Newspapers, Inc. v. Virginia,*
448 U.S. 555 (1980) ............................................................................................. 16

*Robbins v. Oklahoma,*
519 F.3d 1242 (10th Cir. 2008) ........................................................................... 10

*Robertson v. Las Animas Cnty. Sheriffs Dep't.,*
500 F.3d 1185 (10th Cir. 2007) ........................................................................... 17

*Rothgery v. Gillespie Cnty. Texas,*
554 U.S. 191 (2008) ....................................................................................... 12, 17

*Schall v. Martin,*
467 U.S. 253 (1984) ............................................................................................. 11

*Scott v. Taylor,*
405 F.3d 1251 (11th Cir. 2005) ............................................................................. 8

*Shannon v. Sequeechi,*
365 F.2d 827 (10th Cir. 1966) ............................................................................. 19

*Stump v. Sparkman,*
435 U.S. 349 (1978) ............................................................................................... 6

*Sup. Ct. of Virginia v. Consumers Union of U.S., Inc.,*
446 U.S. 719 (1980) ............................................................................................... 7

*Thomas v. Kaven,*
*765 F.3d 1183* (10th Cir. 2014) ................................................................. 8

*U.S. v. Gouveia,*
476 U.S. 180 (1984) ..................................................................................... 13

*U.S. v. Salerno,*
481 U.S. 739 (1987) .................................................................................9, 11

*Utah Animal Rights Coalition v. Salt Lake City Corp.,*
371 F.3d 1248 (10th Cir. 2004) ................................................................. 18

*Utah Ass'n of Ctys. v. Bush,*
455 F.3d 1094 (10th Cir. 2006) ................................................................. 12

*Walker v. City of Calhoun, GA,*
901 F.3d 1245 (11th Cir. 2018) ................................................................. 11

*Walker v. Mohiuddin,*
2020 WL 242420 (10th Cir. 2020) ............................................................ 15

*Walker v. United Parcel Serv., Inc.,*
240 F.3d 1268 (10th Cir. 2001) ................................................................. 19

*Whitesel v. Sengenberger,*
222 F.3d 861 (10th Cir. 2000) ..................................................................... 6

*Wiggins v. New Mexico State Sup. Ct. Clerk,*
664 F.2d 812 (10th Cir. 1981) ..................................................................... 6

*Younger v. Harris,*
401 U.S. 37 (1971) ................................................................................. 20, 21

*Zemel v. Rusk,*
381 U.S. 1 (1965) ........................................................................................ 16

## STATUTES

19 O.S. § 513 ................................................................................................. 2

20 O.S. Ch. 1, Rule 1 .................................................................................... 2

20 O.S. Ch. 1, App'x 2, Rule 2 ..................................................................... 9

20 O.S. Ch. 1, Rule 8 ................................................................................................ 2

20 O.S. § 122 ............................................................................................................ 9

20 O.S. § 123 ............................................................................................................ 9

22 O.S. Ch. 18. ........................................................................................................ 12

22 O.S. Ch. 18, Rule 1.14 ...................................................................................... 13

22 O.S. § 1103.2(B) .............................................................................................. 7, 8

22 O.S. § 1355 *et seq.* ............................................................................................ 19

22 O.S. § 1355A ................................................................................................ 12, 13

22 O.S. § 1355.6 ...................................................................................................... 12

57 O.S. § 47 .............................................................................................................. 2

29 U.S.C.A. § 794 *et seq.* ........................................................................................ 3

42 U.S.C. § 1983 ................................................................ 3, 4, 9, 10, 13, 18, 20

42 U.S.C. § 12101 *et seq.* ..................................................................................... 3, 4

## RULES

Fed. R. Civ. P. 12(b)(1) ................................................................................... 1, 4, 21

Fed. R. Civ. P. 12(b)(6) ................................................................................... 1, 4, 21

Okla. Crim. App. Rule 1.14 ..................................................................................... 12

## OTHER

Okla. Const. Art. II, § 1 ............................................................................................ 7

## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

(1) MISTY WHITE,
(2) JERMAINE BRADFORD,
(3) JANARA MUSGRAVE,
(4) LANDON PROUDFIT,
(5) BRADLEY BARBER, JR., and
(6) DAKOTA KAPPUS,

    On behalf of themselves and all others
    similarly situated, and

(7) OKLAHOMA STATE CONFERENCE,
    NAACP,

        Plaintiffs,

v.

(1) HON. PAUL HESSE, in his official capacity
    as presiding District Court Judge, *et al.,*

    Defendants.

