IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

(1) MISTY WHITE,
(2) JERMAINE BRADFORD,
(3) JANARA MUSGRAVE,
(4) LANDON PROUDFIT,
(5) BRADLEY BARBER, JR., and
(6) DAKOTA KAPPUS,

   On behalf of themselves and all others similarly situated, and

(7) OKLAHOMA STATE CONFERENCE, NAACP,

      Plaintiffs,

v.

(1) HON. PAUL HESSE, in his official capacity as presiding District Court Judge,
(2) HON. JACK MCCURDY, in his official capacity as District Court Judge,
(3) HON. BARBARA HATFIELD,
(4) HON. CHARLES GASS,
(5) HON. KHRISTAN STRUBHAR, in their official capacities as Special District Judges in the Canadian County District Court, and
(6) CANADIAN COUNTY DISTRICT COURT, 26TH JUDICIAL DISTRICT,

   Defendants.

**Case No: CIV-19-1145-JD**
(Class Action)

**DEFENDANT CANADIAN COUNTY DISTRICT COURT,
26TH JUDICIAL DISTRICT'S REPLY TO RESPONSE TO
MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant Canadian County District Court, 26th Judicial District ("Defendant" or "26th Judicial District"), pursuant to Fed. R. Civ. P. 12(b) respectfully submits this Reply to Plaintiffs White and Musgrave's Opposition to Defendant's Motion to Dismiss

[Doc. 43]. Defendant requests that this Court dismiss all claims against Defendant and in support, Defendant states as follows:

## Summary

Based upon Plaintiffs' admissions in the Response, the only claims against Defendant are brought by Plaintiffs White and Musgrave for alleged violations of Title II of the ADA and the Rehabilitation Act ("Rehab Act"). *See* Response at 8-9 [Doc. 43]. Therefore, Defendant will only address propositions I and III of the Response.

**PROPOSITION I: Defendant is not an entity capable of being sued.**

Again, Rule 17(b) of the Federal Rules of Civil Procedure states that state law determines the capacity of an entity to be sued. Plaintiffs White and Musgrave have cited extensive examples of different states having "courts" capable of being sued; however, they have not cited any Oklahoma law supporting their argument that Defendant is an entity capable of being sued. *See Hines v. Oklahoma*, No. CIV-07-197-R, 2007 WL 3046458 (W.D. Okla. Oct. 17, 2007) (unpublished); *Agrawal v. Courts of Oklahoma*, No. CIV-18-396-D, 2018 WL 3354881 (W.D. Okla. July 9, 2018) (unpublished); *Ames v. Banther*, No. CIV-11-1049-C, 2012 WL 4760470 (W.D. Okla. Sept. 11, 2012) (unpublished).

The State of Oklahoma defines its entities according to its own laws. The Oklahoma Governmental Tort Claims Act ("GTCA") is the law that provides the substantive law on what State instrumentalities may be sued. *See* 51 O.S. § 152(13). While Plaintiffs attempt to argue that reliance on the GTCA is not proper because they are not seeking damages, that argument does not make the GTCA inapplicable when analyzing who are the State of

2

Oklahoma's entities capable of being sued.

Plaintiffs White and Musgrave attempt to distinguish the case of *Mason v. Twenty-Sixth Judicial District*, 670 F. Supp. 1528 (D. Kan. 1987), as it similarly found that the judicial district in Kansas was not an entity capable of being sued. However, the case clearly is applicable in that it found that state law determined whether the judicial district was capable of being sued for a federal Title VII employment discrimination claim. *Id.* at 1534-35. Further, the Kansas state law that determined whether the judicial district was capable of being sued was the Kansas Tort Claims Act. *Id.* Like the Oklahoma GTCA, the Kansas Tort Claims Act similarly defines the term state. K.S.A. 75-6102(a).

Again, Defendant is not an entity capable of being sued under the laws of the State of Oklahoma; therefore, Plaintiffs White and Musgrave have failed to state claims under Title II of the ADA and the Rehab Act.[1]

### PROPOSITION II: Plaintiffs have failed to state a claim under the ADA or Rehab Act.

Plaintiffs White and Musgrave attempt to argue that requesting an accommodation and having the request denied is not necessary to state a claim. However, that is not the law

---

[1] Plaintiffs White and Musgrave have also brought their Title II of the ADA and Rehab Act claims against five judges in their official capacities. The judges have not raised an argument that they are not capable of being sued under these two federal acts in their official capacities. Title II of the ADA and Rehab Act allow for suit to be instituted against state officials in their official capacities, which Plaintiffs White and Musgrave have done, except to the extent, Plaintiff White and Musgrave have named the wrong official capacity of one of the judges in part. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 288 (2d Cir. 2003). Title II of the ADA and Rehab Act claims at issue with this Defendant are duplicative of the claims against the individually named judges in their official capacities.

