# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MISTY WHITE,<br>(2) JERMAINE BRADFORD,<br>(3) JANARA MUSGRAVE,<br>(4) LANDON PROUDFIT,<br>(5) BRADLEY BARBER, JR., and<br>(6) DAKOTA KAPPUS,<br><br>  On behalf of themselves and all others similarly situated, and<br><br>(7) OKLAHOMA STATE CONFERENCE, NAACP,<br><br>  Plaintiffs,<br><br>v.<br><br>(1) HON. PAUL HESSE, in his official capacity as presiding District Court Judge,<br>(2) HON. JACK MCCURDY, in his official capacity as District Court Judge,<br>(3) HON. BARBARA HATFIELD,<br>(4) HON. CHARLES GASS,<br>(5) HON. KHRISTAN STRUBHAR, in their official capacities as Special District Judges in the Canadian County District Court, and<br>(6) CANADIAN COUNTY DISTRICT COURT, 26TH JUDICIAL DISTRICT,<br><br>  Defendants. | **Case No: CIV-19-1145-JD**<br>(Class Action) |

## DEFENDANT STATE JUDGES' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendant State Judges, by and through their attorneys of record, file this Reply to Plaintiffs' Response [Doc. 42] to Defendants' Motion to Dismiss [Doc. 36].

As an initial matter, AO7-2019-04 names Judge Hesse as Chief Judge of Canadian County for 2019. Attached for court's convenience. (Exhibit 1). Judge Hesse was not, and is not, Presiding Judge and therefore any claims which are predicated on Judge Hesse acting as Presiding Judge must fail. Only one District Judge serves as chief at a time and can issue AO's. Setting bail is a judicial act, i.e., only one judge at a time sets conditions of release in any given case at an initial appearance, even if those conditions are set within the parameters of an administrative order.[1] Additionally, not every employee in the court house is necessarily an agent or employee of the judges. The Canadian County Court Clerk is an elected official and employs staff who are county employees. 19 O.S. § 221. By statute, the judges' staff are secretary-bailiffs. 20 O.S. § 125; 20 O.S. Ch. 1 Rule 2. A reference to a statement by a generic "court clerk" without more is not enough to support a claim against the judges.

*Due Process*

Plaintiffs' overly broad reading of *Salerno* to support their due process claims is misplaced. *Salerno* does not stand for the proposition that a bail decision must meet heightened scrutiny or require written findings on the record regarding ability to pay, flight risk, or danger to the community. *U.S. v. Salerno*, 481 U.S. 739 (1987). The *Salerno* Court interpreted a specific federal statute – *The Bail Reform Act*, 18 U.S.C. §3141-3150 – and its provisions and requirements. That statute sets out various procedures for criminal defendants charged with serious felonies and found, after an adversarial hearing, to pose a

---

[1] Review of the Plaintiffs' criminal dockets indicates which judge each appeared before at their initial appearances.

threat which no condition of release could overcome. *Salerno*, 481 U.S. at 751. *Salerno* is not a framework for determining the minimum due process required under the Fourteenth Amendment in any bail setting. In fact, the Tenth Circuit has noted that the Court in *Salerno* "refused to 'categorically state that pretrial detention offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental'". *Dawson v. Bd. of Cnty. Comm'rs of Jefferson Cnty. Colo.*, 732 Fed. Appx. 624, 631 (10th Cir. 2018) (unpublished) (quoting *Salnero*, 481 U.S. at 751) (internal quotations omitted). In other words, *Salerno* does not stand for the proposition that pretrial liberty in all circumstances is a fundamental right of which restrictions require some heightened review.

Plaintiffs do not allege they were denied bail, but that the bail setting procedures are insufficient to protect due process, and seek to rely on *Salerno* and cases outside this circuit to support the breadth of the alleged deficiencies. Each Plaintiff appeared before a judge at an initial appearance in which their conditions of release were set within the discretion of the judge. The cases which Plaintiffs rely on for the proposition that Defendant State Judges' bail decisions have been found unconstitutional in similar cases were not actually decisions on the merits, but rather a Fifth Circuit case on review of a preliminary injunction (*O'Donnell v. Harris*, 892 F.3d 147 (5th Cir. 2018)), a district court case in the Fifth Circuit denying a Motion to Dismiss based on *O'Donnell* (*Little v. Frederick*, No. 17-00724, 2018 WL 1221119 (W.D. La. Mar. 8, 2018)), and a district court order from Tennessee on a preliminary injunction (*Rodriguez v. Providence Cmty. Corrs., Inc.*, 155 F. Supp. 3d 758 (M.D. Tenn. 2015)). Plaintiffs have not stated a claim, under the Fourteenth Amendment,

based on their overly broad reading of the constitutional protections which are actually required, and their claims should be dismissed.