**Case No: 19-cv-1145-JD**

## DEFENDANT STATE JUDGES' MOTION TO DISMISS
## AND BRIEF IN SUPPORT

Defendants Canadian County District Judges Paul Hesse and Jack McCurdy and Canadian County Special Judges Barbara Hatfield, Charles Gass, and Khristan Strubhar (collectively "Defendant State Judges"), by and through Assistant Attorneys General Stefanie Lawson, Erin Moore and Devan Pederson, respectfully move this Court to dismiss Plaintiffs' Complaint [Doc. 1] pursuant to Fed. R. Civ. P. 12(b)(1) and (6) because Defendant State Judges are entitled to immunity and Plaintiffs have failed to state a claim.

## STATEMENT OF THE CASE

Plaintiffs are a group of individuals and one organization seeking class certification. They claim they (and others similarly situated) currently are unable to post or pay a money

bond after arrest for felony and misdemeanor charges, did not have access to counsel by or before their first court appearance and/or arraignment, and are therefore detained without counsel or proper process. Plaintiffs also allege Defendant State Judges violated the First Amendment access to courts by conducting proceedings, which are inaccessible to the public. Finally, Plaintiffs allege Defendants violated Title II of the ADA and Rehabilitation Act by failing to accommodate disabled arrestees by providing counsel.

Plaintiffs have sued the Canadian County District Judges, Canadian County Special Judges, and the Canadian County District Court/26th Judicial District. Judge Hesse is sued in his official capacity as Presiding District Judge, an office he has not and does not occupy. 20 O.S. Ch. 1, Rule 1, 8 (statutes/rules setting forth duties and authority of presiding judge/chief judge). Judge McCurdy is sued in his official capacity as a District Judge, and Judges Gass, Hatfield, and Strubhar are sued in their official capacities as Special Judges. Defendant State Judges are sued in their "official administrative capacity" for injunctive and declaratory relief, or in the alternative, in their judicial capacities for declaratory relief only.

Of the 151 numbered paragraphs in the Complaint, only 13 paragraphs are specific to the named judges or a particular judicial office. All other paragraphs reference "Defendants" generally or persons and entities that are not parties to this suit. *See e.g.* paragraphs specific to the jail, jail officers, or jail operations (¶¶ 26-28, 31, 33, 35, 38, 46, 50, 53, 60, 65, 87, 89, 95). *See* 19 O.S. § 513 and 57 O.S. § 47. Judge Hesse appears by name in only three paragraphs (¶¶ 20, 70, and 72). The other judges appear by name only in paragraphs, which name them as parties (¶¶ 21, 22). There is one paragraph specific to "District Judges" (¶ 103) and seven

paragraphs specific to "Special Judges" (¶¶ 73-76, 95, 99, and 141). These allegations are conclusory in nature and do not contain sufficient factual support.

Beginning in paragraph 126, Plaintiffs start their recitation of the counts (or causes of action) alleged. Plaintiffs' Complaint contains six (6) separate counts against Defendants and each count reincorporates by reference all previous allegations of the Complaint. While the headings for the first four (4) counts claim to be against only the Individual Defendants, the numbered paragraphs contain allegations against Defendants. *See* [Doc. 1 at ¶¶ 127-151]. Counts One through Four are brought pursuant to 42 U.S.C. § 1983. Count Five is brought under Title II of the ADA ("ADA") and Count Six is brought under § 504 of the Rehabilitation Act ("Rehab Act"). While the headings for Counts Five and Six imply that the Counts are brought by only two Plaintiffs, the language of the numbered paragraphs does not distinguish between the seven plaintiffs and instead uses the term "Plaintiffs" in the allegations. *Id.*

Plaintiffs' request for relief includes a request for an order from this Court enjoining the judicial defendants from maintaining a "bail setting policy" and requiring prompt bail hearings with adequate findings and procedures. [Doc. 1, p. 49, ¶ 5]. Plaintiffs also seek an injunction prohibiting judicial defendants from conducting initial appearances and arraignments in proceeding inaccessible to the public. *Id.* at ¶ 6. Finally, Plaintiffs seek an injunction to require judicial defendants to adopt a policy of nondiscrimination and provide reasonable modification for arrestees with disabilities participating in the initial appearance, arraignment and bail settings. *Id.* at ¶ 7. Plaintiff finally seek declaratory judgment that the "bail setting policy" violated Plaintiffs rights. *Id.* at ¶ 3. Plaintiffs do not appear to request any relief from Defendant 26th Judicial District.

## SUMMARY OF THE ARGUMENT

Defendant State Judges are entitled to absolute judicial and legislative immunity for these claims. Plaintiffs have failed to state any claims under either § 1983, Title II of the ADA, or the Rehabilitation Act. Finally, the Court should decline to exercise its jurisdiction and/or dismiss Plaintiffs' requests for declaratory relief.