3

in the Tenth Circuit. In *Robertson v. Las Animas Cty. Sheriff's Dept.*, the Tenth Circuit was reviewing an order granting summary judgment on a § 1983 claim and an ADA claim. 500 F.3d 1185 (10th Cir. 2007). The Tenth Circuit found that there was sufficient evidence in the record to reverse summary judgment on the ADA claim such that a jury should determine whether the plaintiff was discriminated against under the ADA by the Sheriff's department. *Id.* at 1200. In reaching its decision, the Tenth Circuit, in particular, discussed the element "knowledge of the disability" and stated:

> A public entity cannot know that a modification to its services under the ADA is necessary if it does not first understand that an individual requires such modification *because* he is disabled. In the context of Title I ADA claims, we have explained that, when an individual's disability is not obvious, the individual must inform its employer of the disability before the employer can be held liable under the ADA for failing to provide a reasonable accommodation. *See, e.g.*, *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1171-72 (10th Cir. 1999) (en banc). This is a "duty dictated by common sense lest a disabled [individual] keep his disability a secret and sue later for failure to accommodate." *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1134 (7th Cir. 1996). This duty is no less applicable in the context of Title II claims. Thus, before a public entity can be required under the ADA to provide an auxiliary aid necessary to afford an individual an equal opportunity to participate in the entity's services, programs, or activities, the entity must have knowledge that the individual is disabled, either because that disability is obvious or because the individual (or someone else) has informed the entity of the disability.

*Id.* at 1196. After discussing the element of "knowledge", the Tenth Circuit next discussed the element of "knowledge of need for an accommodation" and stated:

> Once a public entity has knowledge of an individual's disability, the entity must also have knowledge that an individual requires an accommodation of some kind to participate in or receive the benefits of its services. In other words, the entity must have knowledge that an individual's disability limits her ability to participate in or receive the benefits of its services. *See Taylor*

4

> *v. Principal Financial Group, Inc.*, 93 F.3d 155, 164 (5th Cir. 1996) (noting the "ADA requires employers to reasonably accommodate limitations, not disabilities"). This knowledge may derive from an individual's request for an accommodation. In certain instances, however, this knowledge will follow from the entity's knowledge of the individual's disability and his need for, or attempt to participate in or receive the benefits of, a certain service. That is, the entity will know of the individual's need for an accommodation because it is "obvious." *See, e.g.*, *Kiman [v. N.H. Dep't of Corr.*, 451 F.3d 274, 283 (1st Cir. 2006)] (noting, in a Title II case that, "the ADA's reasonable accommodation requirement does not apply unless triggered by a request," but "sometimes the person's [disability and concomitant] need for an accommodation will be obvious; and in such cases, different rules may apply" …
> Thus, a public entity is on notice that an individual needs an accommodation when it knows that an individual requires one, either because that need is obvious or because the individual requests an accommodation.

*Id.* at 1197-98. In *Robertson*, the plaintiff was deaf and had a cochlear implant. *Id.* at 1188-89.

Plaintiffs White and Musgrave cite various cases but omit discussion of the facts in those cases or that the issue decided was one of how to view when the statute of limitations runs. The facts in those cases also create the contours of when obligations arise under Title II of the ADA and the Rehab Act. Finally, the facts of the cases cited by Plaintiffs make clear that elements of the claims are: knowledge by the party being sued of a disability (that may or may not need an accommodation) and a request for accommodation. *See Delano-Pyle v. Victoria Cty., Tex.*, 302 F.3d 567 (5th Cir. 2002) (case involving police officer administering field sobriety tests to hearing impaired individual who advised officer of hearing impairment prior to field sobriety tests being administered); *Hamer v. City of Trinidad*, 924 F.3d 1093 (10th Cir. 2019) (case addresses applicable statute of limitations

issue in non-compliant sidewalk and curb cut case filed by plaintiff confined to a motorized wheelchair); *Chisolm v McManimon*, 275 F.3d 315 (3d Cir. 2001) (found that questions of material fact existed such that summary judgment was reversed in case where extradition detainee disclosed deafness and requested ASL interpreter to both correctional facility and court); *Pierce v. Dist. of Columbia*, 128 F.Supp.3d 250 (D.D.C. 2015) (Inmate granted summary judgment under Title II of ADA and Rehab Act when prison officials failed to assess need for accommodation at initial intake into custody because prison officials were indisputably aware of deafness of inmate as the disability was obvious (in other words failed to engage in the interactive process required to ascertain what accommodations would be necessary) The district court further found that the inmate requested an ASL interpreter and that his requests were sufficient to put the prison officials on notice that he might need accommodation in multiple contexts while incarcerated.); *Updike v. Multnomah Cty.*, 870 F.3d 939 (9th Cir. 2017) (plaintiff lacked standing to bring claims for injunctive relief under Title II of ADA and Rehab Act even though he was denied ASL interpreter during booking, detainment and at first court appearance when need for ASL interpreter was not conveyed to the court prior to hearing).