*Sixth Amendment*

Plaintiffs conflate, confuse, and/or use interchangeably, initial appearance and arraignment. At the initial appearance, an arrestee is informed of the charges of arrest (as formal charges may or may not have been filed at this point), no plea is taken, and there is typically no participation by the district attorney's office. Arraignments occur after formal charges have been entered, and a plea is generally taken at the time of this hearing. The Sixth Amendment attaches at the initiation of adversarial proceedings. *Rothgery v. Gillespie County, Tex.*, 544 U.S. 191, 212 (2008) ((("the right to counsel guaranteed by the Sixth Amendment applies at the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty". *See also, Estelle v. Smith,* 451 U.S. 454, 469 (1981)) "[T]he right to counsel granted by the Sixth Amendment means that a person is entitled to the help of a lawyer at or after the time that adversary judicial proceedings have been initiated against him."); *Moran v. Burbine*, 475 U.S. 412, 431, 106 S. Ct. 1135, 1146 ("The clear implication of [Supreme Court] holding[s] . . . is that the Sixth Amendment right to counsel does not attach until after the initiation of formal charges."); *United States v. Gouveia*, 467 U.S. 180, 188, 104 S. Ct. 2292, 2297 (1984) ("The view that the right to counsel does not attach until the initiation of adversary judicial proceedings has been confirmed by this Court in [numerous] cases."). Once the right to assistance of counsel has attached, the State is required to provide assistance of counsel at any "critical stage" of the criminal proceeding,

4

and must appoint counsel "within a reasonable time after attachment" to allow for adequate representation at any critical stage. *Rothgery*, 544 U.S. at 212. "Pretrial proceedings are 'critical' if the presence of counsel is essential to protect the fairness of the trial itself." *U.S. v. Ash*, 413 U.S. 300, 323 (1973). The Supreme Court also counseled in *Rothgery* that "counsel must be appointed within a reasonable time *after* attachment…" *Rothgery*, 544 U.S. at 212 (emphasis added).

Canadian County is an Oklahoma Indigent Defense System ("OIDS") County and is therefore subject to the Indigent Defense Act. 22 O.S. §§ 1355, *et seq.*; 19 O.S. § 138.1a. Plaintiffs' right to counsel attached at arraignment. Appointment of counsel was then required within a reasonable time after attachment. *See e.g. Cooper v. Jones*, No. CIV-10-75-R, 2010 WL 3960592 (W.D. Okla. Oct. 8, 2010) (Petitioner's right to counsel attached at arraignment on April 23, 2004, which entitled him to representation at critical stages of post attachment proceedings. The court found that petitioner was not entitled to counsel at arraignment itself when he applied for court-appointed counsel through the Oklahoma Indigent Defense System. The OIDS application was approved on April 29, 2004, which was found to be a reasonable time frame after attachment.) The Indigent Defense Act requires certain administrative steps, including submission of an application prior to appointment of counsel. Plaintiffs do not allege that the appointment of counsel following arraignment was unreasonably delayed, but that the right to counsel attached at the initial appearance, before initiation of formal proceedings, and that the initial appearances in which conditions of release are determined are therefore unconstitutional without

representation by counsel. This is not the standard on which to base a Sixth Amendment right to counsel claim. Plaintiffs' claims should be dismissed.

*First Amendment*

There is a First Amendment right of access to court proceedings only if "such access has historically been available." *U.S. v. El-Sayegh*, 131 F.3d 158, 160 (D.C. Cir. 1997). In their response, Plaintiffs concede that there is "a lack of an historic tradition of open bail hearings." Pls.' Br. at 24. Thus, Plaintiff's First Amendment claim fails on the first prong—the "experience" prong—of *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) (*Press-Enterprise II*); *see also, U.S. v. Gonzales*, 150 F.3d 1246, 1258 (10th Cir. 1998) (noting that the *Press-Enterprise II* analysis has been interpreted by some courts to require *both* the experience and logic prong).

In *Gonzales*, the Tenth Circuit found that there was no right of access to documents submitted to the court as backup detail for Criminal Justice Act vouchers by court-appointed criminal defense attorneys. The Court first concluded that the access claim failed the "experience test" because there was "no history, experience or tradition of access" to such documents. *Id.* at 1258. The court noted that "this conclusion could end our analysis on the ground, adopted by some courts, that the *Press-Enterprise II* analysis requires both the experience and logic prongs to be satisfied." *Id.* The court proceeded to analyze the logic prong, however, only because "the [CJA] procedure here is relatively new." *Id*. In contrast, informal bail proceedings and the other initial informal proceedings at issue in the instant case are not new. In fact, bail proceedings have a history of being held "at home or in chambers" or "during telephonic communications with the jail." *U.S. v. Chagra*, 701

6

F.2d 354, 363-364 (5th Cir. 1983). Although *Chagra* did hold that formal bond reduction hearings should be open to the public, the court was very careful to note that "nothing in this opinion should be construed as forbidding the more informal bail procedures discussed above." *Id*. at 364.