## STANDARDS OF REVIEW

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148, n. 4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Id.* In reviewing a facial attack, a district court must accept the allegations in the complaint as true. *Id.* In a factual attack, the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id.* When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *Id.* Instead, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for failure to state claims upon which relief may be granted. Motions to dismiss are properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and those factual allegations "must be enough to

raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555 and 570 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. A court is not required to accept as true allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Finally, "dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Broker's Choice of Am. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017) (citing *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010)).

## PROPOSITION I:   DEFENDANT STATE JUDGES ARE IMMUNE FROM SUIT FOR THESE CLAIMS

Plaintiffs filed this action against the Defendant State Judges seeking injunctive and declaratory relief because they allege the judges improperly set bail amounts, and fail to appoint counsel to criminal defendants that are unable to pay their bond amounts, in violation of their constitutional rights. However, bail determinations and counsel appointments occur while Defendant State Judges preside over cases wherein they have complete jurisdiction such that these decisions are judicial acts. Plaintiffs assert that their claims are limited to "official administrative capacity" for injunctive and declaratory relief or declaratory relief for judicial capacity claims. The actions Plaintiffs complain of (and the relief they seek) encompass both judicial and legislative acts depending upon the defendant at issue.

### A.  Judicial Immunity

Courts consider various factors to determine whether an act by a judge is judicial. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) ("[F]actors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.") Plaintiffs attempt to avoid immunity for judicial acts by framing them as "administrative".

For judicial immunity to apply, acts are simply required to be "judicial acts." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "[A] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (internal quotation marks omitted). The United States Supreme Court has held that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980), *See also*, *Wiggins v. New Mexico State Sup. Ct. Clerk,* 664 F.2d 812, 814-15 (10th Cir.1981)*; Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). In fact, the Federal Court Improvement Act of 1996 ("FCIA") amending § 1983 extended judicial immunity to injunctive relief and forbids injunctive relief against a judicial officer unless a declaratory decree has been violated or declaratory relief is otherwise unavailable. *See* 42 U.S.C. § 1983.

Plaintiffs seek to enjoin Defendant State Judges from making certain decisions in their judicial capacities while presiding over dockets that they have authority to hear. Defendant State Judges are all duly appointed judges of the State of Oklahoma and were acting pursuant

to their inherent authority as a judicial officer pursuant to Article 7, Section I of the Oklahoma Constitution. There have been no allegations that when the Plaintiffs were arrested, or appeared before the Defendant State Judges following arrest, that jurisdiction was lacking or that any rulings were made outside the scope of judicial authority. Therefore, to the extent that Plaintiffs are seeking an order directing judicial acts such as appointing counsel or setting any particular bond condition, Defendant State Judges are entitled to absolute judicial immunity and the claims against them seeking injunctive relief should be dismissed.

### B. Legislative Immunity

"Absolute legislative immunity attaches to all actions taken in the sphere of legitimate legislative activity." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). Where judges act in a rule-making capacity rather than an adjudicative capacity, the United States Supreme Court has indicated that the applicable immunity is legislative rather than judicial. *Sup. Ct. of Virginia,. Consumers Union*, 446 U.S. 719, 731 (1980) (A state "[c]ourt and its members are immune from suit when acting in their legislative capacity," such as by promulgating "rules of general application [that] are statutory in character), *Lewis v. N.M. Dep't of Health*, 275 F.Supp.2d 1319, 1325 (D.N.M. 2003) ("[O]fficials outside the legislative branch," including judges, "are entitled to immunity when they perform legislative functions.") (citations omitted). Plaintiffs do not allege that the bond schedule at issue was published outside the authority of the court or that it is not generally applicable, and in fact, that is not the case. *See* 22 O.S. § 1105.2(B). Therefore Judge Hesse "act[ed] in [his] legislative capacity" when he published the bond schedule

(attached as Exhibit 1[1]) pursuant to statute and is immune from suit such that the administrative capacity claims should be dismissed. *See Collins v. Daniels*, 916 F.3d 1302, 1317-19 (10th Cir. 2019); *Scott v. Taylor*, 405 F.3d 1251, 1253-57 (11th Cir. 2005) ("the legislator defendants in the instant official capacity suit for prospective relief are entitled to absolute immunity."); *accord Larsen v. Senate of Pennsylvania*, 152 F.3d 240, 252-54 (3d Cir. 1998) (following *Consumers Union* and holding that state senators sued for declaratory and injunctive relief in their official capacities were protected by legislative immunity).