One case that Plaintiffs rely on is *McCadden by McCadden v. City of Flint*, No. 18-12377, 2019 WL 1584548 (E.D. Mich. April 12, 2019). Obviously, this case is a district court order from a court not in the Tenth Circuit and has no control over this Court (unlike the Tenth Circuit cases cited that do set forth the elements of the claims and require knowledge of the disability and a request for accommodation under both Title II of the

6

ADA and the Rehab Act). However, the order is interesting in that the district court denied the motion to dismiss as to the Title II of the ADA claim but did dismiss the Rehab Act claim as there were no allegations that defendants knew of the disability so they could not have discriminated against plaintiff solely on the basis of disability.

Here, Plaintiffs White and Musgrave have made no allegations about telling a judge about a disability or a need for an accommodation or how the judge they appeared before (or the 26th Judicial District which is comprised of six judges) would be on notice that these two individual Plaintiffs were obviously disabled and needed an accommodation. Again, "to establish discrimination under Title II of the ADA on a failure to accommodate theory, a plaintiff has the burden of establishing that (1) he is a qualified individual with a disability; (2) due to the disability, he was denied benefits of local government operations, (3) there is a reasonable accommodation that could have been made by the [defendant] that would permit him to enjoy such benefits, and (4) he has sought that accommodation from the [defendant] and has been denied." *Grider v. City of Aurora*, No. 10-cv-00722-MSK-MJW, 2013 WL 3927661, *2 (D. Colo. July 30, 2013) (unpublished); *Robertson*, 500 F.3d at 1193-98; *J.H. ex rel. J.P. v. Bernalillo Cnty.*, 806 F.3d 1255, 1261-62 (10th Cir. 2015). By failing to make allegations that satisfy that this Defendant (through the judges that are in the judicial district) had knowledge about Plaintiffs' disabilities and Plaintiffs' need for accommodation, Plaintiffs have failed to state a claim upon which relief can be granted.

## **CONCLUSION**

For the above stated reasons, Defendant respectfully requests that the Court dismiss it from the suit with prejudice.

Respectfully submitted,

 s/ Stefanie E. Lawson
**STEFANIE E. LAWSON, OBA #22422**
**ERIN M. MOORE, OBA #20787**
**DEVAN A. PEDERSON, OBA # 16576**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
Telephone:   (405) 521-3921
Facsimile:    (405) 521-4518
Email: stefanie.lawson@oag.ok.gov
            erin.moore@oag.ok.gov
            devan.pederson@oag.ok.gov
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

J. Blake Johnson
Tyler C. Box
Clayburn T. Curtis
Weston O. Watts
Justin R. Williams
Overman Legal Group
809 NW 36th Street
Oklahoma City, OK 73118
(405) 365-4511
blakejohnson@overmanlegal.com
tylerbox@overmanlegal.com
claycurtis@overmanlegal.com
westonwatts@overmanlegal.com
justinwilliams@overmanlegal.com
*Attorney for Plaintiffs*

Claudia Center
Zoe Brennan-Krohn
ACLU – Disability Rights Program
39 Drumm Street
San Francisco, CA 94111
(415) 343-0762
ccenter@aclu.org
zbrennan-krohn@aclu.org
*Attorneys for Plaintiffs*

Brandon Jerel Buskey
Twyla Jeanette Carter
American Civil Liberties Union – NY
125 Broad Street, 18th Flr
New York, NY 10004
(212) 284-7364
bbuskey@aclu.org
tcarter@aclu.org
*Attorneys for Plaintiffs*

Megan E. Lambert
Ryan D. Kiesel
Michael C. Redman
ACLU of Oklahoma Foundation
PO Box 13327
Oklahoma City, OK 73113
(405) 524-8511
mlambert@acluok.org
rkiesel@acluok.org
mredman@acluok.org
*Attorneys for Plaintiffs*

Aaron Lewis
Amia Trigg
Marta Cook
Laura Beth Cohen
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
atrigg@cov.com
mcook@cov.com
lcohen@cov.com
*Attorneys for Plaintiffs*

  s/Stefanie E. Lawson
**Stefanie E. Lawson**