None of the cases cited by Plaintiffs to support their First Amendment access claim involve the type of in-chambers informal proceedings challenged in this action. First, *In re Globe Newspaper Co.*, 729 F.2d 47 (1st Cir. 1984), involved a formal contested bail hearing which was primarily conducted in open court except for portions of the hearing that were closed by the magistrate due to privacy and fair trial concerns. It did not deal with the type of informal in-chambers proceeding at issue in the case at bar. In fact, the court was very careful to note that "the bail proceedings at issue in the present case were not informal *in camera* bail determinations, but rather were hearings initiated in open court to which the public would ordinarily have been admitted." *Id.* at 52. Second, the case of *U.S. v. Alcantara*, 396 F.3d 189 (2d Cir. 2005), involved sentencing proceedings, not bail proceedings or any of the other types of proceedings at issue in the case at bar. Third, the case of *U.S. v. Thompson*, 713 F.3d 388 (8th Cir. 2013), dealt with the issue of whether the *Sixth Amendment* right to a public trial extends to *sentencing proceedings*. It had nothing to do with a First Amendment access claim to the type of proceedings at issue in the case at bar. Fourth, the case of *Seattle Times Co. v. U.S. Dist. Ct.*, 845 F.2d 1513 (9th Cir. 1988), dealt only with whether sealed briefs filed in a formal detention hearing occurring in open court must be unsealed. The case did not involve the type of informal proceedings for which access is sought in the case at bar. Finally, the case of *In re Washington Post Co.*, 807 F.2d

7

383 (4th Cir. 1986), dealt with plea and sentencing hearings not at issue here. For these reasons, Plaintiffs First Amendment access claim should be dismissed for failure to state a claim.

*ADA/Sec. 504*

Defendant State Judges incorporate by reference the arguments and authority in Proposition II of the Judicial District's Reply in Support of its Motion to Dismiss.

## CONCLUSION

Defendants pray that this Court enter an order dismissing the Complaint and for any and all other such relief the Court deems just and proper.

Respectfully submitted,

s/ Stefanie E. Lawson
**STEFANIE E. LAWSON, OBA #22422**
**ERIN M. MOORE, OBA #20787**
**DEVAN A. PEDERSON, OBA # 16576**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
Telephone:   (405) 521-3921
Facsimile:    (405) 521-4518
Email: stefanie.lawson@oag.ok.gov
          erin.moore@oag.ok.gov
          devan.pederson@oag.ok.gov
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 19th day of February, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

J. Blake Johnson
Tyler C. Box
Clayburn T. Curtis
Weston O. Watts
Justin R. Williams
Overman Legal Group
809 NW 36th Street
Oklahoma City, OK 73118
(405) 365-4511
blakejohnson@overmanlegal.com
tylerbox@overmanlegal.com
claycurtis@overmanlegal.com
westonwatts@overmanlegal.com
justinwilliams@overmanlegal.com
*Attorney for Plaintiffs*

Claudia Center
Zoe Brennan-Krohn
ACLU – Disability Rights Program
39 Drumm Street
San Francisco, CA 94111
(415) 343-0762
ccenter@aclu.org
zbrennan-krohn@aclu.org
*Attorneys for Plaintiffs*

Brandon Jerel Buskey
Twyla Jeanette Carter
American Civil Liberties Union – NY
125 Broad Street, 18th Flr
New York, NY 10004
(212) 284-7364
bbuskey@aclu.org
tcarter@aclu.org
*Attorneys for Plaintiffs*

Megan E. Lambert
Ryan D. Kiesel
Michael C. Redman
ACLU of Oklahoma Foundation
PO Box 13327
Oklahoma City, OK 73113
(405) 524-8511
mlambert@acluok.org
rkiesel@acluok.org
mredman@acluok.org
*Attorneys for Plaintiffs*

Aaron Lewis
Amia Trigg
Marta Cook
Laura Beth Cohen
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
atrigg@cov.com
mcook@cov.com
lcohen@cov.com
*Attorneys for Plaintiffs*

        /s/Stefanie E. Lawson
        **Stefanie E. Lawson**