Both Defendants Hesse and McCurdy are entitled to legislative immunity for claims stemming from their rule-making duties. The Legislature and the Oklahoma Supreme Court have delegated the authority to create and publish a bail schedule to the presiding (or chief) judge. *See* 22 O.S. §1105.2(B). Plaintiffs' claims that are predicated on Defendant Hesse's creation or promulgation of the bail schedule (¶ 70, 72) must therefore fail. Further, to the extent Plaintiffs' claims are based on the district court judges supervisory authority over the special judges to implement the bail schedule, those claims are also barred. *See Hyland v. Davis*, 149 F.3d 1183, 1998 WL 384556, *2 (6th Cir. 1998) (unpublished table decision) ("Providing direction on the enforcement of a court rule, although somewhat administrative in nature, is

---

[1] "Notwithstanding these general principles, if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *Robbie Burke v. Daniel Holdman. M.D.*, 2018 WL 4360888, at *4 (10th Cir. Sept. 13, 2018) (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)); *see also Thomas v. Kaven*, 765 F.3d 1183, 1197 (10th Cir. 2014) ("A district court may consider documents (1) referenced in a complaint that are (2) central to a plaintiff's claims, and (3) indisputably authentic when resolving a motion to dismiss without converting the motion to one for summary judgment.").

still a judicial act for which the judge is immune because the parties' rights and liabilities are thereby affected.") (citing *Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir.), *cert. denied*, 513 U.S. 870 (1994)).

As for the Special Judges, they do not have any authority to create, publish, or change the bail schedule, and therefore no alleged administrative claim can exist against them and should be dismissed. *See* 20 O.S. § 122 and 123; 20 O.S. Ch. 1, App'x 2, Rule 2. In the Complaint at ¶ 22, Plaintiffs allege that "[t]he Special District Judges are sued for injunctive and declaratory relief in their official administrative capacities for having implemented the Bail Setting Policy described herein." Implementation by the Special Judges requires the Special Judges to take judicial acts such that the Special Judges despite Plaintiffs' allegations do not have an administrative capacity. Plaintiffs' claims for injunctive relief must fail.

## PROPOSITION II: PLAINTIFFS HAVE FAILED TO STATE A CLAIM

A plaintiff must identify the officials responsible for the particular conduct alleged to have violated her rights. *Pembaur v. City of Cincinnati* 475 U.S. 468, 483 (1986). Plaintiffs' Complaint includes numerous general allegations that the way Defendant State Judges as a group set bail and appoint counsel has caused their injuries. With a few exceptions, the Complaint is devoid of any specific allegations against each defendant. Plaintiffs have failed to explain how each defendant allegedly committed separate § 1983 violations. Rather, Plaintiffs make conclusory allegations against Defendants as a whole, with no effort to distinguish them. Even when the opportunity for alleging specific acts, such as which judge conducted which initial appearance or arraignment, Plaintiffs simply allege "judge" or use a pronoun to assert their claims. These generic allegations are insufficient to state claims under § 1983. *Robbins v.*

*Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008) (In § 1983 cases, "it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.").

### A. Due Process

The United States Supreme Court has established the accused is not entitled to bail as a constitutional right. *See U.S. v. Salerno,* 481 U.S. 739, 754, 107 S.Ct. 2095 (1987) (citing the original source for the Eighth Amendment in English Bill of Rights, the majority finds the very language of the Amendment "fails to say all arrests *must* be bailable" (emphasis added)). The Oklahoma Court of Criminal Appeals has noted that "[b]ail is not to be deemed excessive simply because the particular person charged cannot give the bail required." *Ex parte McClellan*, 97 P. 1019, 1020 (Okla. Crim. 1908). The Tenth Circuit, however, has clearly stated, in the context of the right to bail for criminal offenses bailable under state law, "the right of an accused to freedom pending trial is inherent in the concept of a liberty interest protected by the due process clause of the Fourteenth Amendment." *Meechaicum v. Fountain*, 696 F.2d 790, 791-92 (10th Cir. 1983). The Due Process Clause of the Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property, without due process of law...." The Due Process Clause protects individuals against two types of governmental action: (1) "substantive due process" prevents the government from engaging in action that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty," and (2) "procedural" due process ensures that government action is implemented in a fair manner. *See*

*United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotations omitted) (discussing Fifth

Amendment Due Process Clause).

Based on the Supreme Court's evaluation of pretrial detention schemes in *U.S. v. Salerno*, 481 U.S. 739 (1987) and *Schall v. Martin*, 467 U.S. 253 (1984), the Tenth Circuit applies the substantive due process test from *Bell v. Wolfish*, 441 U.S. 520 (1920) to determine whether conditions or restriction of pretrial detention amount to punishment of the detainee. The Tenth Circuit quoted *Bell v. Wolfish*:

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee....
> ....
> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.... Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal— if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.

*Gaylor v. Does*, 105 F.3d 572, 576 (10th Cir. 1997) (quoting *Bell*, 441 U.S. at 535, 537, 538–39).

Plaintiffs have not alleged they were denied bail, but that the bail set according to the bail schedule was unaffordable and that the bail set after the hearing before a judge was also unaffordable. Plaintiffs appear to challenge the existence of the bail schedule; however, a bail schedule promotes a legitimate governmental interest in processing arrestees in an efficient manner and in and of itself does not violate substantive due process. *See Walker v. City of Calhoun, GA*, 901 F.3d 1245 (11th Cir. 2018). Therefore, Plaintiffs challenge to the existence of the bail schedule for setting a bail amount upon arrest fails.

### B.  Sixth Amendment

The right to counsel commences "by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Rothgery v Gillespie Cnty. Texas*, 554 U.S. 191, 198 (2008). Once the right to counsel has attached, if it is determined by the court that a defendant is unable to afford to hire an attorney, then the defendant is entitled to have an attorney appointed by the court. *Gideon v. Wainwright*, 372 U.S. 335, 344-45 (1963); Rule 1.14 Oklahoma Court of Criminal Appeals, 22 O.S. Ch. 18; 22 O.S. §§ 1355A, 1355.6. Plaintiffs have asserted a Sixth Amendment failure to provide counsel claim against the Defendant State Judges. Plaintiffs have not, however, alleged enough facts to show they have standing to bring such claims.

To establish Article III standing, a plaintiff must demonstrate "(1) that he or she has 'suffered an injury in fact;' (2) that the injury is 'fairly traceable to the challenged action of the defendant;' and, (3) that it is 'likely' that 'the injury will be redressed by a favorable decision.'" *Awad v. Ziriax,* 670 F.3d 1111, 1120 (10th Cir. 2012) (quoting *Ariz. Christian Sch. Tuition Org. v. Winn,* 563 U.S. 125, 131 S.Ct. 1436, 1442 (2011)). These three (3) requirements are often referred to as "injury in fact, causation, and redressability." *Habecker v. Town of Estes Park, Colo.,* 518 F.3d 1217, 1224 (10th Cir. 2008). "[S]tanding is determined as of the time of the filing of the complaint." *Utah Ass'n of Ctys. v. Bush*, 455 F.3d 1094, 1101 (10th Cir. 2006). It is well settled that the district court must determine that at least one named class representative has Article III standing to raise each class subclaim. *See Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1214 (10th Cir. 2014) (*citing Prado-Steiman, ex rel., Prado v. Bush*, 221 F.3d 1266, 1279-80 (11th Cir. 2000)). Any plaintiff who has not yet suffered any kind of

constitutional violation nor had the opportunity to raise their constitutional claims in state court, would not yet have standing because they had not suffered any kind of damages.

About one third of the paragraphs in Plaintiffs' Complaint are specific to the individual plaintiffs. [Doc. 1, ¶¶ 13-18, 24-68]. The vast majority of the remaining paragraphs in the Complaint consist of generalized and conclusory allegations about the procedures and practices for setting bail and how initial appearances are typically conducted. Nowhere does any Plaintiff allege that he or she was ever found indigent or that they completed the statutory process for requesting OIDS counsel. *See* 22 O.S. § 1355A (setting requirements for application for court appointed attorney, including fees). *See also* 22 O.S. Ch. 18, Rule 1.14 (Court of Criminal Appeals Rules for determining indigency). These minimal allegations, that Plaintiffs "would have liked counsel" and submitted incomplete applications, do not rise to a cognizable claim under § 1983. *See* [Doc. 1, ¶¶ 30, 34, 41, 42, 47, 48, 57, 63, 67, and 68]. Plaintiffs must allege more than potential injury to a cognizable interest, injury in fact requires Plaintiffs themselves to be among the injured. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992). An additional lack of injury issue is that Plaintiffs challenge the issuance of warrants that include a bail determination, but none of the Plaintiffs alleged they were arrested pursuant to a warrant. Therefore, Plaintiffs lack standing to challenge the warrant process.

No Plaintiff alleges that they, individually, have been found indigent. No Plaintiff alleges that they, individually, have been denied counsel following a finding of inability to pay. While indigence could be inferred by Plaintiffs' allegation that they could not afford bond, the ability to pay is a fluid status. The Sixth Amendment's right to counsel does not attach at arrest. *U.S. v. Gouveia*, 467 U.S. 180, 190 (1984). Therefore, a conclusory claim of poverty at the time

of arrest does not trigger the entitlement to counsel. Plaintiffs have not alleged enough to show an injury in fact and lack the standing to bring their claims and their Sixth Amendment claim should be dismissed.

### C. First Amendment

As noted above, standing is an essential and unchanging part of the case-or-controversy requirement of Article III. *Collins v. Daniels*, 916 F.3d 1302, 1312 (10th Cir. 2019). To satisfy Article III's standing requirement, a plaintiff must show that: (1) it has suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; and (2) the injury is fairly traceable to the challenged action of the defendant. *Collins*, 916 F.3d at 1312. The NAACP has not sufficiently pled standing because it has established neither that it suffered an injury in fact, nor that it suffered an injury fairly traceable to a particular defendant's actions.

In Count Four of the Complaint (¶¶ 140-142), the NAACP alleges that "The Defendants' failure to conduct [bail determinations] in open court denies the public access to a pretrial proceeding, in violation of the First Amendment to the United States Constitution." [Doc. 1, at ¶ 142]. As factual support for this claim, NAACP alleges that it "attempted to attend an arraignment at the Canadian County District Court on [Monday] December 9, 2019 . . ." [Doc. 1 at ¶ 19], but it was "told arraignments are only held on Tuesdays and Thursdays, and that [it] could not observe them because they are held in judicial chambers." [Doc. 1 at ¶ 101]. By alleging that it was denied access to an arraignment due to the fact that it attended court ***on a day when arraignments were not occurring***, the NAACP has not adequately

alleged an injury in fact that is concrete and particularized rather than "speculative future harm." *Collins,* 916 F.3d at 1314.

While NAACP does go on to allege that its member was told "that he could not observe [an initial appearance and arraignment] because they are held in judicial chambers," [Doc. 1 at ¶ 101], NAACP does not allege that any named defendant told the member that he or she could not observe these proceedings or that these proceedings were held only in chambers. In fact, the Complaint is silent as to whether the person who allegedly told the member these things was a court employee or a government official of any kind—as opposed to another courthouse visitor, for example. Thus, NAACP has failed to allege a concrete injury that is "fairly traceable" to the action of a named defendant rather than "speculative future harm."[2] *Collins,* 916 F.3d at 1312, 1314.

Finally, the Complaint contains no nonconclusory allegations that any particular named defendant closed their courtroom. To state a claim, a plaintiff "must identify specific actions taken by particular defendants." *Walker v. Mohiuddin,* 2020 WL 242420 (10th Cir. 2020), quoting *Pahls v. Thomas,* 718 F.3d 1210, 1228 (10th Cir. 2013). Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. *Id.* For all of these reasons, the claims of the NAACP must be dismissed.

---

[2] While the NAACP does allege in a conclusory fashion that it "was denied access [to an arraignment] by a Court clerk," [Doc. 1 at ¶ 19], this allegation is vague and appears to be based on the NAACP member's court visit on Monday, December 9, 2019—a day that arraignments do not occur. [Doc. 1 at ¶ 101] ("arraignments are only held on Tuesdays and Thursdays"). In any event, the unidentified Court clerk is not a named party defendant.

Even if it had properly alleged standing, NAACP's claim would still fail because there is no First Amendment right of access to initial appearances, arraignments, or initial bail determination hearings. The First Amendment has traditionally focused on the right to *publish* information rather than on the right to *acquire* information. *Oklahoma Observer v. Patton*, 73 F.Supp.3d 1318, 1323 (W.D. Okla. 2014), citing *Zemel v. Rusk*, 381 U.S. 1 (1965) ("The right to speak and publish does not carry with it the right to gather information."). The Supreme Court has recognized an *exception* to this general rule in the context of criminal proceedings. In *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 580, 100 S.Ct. 2814 (1980), it concluded the First Amendment implicitly includes a right of access to criminal trials. Drawing on the "unbroken, uncontradicted history" of public access to criminal trials, the Court concluded that a "presumption of openness inheres in the very nature of a criminal trial under our system of justice" and that the right of the public, including the press, to attend criminal trials is guaranteed by the First Amendment. *Id.* at 573, 580, 100 S.Ct. 2814. The Court has since extended this principle to other aspects of the criminal adjudication process. *Press–Enter. Co. v. Super. Ct. of Cal.,* 464 U.S. 501, 510–11, 104 S.Ct. 819 (1984) ("*Press–Enterprise I*") (*voir dire* examinations); *Press–Enter. Co. v. Sup. Ct. of Cal.,* 478 U.S. 1, 8–9, 106 S.Ct. 2735 (1986) ("*Press–Enterprise II*") (preliminary hearings). The common thread is that these proceedings are either part of the actual trial or, although they are not part of the trial itself, they "function[] much ***like a full-scale trial.***" *Press-Enterprise II*, 478 U.S. at 7 (emphasis added).

The Supreme Court has not, however, extended the right of access to proceedings that are not part of the criminal *adjudication* process or to proceedings that are not like a full-scale trial. *See Patton*, 73 F.Supp.3d at 1324. Initial appearances, arraignments, and initial bail

determination hearings are neither part of the trial nor part of the adjudication process. They also have an insubstantial effect on the criminal defendant's trial rights. *Cf. Rothgery v. Gillespie Cnty., Tex.*, 554 U.S. 191, 216 (2008) (Alito J. concurring) (noting that not all pretrial proceedings have a substantial effect on the criminal defendant's trial rights). Therefore, because the proceedings at issue here are substantially different from "a full-scale trial" and because they are not part of the adjudicatory process, there is no First Amendment right of access to these proceedings.

### D. ADA and Rehab Act Claims

To state a claim under either the ADA or Rehab Act, each plaintiff must allege that: (1) he or she is a qualified individual with a disability; (2) he or she was either excluded from participation in or denied the benefits of some entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016); *Nielson v. Moroni Feed Co.*, 162 F.3d 604, 608 fn. 7 (10th Cir. 1998) (elements for Title II of ADA and Rehab Act claims are the same). However, "[b]efore a public entity can be required under the ADA [or Rehab Act] to provide a disabled individual an auxiliary aid or service, a public entity must have knowledge of the individual's disability and the individual's need for an accommodation." *Robertson v. Las Animas Cnty. Sheriffs Dep't.*, 500 F.3d 1185, 1196 (10th Cir. 2007); *see also J.H. ex rel. J.P. v. Bernalillo Cnty.*, 806 F.3d 1255, 1261 (10th Cir. 2015). In this case, none of the Plaintiffs have alleged that Defendant State Judges denied them a requested accommodation. Rather, Plaintiffs make many allegations about the conduct (and knowledge) of a non-party and have not pled that a request for

accommodation to the Defendant State Judges was made and denied such that they have failed to state a claim against Defendant State Judges. Plaintiffs' ADA and Rehab Act claims against these Defendant State Judges should therefore be dismissed.

### E. Injunctive Relief

Again, to state a claim for injunctive relief under 42 U.S.C. § 1983, Plaintiffs must allege that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiffs seek to enjoin all Defendant State Judges, ([Doc. 1, pp. 49-52]); however, Plaintiffs have failed to state claims that permit injunctive relief against the Defendant State Judges as judicial and legislative immunities apply; no allegation of a violation of a declaratory decree exists; and there is no allegation that declaratory relief is unavailable.

## PROPOSITION III: THIS COURT SHOULD DENY DECLARATORY RELIEF

The Tenth Circuit has said that a declaratory judgment is not meant to proclaim liability for a past act, but to define the legal rights and obligations of the parties in anticipation of some future conduct. *See Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir.2004) *See Facio v. Jones*, 929 F.2d 541, 544 (10th Cir.1991) ("plaintiff cannot maintain a declaratory… action unless he or she can demonstrate a good chance of being likewise injured in the future"). "It is well established that what makes a declaratory judgment action 'a proper judicial resolution of a 'case or controversy' rather than an advisory opinion— is [ ] the settling of some dispute which affects the behavior of the defendant toward the plaintiff.' " *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (*quoting Hewitt v. Helms*,

482 U.S. 755, 761 (1987)) (alteration in original), superseded on other grounds as recognized in *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001). In other words, Article III's standing requirements are implicated in a declaratory action analysis. The case or controversy must be real and concrete and of such nature that the specific relief will resolve the legal relationship of the parties. *Aetna Life Ins. Co. of Hartford, Connecticut v. Haworth*, 300 U.S. 227, 240-241 (1937). A declaratory judgment must terminate the parties' controversy. *Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir. 1966). Finally, the court's judgment must redress the plaintiff's injury either directly or indirectly. *Nova Health Systems v. Gandy*, 416 F.3d 1149, 1159 (10th Cir. 2005).

Plaintiffs are seeking declaratory relief from this court against the Canadian County judges, which the named judges cannot actually afford to the plaintiffs. The process for requesting and appointing attorneys for indigent criminal defendants is statutory. *See* 22 O.S. § 1355 *et seq.*, Oklahoma Indigent Defense Act. "Redressability requires that the court be able to afford relief through the exercise of its power, not through the persuasive or even awe-inspiring effect of the opinion explaining the exercise of its power." *Gandy*, 416 F. 2d at 1159 (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 825 (1992) (Scalia, J, concurring)). Plaintiffs are seeking relief for statutory portions of the OIDS form for representation, but do not allege that State Court Judges refuse to consider incomplete forms or that a non-party refuses to accept incomplete forms such that any relief would be speculative and advisory.

## PROPOSITION IV: *YOUNGER* ABSTENTION DOCTRINE COUNSELS THAT COURT SHOULD DECLINE TO DECIDE CASE

*Federalism* and *comity* preclude this Court from issuing an injunction against the Defendant State Judges. The Eleventh Amendment ordinarily grants a State and its agencies

sovereign immunity from all suits brought in federal court by private citizens. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Three exceptions to Eleventh Amendment immunity exist: (1) a state may consent to suit in federal court; (2) Congress may abrogate a state's sovereign immunity legislatively, and (3) under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may seek prospective equitable relief against a state official for ongoing violations of federal law. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citations omitted). Presumably, Plaintiffs are relying on *Ex parte Young* and bear the burden of showing its applicability.

Again, Plaintiffs challenge generally the detention after arrest and lack of counsel through operation of the bail system in their state criminal proceedings by naming Defendant State Judges and claim the policies and practices violate their constitutional rights. However, the propriety of Plaintiffs' case involves concerns of *federalism* in that Plaintiffs' claim for injunctive relief via § 1983 is against a judge. *Federalism* counsels that "[f]ederal judges, … should not sit in constant supervision of the actions of state judicial officers." *Pulliam v. Allen*, 466 U.S. 522, 539 (1984) (*Pulliam* discusses pre-Federal Courts Improvement Act law, *supra*.).

*Federalism* and *comity* further counsel that courts should weigh countervailing abstention doctrines against *Ex parte Young* claims. The "*Younger* [abstention doctrine] governs whenever the requested relief would interfere with a state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002); *Ex parte Young*, 209 U.S. 123 (1908). A state court litigant "should not be permitted the luxury of federal litigation of issues presented by ongoing state proceedings, a luxury which . . . is quite costly in terms of the interests which

*Younger* seeks to protect." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 605-06 (1975). In extending

the *Younger* abstention doctrine even further, the Court held that:

> the more vital consideration behind the *Younger* doctrine of nonintervention lay not in
> the fact that the state criminal process was involved but rather in the notion of comity,
> that is, a proper respect for state functions, a recognition of the fact that the entire
> country is made up of a Union of separate state governments, and a continuance of the
> belief that the National Government will fare best if the States and their institutions
> are left free to perform their separate functions in their separate ways.

*Juidice v. Vail*, 430 U.S. 327, 334 (1977) (*internal quotations omitted*, citing *Huffman*, 420 U.S. at

601 and *Younger*, at 44). The Court explained that the exception to Eleventh Amendment

immunity under *Ex parte Young* was not available to the class action debtors in *Juidice* because

a "[f]ederal court cannot . . . interfere in a case where the proceedings were already pending in

a state court." *Id.* at 335.

In *Huffman v. Pursue, Ltd.,* the Supreme Court discussed the *Younger* abstention doctrine,

explaining that "the notion of 'comity,' that is, a proper respect for state functions, a

recognition of the fact that the entire country is made up of a Union of separate state

governments, and a continuance of the belief that the National Government will fare best if

the States and their institutions are left free to perform their separate functions in their separate

ways." *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 601 (1975) (*quoting Younger v. Harris*, 401 U.S. 37,

44 (1971)). Plaintiffs have not met the burden required to justify the Court stepping into the

role of state court judge and directing state court proceedings.

## CONCLUSION

Defendant State Judges respectfully request that, under Fed. R. Civ. P. 12(b)(1) and (6)

this Court dismiss Plaintiffs' claims against them and for any and all such relief as the Court

may deem appropriate.

Respectfully submitted,


 /s/ Stefanie E. Lawson
**STEFANIE E. LAWSON, OBA #22422**
**ERIN M. MOORE, OBA #20787**
**DEVAN A. PEDERSON, OBA#16576**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK   73105
Telephone:    (405) 521-3921
Facsimile:     (405) 521-4518
Email: stefanie.lawson@oag.ok.gov
           erin.moore@oag.ok.gov
           devan.pederson@oag.ok.gov
*Attorneys for Defendant State Court Judges*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

J. Blake Johnson
Tyler C. Box
Clayburn T. Curtis
Weston O. Watts
Justin R. Wills
Overman Legal Group
809 NW 36th St.
Oklahoma City, OK 73118
Email: blakejohnson@overmanlegal.com
      tylerbox@overmanlegal.com
      claycurtis@overmanlegal.com
      westonwatts@overmanlegal.com
      justinwilliams@overmanlegal.com
*Attorneys for Plaintiff*

Claudia Center
Zoe Brennan-Krohn
ACLU – Disability Rights Program
39 Drumm Street
San Francisco, CA 94111
Email: ccenter@aclu.org
      zbrennan-krohn@aclu.org
*Attorneys for Plaintiffs*

Brandon Jerel Buskey
Twyla Jeanette Carter
American Civil Liberties Union – NY
125 Broad Street, 18th Flr
New York, NY 10004
Email: bbuskey@aclu.org
       tcarter@aclu.org
*Attorneys for Plaintiffs*


Aaron Lewis
Amia Trigg
Marta Cook
Laura Beth Cohen
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Email: atrigg@cov.com
       mcook@cov.com
       lcohen@cov.com
*Attorneys for Plaintiffs*

Megan E. Lambert
Ryan D. Kiesel
Michael C. Redman
ACLU of Oklahoma Foundation
PO Box 13327
Oklahoma City, OK 73113
Email: mlambert@acluok.org
       rkiesel@acluok.org
       mredman@acluok.org
*Attorneys for Plaintiffs*

/s/Stefanie E. Lawson
**Stefanie E. Lawson**