1              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF OKLAHOMA
2

MISTY WHITE, JERMAINE BRADFORD, JANARA )
3   MUSGRAVE, LANDON PROUDFIT, BRADLEY      )
   BARBER, JR., and DAKOTA KAPPUS, on      )
4   behalf of themselves and all others    )
   similarly situated; and OKLAHOMA        )
5   STATE CONFERENCE, NAACP,               )
                                           )
6                    Plaintiffs,           )
                                           )
7       vs.                                ) Case No. 19-CV-1145-JD
                                           )
8   HON. PAUL HESSE, in his official       )
   capacity as presiding District Court    )
9   Judge; HON. JACK MCCURDY, in his       )
   official capacity as District Court     )
10  Judge; HON. BARBARA HATFIELD, HON.     )
   CHARLES GASS, HON. KHRISTAN STRUBHAR,    )
11  in their official capacities as        )
   Special District Judges in the          )
12  Canadian County District Court; and    )
   CANADIAN COUNTY DISTRICT COURT, 26TH     )
13  JUDICIAL DISTRICT,                     )
                                           )
14                   Defendants.           )

15

16

17

           TRANSCRIPT OF TELEPHONIC MOTIONS TO DISMISS
18
                SEPTEMBER 24, 2021, at 1:00 P.M.
19
     BEFORE THE HONORABLE JODI W. DISHMAN, JUDGE PRESIDING
20

21

22

23

24

                  Recorded by mechanical stenography
25        Transcript produced by computer-aided transcription


        Cassy Kerr, CSR, CCR, RPR, CRC, CRR, U.S. Court Reporter
        200 Northwest Fourth Street, Oklahoma City, Oklahoma 73102
           405-609-5096  *  Cassandra_Kerr@okwd.uscourts.gov

```
 1                    A P P E A R A N C E S

 2   (ALL VIA SPEAKERPHONE:)

 3   FOR THE PLAINTIFFS:

 4        Ms. Trisha Trigilio
          trishat@aclu.org
 5        American Civil Liberties Union Foundation
          125 Broad Street
 6        New York, New York 10004
          347-302-2797
 7
          Ms. Zoe Brennan-Krohn
 8        zbrennan-krohn@aclu.org
          American Civil Liberties Union Foundation
 9        39 Drumm Street
          San Francisco, California 94111
10        415-343-0769

11        Mr. Brandon Jerel Buskey
          bbuskey@aclu.org
12        American Civil Liberties Union
          125 Broad Street
13        18th Floor
          New York, New York 10004
14        212-284-7364

15        Ms. Marta P. Cook
          mcook@cov.com
16        Covington & Burling
          850 10th Street, Northwest
17        Washington, D.C. 20001-4956
          202-662-6000
18
          Mr. J. Blake Johnson
19        blakejohnson@overmanlegal.com
          Crowe & Dunlevy
20        324 North Robinson Avenue
          Suite 100
21        Oklahoma City, Oklahoma 73102
          405-235-7700
22

23

24

25   (Appearances continued)
```

White, et al. v. Hesse, et al.                                  3
19-CV-1145-JD  *  September 24, 2021

1                        A P P E A R A N C E S

2    (ALL VIA SPEAKERPHONE:)

3    FOR THE PLAINTIFFS:

4          Ms. Megan E. Lambert
           mlambert@acluok.org
5          ACLU of Oklahoma Foundation
           P. O. Box 13327
6          Oklahoma City, Oklahoma 73113
           405-525-3831
7

8
     FOR THE DEFENDANTS:
9
           Ms. Erin M. Moore
10         erin.moore@oag.ok.gov
           Ms. Stefanie Lawson
11         stefanie.lawson@oag.ok.gov
           Mr. Devan Pederson
12         devan.pederson@oag.ok.gov
           Office of Attorney General
13         State of Oklahoma
           313 Northeast 21st Street
14         Oklahoma City, Oklahoma 73105
           405-521-3921
15

16

17

18

19

20

21

22

23

24

25

White, et al. v. Hesse, et al.                                    4
19-CV-1145-JD  *  September 24, 2021

1      (Call to Order of the Court.)

2           THE COURT:  Good afternoon.  We are here for a

3    telephonic conference in *White v. Hesse*, Case No. 19-CV-1145.

4      Because this is a telephonic conference, we need to try

5    for only one attorney speaking per side so that we have a clear

6    record.

7      I am on the line along with my courtroom deputy, Nyssa

8    Vasquez; and my law clerk, Samuel Merchant; and our court

9    reporter, Cassy Kerr.

10     To have a clear record, anyone speaking should identify

11   themselves before speaking unless I have called on you by name.

12          Given the number of attorneys in this case, I understand

13   that Plaintiffs' counsel will have a primary speaker for this

14   call.  Will that attorney please announce an appearance and let

15   me know who else is on the line on behalf of the plaintiffs and

16   whether you anticipate anyone else speaking today?

17          MS. TRIGILIO:  Good afternoon, Your Honor.  This is

18   Trisha Trigilio for the plaintiffs.  I'll be speaking this

19   afternoon.  Also appearing by phone for the plaintiffs are Zoe

20   Brennan-Krohn, Brandon Buskey, Marta Cook, Blake Johnson, and

21   Megan Lambert; and I don't anticipate my cocounsel speaking

22   this afternoon.

23          THE COURT:  Thank you, and welcome.

24     Can the counsel for the defendants identify who will be

25   speaking and also identify anyone else on the line?

White, et al. v. Hesse, et al.                                    5
19-CV-1145-JD  *  September 24, 2021

1          MS. MOORE:  Good afternoon, Your Honor.  This is Erin

2   Moore, and I will be the primary speaker, and I do not

3   anticipate anyone else speaking today.  Also on the line with

4   me today are Stefanie Lawson and Devan Pederson.

5          THE COURT:  And good afternoon to you all as well.

6      As set forth in the enter order setting this conference at

7   Docket Number 52, we are here today for a discussion on the

8   complaint, which is filed as a punitive class-action complaint

9   at Docket Number 1; Plaintiffs' motion for class certification

10  at Docket Number 5; Defendant Canadian County District Court,

11  26th Judicial District's motion to dismiss at Docket Number 35;

12  and Defendant state judges' motion to dismiss at Docket

13  Number 36.

14      I thought a conference was the most efficient way to deal

15  with the pending issues in this case.  I will try to keep this

16  short, and I do not need argument today given how I expect us

17  to work to advance this case in compliance with the Court's and

18  the parties' obligations under Federal Rule of Civil Procedure

19  1.

20      Following this conference, a minute sheet will be issued

21  onto the docket -- and potentially a short order.

22      As I stated in my order setting this hearing, the goal

23  today is to narrow down or resolve as many things as possible

24  in this case without unnecessary motion practice.

25      We are on the original complaint, and I do think that the

White, et al. v. Hesse, et al.                                    6
19-CV-1145-JD   *   September 24, 2021

1    complaint can be amended to cure some of the raised defects.

2           Additionally, Plaintiffs have indicated, in at least some

3    of their briefing, that, if I deem the complaint insufficiently

4    clear as to any matters raised in the motions to dismiss, that

5    they have requested an opportunity to amend.

6           However, before we get into that, I want to give you-all

7    some background on status of things up here at the courthouse,

8    which will hopefully explain in part my desire to get you-all

9    before me this afternoon to move this case forward and

10   hopefully explain some of the delay on my end in reaching your

11   initial pleadings dispute.

12          As you-all are no doubt aware and as a recent general

13   order in the Eastern District of Oklahoma describes, the

14   Eastern District of Oklahoma is receiving and is going to

15   continue to receive waves of new cases as a result of the

16   *McGirt* decision.  The Eastern District of Oklahoma usually has

17   around 97 criminal cases per year, and it expects to have

18   upwards of 2,500 by the year 2023 as a result of *McGirt*.

19          You may be asking, "Why does that impact our case in the

20   Western District?"

21          Well, that is because the Western District of Oklahoma is

22   assisting in taking hundreds of those cases in addition to our

23   Western District of Oklahoma dockets.  As a result, I'm going

24   to need competent counsel in all of my cases, such as those

25   before me this afternoon, to resolve as much as you can by

White, et al. v. Hesse, et al.                                    7
19-CV-1145-JD   *   September 24, 2021

1   working professionally and -- by working professionally

2   together and only bring very narrow and legitimate disputes

3   before me.

4       As you also know, criminal cases get priority over civil

5   cases, and, given the increase in my criminal docket and

6   transferred cases with motions and the ongoing pandemic, it has

7   taken me some time to turn to this case; but, now that I have,

8   my goal, consistent with Rule 1, is to get you-all moving so

9   that we can advance this case.

10      I'll go ahead and give you-all my tentative conclusion of

11  this hearing now, which I indicated in my order setting this

12  for hearing.  I intend to discuss possible deficiencies in the

13  complaint and then give Plaintiffs an opportunity to amend the

14  complaint after conferring with the Defendants and addressing

15  my comments and concerns from this call.

16      I would ask, if you are in a position where you are --

17  where you can take notes, and you are not already taking notes,

18  that you do so, though the minute sheet from today's conference

19  will give you any pertinent deadlines.

20      That first brings me to the complaint.  All that Rule 8

21  requires is a short and plain statement of the claim.

22      Rule 12(f) provides that I can strike any redundant,

23  immaterial, impertinent, or scandalous matter.  Put simply,

24  parties need -- don't need to try their case to the jury or to

25  the public in the pleadings.  They can do that on the

1    dispositive motions or at trial; and, in other instances where

2    I have seen the level of redundancy I see in this complaint, I

3    have stricken the complaint and called for a short and plain

4    statement under Rule 8.

5         I think the complaint here can be streamlined to include

6    only the allegations that are necessary to state plausible

7    claims for relief, eliminate any evidence or statistics that

8    might not be necessary to allege the claims, and avoid

9    unnecessary repetition.  So this would be an area I would

10   expect counsel to address in -- in any amended complaint.

11        Second, as an overarching comment, I will note that,

12   although I don't want to control, and I don't plan to control,

13   the parties' legal strategies, I have an obligation to manage

14   my docket for the efficient, just, and speedy resolution of

15   disputes.  Seeing the likely amendment, this is how I have

16   determined to exercise that discretion and obligation in this

17   case.

18        I will also note that I am opposed to motions to dismiss

19   just for the sake of filing a motion to dismiss particularly

20   after conferences like these where we try to work through

21   disputes without unnecessary motion practice.

22        I will tell you that it was my practice before taking the

23   bench that, if I had a basis for a motion to dismiss, I would

24   reach out to confer with opposing counsel.  This was

25   particularly so on *Twombly*-type issues where amendment could

White, et al. v. Hesse, et al.                                    9
19-CV-1145-JD   *   September 24, 2021

1 │ cure the issue but also if I thought there was a legal bar or

2 │ some reason a claim or a party could not assert a claim or be a

3 │ party in a case.

4 │      Here, given the request to amend by Plaintiffs that is

5 │ noted in one of Plaintiffs' briefs, this is the way I -- I have

6 │ concluded is necessary to manage this docket and case and to

7 │ get it moving, particularly with my obligation toward criminal

8 │ cases following *McGirt*.

9 │      As I walk through the motions to dismiss, to speed things

10 │ up, I will simply use the case name if I am giving you a case

11 │ and then provide full case citations in my minute sheet that I

12 │ will enter after this proceeding.

13 │      So, with that overview and now getting to the motions to

14 │ dismiss, each generally argues, among other things, that the

15 │ complaint is not clear at times:  which plaintiffs assert which

16 │ claims against which defendants.

17 │      About this, I agree.  In some claims and allegations,

18 │ particularly those allegations relating to misconduct or

19 │ liability, the plaintiffs are lumped together, and, in some,

20 │ the defendants are lumped together.  This is particularly

21 │ concerning the state judges but applies to all claims and all

22 │ defendants.  This has required the defendants to essentially

23 │ guess or assume which allegations are asserted against which

24 │ defendant, which does not satisfy federal pleading standards or

25 │ directions the Supreme Court and the Tenth Circuit have given

White, et al. v. Hesse, et al.                                              10
19-CV-1145-JD   *   September 24, 2021

1  on the plausibility standards under cases like *Twombly*, *Iqbal*,

2  and *Robbins v. Oklahoma* out of the Tenth.

3       The Tenth Circuit recently affirmed a dismissal in *Hart*,

4  which is a 2015 unpublished case, on a similar basis where the

5  district judge stated that the Court and the parties were left

6  to guess and attempt to parse out which claims relate to which

7  individuals because Plaintiff regularly rotated between

8  references to defendants and individual defendants without

9  making it clear which allegations are directed to which

10  defendant or defendants.

11       Plaintiffs tried to clean this up in the responses to the

12  motions, but arguments by counsel in a response brief are not

13  allegations in a complaint.  I think the complaint must be

14  amended and cleaned up to bring clarity on who is alleged to do

15  what to whom and when before we move forward.  This means more

16  precisely targeting a specific plaintiff's allegations against

17  a specific defendant, probably breaking up each defendant into

18  a separate section or grouping them more clearly.  Fail --

19  failure to do so might result in dismissal for failure to

20  comply with federal pleading standards if faced with another

21  motion to dismiss.

22       Next, the motions then state that certain other claims do

23  not have a factual basis and that I should dismiss under Rule

24  12(b)(6), *Iqbal*, and *Twombly*.

25       About this, at least for some of the claims, I agree.

White, et al. v. Hesse, et al.                                    11
19-CV-1145-JD  *  September 24, 2021

1       First, for Plaintiff White and Plaintiff Musgrave's

2   discrimination claims against Canadian County District Court,

3   before a public entity can be required under the ADA to provide

4   an auxiliary aid necessary to afford an individual an equal

5   opportunity to participate in the entity's services, programs,

6   or activities, the entity must have knowledge that the

7   individual is disabled either because that disability is

8   obvious or because the individual or someone else has informed

9   the entity of the disability, and that's a 2007 Tenth Circuit

10  case called *Robertson*.

11      For Plaintiffs' accommodation claims, accommodation is

12  only required under the ADA if a public entity has knowledge or

13  it is obvious that the individual requires an accommodation of

14  some kind to participate in or receive the benefits of its

15  services.  In addition to *Robertson*, I cite *Ewing v.*

16  *Doubletree*, a 2016 unpublished Tenth Circuit case.

17      Thus, Plaintiffs must plausibly allege that Canadian

18  County District Court knew either by being informed or because

19  it was obvious that White and Musgrave, number one, had

20  disabilities and, number two, needed accommodations for those

21  disabilities.  A general sense of a disability and

22  accommodation is typically not enough, and that comes from

23  *Trujillo*, which is a District of New Mexico FRD publication

24  case.

25      The ADA does not require clairvoyance, and that comes from

White, et al. v. Hesse, et al.                                    12
19-CV-1145-JD  *  September 24, 2021

1 | *Smith v. Midland*, which is a Tenth Circuit 1999 case.

2 |      Canadian County District Court argues, among other things,

3 | that the two claims against it should be dismissed because

4 | Plaintiffs have not plausibly alleged that Canadian County

5 | District Court had knowledge of Plaintiffs' disabilities or

6 | knowledge of the need for accommodations.

7 |      Plaintiffs respond with what they, quote, "will show,"

8 | closed quote, but have not plausibly alleged this in the

9 | complaint.

10 |      I tend to agree with Canadian County:  that Plaintiffs

11 | have failed to state an ADA or rehabilitation claim in the

12 | current complaint.  There are no plausible allegations that any

13 | named defendant knew about -- or knew about any of White or

14 | Musgrave's alleged disabilities or knew that any accommodation

15 | was necessary, nor does the current complaint plausibly allege

16 | that these alleged disabilities, which are mental disabilities

17 | that, according to the complaint, did not physically manifest

18 | any perceptible way to the defendants, were obvious to any

19 | named defendant.

20 |      Although Plaintiffs allege that White informed a nurse and

21 | others at the jail, there is no allegation that she informed

22 | any of the named defendants of any disability or need for

23 | accommodation, nor does the complaint plausibly allege that the

24 | jail's knowledge or liability should be imputed to any of the

25 | named defendants.  With no plausible allegations that any named

White, et al. v. Hesse, et al.                                    13
19-CV-1145-JD   *   September 24, 2021

1   defendant knew of a disability or knew of a needed

2   accommodation or that either of those were obvious under

3   *Robertson* and related cases, the complaint fails to state those

4   claims.

5        I have located a substantial number of cases dismissing

6   similar claims for similar reasons, some of which I will

7   include in my court minute, for Plaintiffs to take a closer

8   look before they amend this claim or to decide if this is a

9   claim that should not go forward under their Rule 11

10  obligations.

11       In summary, I think these claims need to be repled or

12  dropped from the amended complaint if they cannot sufficiently

13  be repled under the case law and statutory standards and under

14  Rule 11 in the applicable rules of professional conduct.

15       Additionally, on whether Canadian County is a suable

16  entity, Canadian County argues that Canadian County District

17  Court, 26th Judicial District, is not a suable entity, citing

18  Federal Rule of Civil Procedure 17(B).

19       Plaintiffs respond that Canadian County District Court is

20  a, quote, "public entity," closed quote, under Title II and the

21  ADA and, therefore, has capacity to be sued.

22       No party has pointed to binding authority on the issue of

23  whether Canadian County District Court has the capacity to be

24  sued for the ADA and rehabilitation claims.

25       At least three times, the Western District of Oklahoma has

1  dismissed Section 1983 claims against Oklahoma state district

2  courts for Plaintiffs' failure to clearly establish that the

3  district courts are suable entities, but this was because only

4  a, quote, "person," closed quote, can be liable under Section

5  1983.  I will cite these authorities in my minute sheet today.

6  They're *Agrawal*, *Harper*, and *Hines*.

7        Canadian County District Court citations to *Martinez v.*

8  *Winner* and *Mason v. Twenty-Sixth Judicial District of Kansas*

9  are in opposite because those are both also 1983 cases and do

10 not support the proposition that Canadian County District Court

11 is not a suable entity for purposes of the ADA claim or

12 rehabilitation claim, which are different statutes and do not

13 require a "person" -- and person in quote -- to be liable.

14       Plaintiffs argue that the Court should look to the ADA and

15 various federal authorities to determine whether Canadian

16 County District Court is a, quote, "public entity," closed

17 quote, but Rule 17(B) seems to provide that the Court should

18 look to the law of the state where the Court is located to

19 determine capacity to be sued.

20       I am not making any rulings on this issue today, but I

21 have doubts about whether Canadian County District Court is a

22 suable entity.  I want the parties to conduct further research,

23 confer about this issue, and exchange that research; and, if

24 Canadian County District Court is still named as a party in the

25 amended complaint, I will need more complete support in any

White, et al. v. Hesse, et al.                                    15
19-CV-1145-JD   *   September 24, 2021

1    future filings.

2         It is the Plaintiffs' burden to demonstrate with certainty

3    that Canadian County District Court is a suable entity, and

4    that proposition comes from the *Hinton* case, which is a 2010

5    unpublished case.

6         If another motion to dismiss or briefing needs to be filed

7    on this issue, keep in mind what the Supreme Court has said

8    about precedent and binding law.  District court orders,

9    whether from a different judicial district, same judicial

10   district, or even same judge are not precedent and do not

11   create binding law.  That comes from a footnote in *Camreta v.*

12   *Greene*, which is a Justice Kagan Supreme Court case.

13        So, to the extent you-all are briefing issues again in

14   this case, I expect statutes, any pertinent regulations and

15   rules, and then binding case law; and, if you cannot find

16   binding case law, keep in mind that it is all persuasive, at

17   that point.

18        Next, regarding the state judges' motion to dismiss, the

19   response by the plaintiffs focuses on Judge Hesse regarding the

20   bail-setting policy.

21        I question:  Isn't there a distinction between a chief

22   judge and other judges regarding judicial immunity?

23        The other judges do not create the bail-setting policy

24   and, I would think, would be entitled to judicial immunity on

25   claims regarding the actual enforcement of a policy they did

White, et al. v. Hesse, et al.                                    16
19-CV-1145-JD   *   September 24, 2021

1  not create.

2      I -- I understand the claim that the chief presiding judge

3  is in an administrative capacity when drafting the bail-setting

4  policy, but I think consideration needs to be given that that

5  doesn't apply to all of the judges.

6      So, if the claims against the other individual judges are

7  going forward, the complaint should be amended to assert

8  specific allegations about specific judges and assert specific

9  claims about specific judges and specify the relief sought from

10  each judge.  Right now the complaint combines them all

11  together, which I think is improper and unnecessarily

12  complicates the case because the Court and the defendants have

13  to essentially guess at exactly what relief and claim is sought

14  from each defendant.

15      Regarding the Sixth Amendment claims, I am going to wait

16  until I see the amended complaint to address the Sixth

17  Amendment claim, but I agree with the defendants:  that this

18  could probably be beefed up in an amended complaint.

19      Next, turning to the NAACP's First Amendment claim, I am

20  not convinced that the NAACP has standing here beyond the other

21  potential issues with the NAACP's claim.  As the state judges'

22  motion to dismiss points out at pages 23 and 24, there is no

23  allegation that one of the named defendants disallowed the

24  NAACP member from attending certain proceedings.  It notably

25  and repeatedly uses the passive voice when discussing this

White, et al. v. Hesse, et al.                                    17
19-CV-1145-JD   *   September 24, 2021

1    topic.  Quote, "The NAACP of Oklahoma's member was denied

2    access and told that arraignments are only held on Tuesdays and

3    Thursdays and that he could not observe them because they are

4    held in judicial chambers," closed quote.  That's Docket

5    Number 1, the current complaint, paragraph 101.

6         There is nothing in the complaint, as it stands, regarding

7    who told the NAACP member this; whether it was even accurate,

8    i.e., whether this is actually the policy; or whether members

9    of the public are plausibly prohibited from viewing initial

10   appearances and arraignments, assuming for today's purposes

11   they have a right to view these; or whether, if I were to grant

12   the relief or remedy requested, it would resolve this claim.

13        I understand that the response to the motion to dismiss

14   says that some undefined clerk made the statement, but

15   arguments in a response brief are not allegations, and I am

16   required to look only at the allegations in the complaint at

17   the pleading stage; and, even if it was a clerk, I still have

18   the issues I mentioned earlier regarding this person's

19   authority, whether this is an actual prohibition or policy,

20   including whether there are alternatives for public viewing

21   beyond chambers with members of the public during a pandemic.

22        So the NAACP issue needs to be addressed in the amended

23   complaint; and if, subject to Rule 11 in the applicable rules

24   of professional conduct, the NAACP cannot further support its

25   allegations, it should be removed as a party.

White, et al. v. Hesse, et al.                                      18
19-CV-1145-JD  *  September 24, 2021

1       Regarding Younger abstention, unless something drastic

2   changes in the amended complaint, I do not think that Younger

3   abstention applies, so the defendants can drop that issue.

4       There certainly are other possible issues with the

5   complaint and motions to dismiss, but I do not intend to

6   address every one of them today or give formal rulings, but I

7   think that discussing these with you now can avoid protracted

8   and unnecessary briefing over the pleadings, particularly given

9   the plaintiffs have noted they would seek leave.  If I had

10  caught this earlier, I would have ordered the plaintiffs to

11  file an amended complaint in response to the motions to

12  dismiss, but now that you-all have full briefing, you have a

13  good idea of positions and can flush this out so we can move

14  forward.

15      Rather than dismissing the complaint, I am going to give

16  Plaintiffs an opportunity to amend, as they have requested;

17  and, if they can't cure the deficiencies subject to the

18  applicable rules, then they should drop those allegations or

19  claims and should further support the remaining claims.

20      I will also state that, for the plaintiffs, the simpler

21  and cleaner you make the complaint, the easier it is for us to

22  move past the pleading stage.

23      I would like counsel for all parties to review all the

24  briefing, all of their positions, and all of our discussions

25  here today and then have a good faith conference between all

White, et al. v. Hesse, et al.                                    19
19-CV-1145-JD  *  September 24, 2021

1   counsel, which can be in person, by video, or telephonic.  And,

2   by "all counsel," I mean counsel with authority who's

3   responsible for filing motions and amended complaints, which I

4   assume is everyone, but I will let you-all work that out.

5        The purpose of the conference is to make sure that

6   everyone is on the same page with regard to the claims and

7   defenses and to see what issues in the motions the parties can

8   resolve without unnecessary motion practice.  This may

9   ultimately mean each side giving up something and taking

10  something.

11       Maybe Plaintiffs need to drop a claim or defendant; assert

12  a claim against a different defendant, if they have named the

13  wrong or uncertain individual, entity, or in the wrong

14  capacity; or beef up some of the allegations on certain claims

15  to avoid an unnecessary motion to dismiss.

16       Maybe the defendants need to simply let weaker arguments

17  go at this stage and focus on stronger ones or simply answer

18  certain claims and move on down the road.

19       I am not forcing the parties to agree, but I am

20  foreshadowing some of my rulings to save you-all and the Court

21  time and expense, which I think is consistent with all of our

22  obligations under Rule 1 and with my independent duty to manage

23  my cases and dockets.

24       I think that the plaintiffs likely can state some kind of

25  claim against some of the defendants that gets past the

White, et al. v. Hesse, et al.                                    20
19-CV-1145-JD  *  September 24, 2021

1  pleading stage.  I expect that the parties will be able to

2  agree on all or at least most of the issues raised in the

3  original motions to dismiss.  Even if all issues cannot be

4  resolved, I think you-all can narrow down the issues to one or

5  two narrow issues and only certain defendants.

6       This process includes the parties conferring in good faith

7  and then Plaintiffs circulating a draft amended complaint with

8  proposed changes; Defendants' counsel reviewing that amended

9  complaint as proposed; the parties conferring again; Plaintiffs

10  revising the proposed draft, if necessary and if they agree,

11  and then filing an amended complaint.

12       The defendants can answer in full or in part after that or

13  file a much narrower motion to dismiss, if that is absolutely

14  necessary, within the time frame under the federal rules.

15       As I have intended to caution the parties throughout,

16  please remember that both the complaint and any motions are

17  subject to the federal rules, which includes -- which includes

18  Rule 11, meaning I can sanction parties or counsel for

19  positions that do not meet the requirements of Rule 11.

20       Also, if it helps you-all, I will let you know, which I do

21  not believe will come as a secret or a surprise -- but, if a

22  position or argument is not expressly supported by a statute or

23  a binding case law, I am generally not inclined to side with

24  such a position.  So, to the extent you are reaching on

25  arguments or are relying on nonbinding authorities, I can tell

White, et al. v. Hesse, et al.                                    21
19-CV-1145-JD   *   September 24, 2021

1   you now that you may have an uphill battle, and your time and

2   resources may be spent better elsewhere.

3        Plaintiffs have also filed a motion for class

4   certification at Docket Number 5.  I think that this motion is

5   premature given that Plaintiffs are going to amend and that we

6   are not sure which claims we are actually working with

7   regarding which plaintiffs and which defendants.  For example,

8   I cannot make conclusions on whether there are questions of law

9   or fact common to the class or whether the claims or defenses

10  of the representative parties are typical of the claims or

11  defenses of the class, as required by Rule 23, before I rule on

12  motions to dismiss or before amendment that might resolve some

13  claims.

14       In these circumstances, I intend to set a class

15  certification briefing schedule after we get through a set of

16  pleadings to work from and, as part of that briefing schedule,

17  would give the plaintiffs a deadline to file their initial

18  motion for class certification.

19       We will have a conference as needed later in the case with

20  the parties to discuss the class certification motion and

21  briefing.  For now, I believe I either need to have Plaintiffs

22  withdraw the motion for class certification to be revised at a

23  later date once we have a final set of pleadings, or I can

24  simply deny or strike that motion now as premature, but I do

25  not want a stale pending motion like that sitting out there on

White, et al. v. Hesse, et al.                                      22
19-CV-1145-JD  *  September 24, 2021

1    the docket, especially one that I know will need to be revised

2    after the pleadings are revised.

3         Additionally, because I am ordering an amended complaint

4    to be filed by the plaintiffs, I plan to indicate that, given

5    the forthcoming amended complaint, the motions to dismiss are

6    denied without prejudice to resubmission.

7         I am relatively firm in this plan going forward in this

8    case, but I do want to hear briefly from counsel on what I have

9    discussed today, as well as your timing and what you think you

10   need in terms of timing given I am going to require additional

11   conferences and amendments.

12        Ms. Trigilio, will you please speak up on behalf of the

13   plaintiffs?

14            MS. TRIGILIO:  Thank you, Your Honor, and -- and --

15   and I do thank you for that really fulsome explanation of where

16   the Court stands on the motions to dismiss and the potential

17   amendments.

18        There are two issues that I'd like to follow up on for

19   Plaintiffs.  One is with respect to additional allegations that

20   the Court would like to see regarding the Sixth Amendment claim

21   and issues that were raised in the motions to dismiss.

22        My reading of the motions to dismiss was, on the Sixth

23   Amendment claim, fully hoping to dismiss for lack of standing,

24   which is specifically failure to allege an injury in fact, and

25   our opposition specified that the injury in fact is the

White, et al. v. Hesse, et al.                                    23
19-CV-1145-JD   *   September 24, 2021

1   deprivation -- was the deprivation of counsel of the initial

2   bail hearing and that that's fairly traceable to the

3   Defendants' (indiscernible), and, if you only dispute -- or the

4   legal dispute over whether or not the plaintiff had to

5   affirmatively request counsel or, rather -- a bizarre

6   position -- that the right automatically kicked in, in virtue

7   of the fact that there's a criminal prosecution, and counsel is

8   required unless it's validly waived.

9        So, given that the Sixth Amendment issue is really, from

10  my reading, a legal dispute and not a factual dispute, I'd like

11  a little more clarity on what the Court is looking for in terms

12  of Sixth Amendment allegations.

13            THE COURT:  Okay.  And what's your second issue?

14            MS. TRIGILIO:  The second -- thank you, Your Honor.

15  The second is with respect to the pending class

16  certification motion.  The reason that the plaintiffs filed the

17  class certification motion together with the complaint is to

18  preserve the live controversy and preserve this Court's

19  jurisdiction even as the individual class representatives'

20  individual claims were mooted out; and, if that class

21  certification motion is not pending, there's a risk that the

22  entire case could be mooted, and we have to go back and file

23  all over again.

24        And so I understand that the Court doesn't want the motion

25  sort of hanging out there without a decision.  Plaintiffs'

White, et al. v. Hesse, et al.                                    24
19-CV-1145-JD  *  September 24, 2021

1   proposal would be to administratively stay that motion and then

2   let the Court schedule for further briefing since we request

3   supplemental briefing on the class certification motion after a

4   class cert discovery has been conducted.

5            THE COURT:  Thank you.

6       On -- with -- with response to your first question

7   regarding the Sixth Amendment allegations, as I stated in my

8   comments, that was a particular issue that I wanted to see

9   flushed out a bit more in the complaint, more so, I think, with

10  some of my overarching comments about the allegations and --

11  and being specific as to the specific plaintiff and the

12  specific defendant, but that may be one that certainly has to

13  be flushed out on a motion -- a further motion to dismiss if

14  the parties aren't seeing eye to eye on that one.

15      So I appreciate you raising that with me, but I think, at

16  this juncture, you know, my general comments apply to the

17  amended complaint as a whole, and that certainly may be a

18  claim, if you-all continue to have disputes over, that I will

19  have to resolve on motion practice.

20      On your second issue, I would like to hear from the

21  defendants on it, but I -- I -- I -- I think that the proposal

22  that you're making is appropriate, and I -- I would be fine

23  with staying that motion pending a development of these

24  pleadings; and then, once we get past the pleadings stage, we

25  can address where we go from there and how that gets

1   supplemented so that we're not, you know, looking at many

2   different filings that may cross-reference each other and --

3   and creating an issue, but I think that's something that we

4   could potentially work through, although I would like to hear

5   from Ms. Moore on that issue.

6          Ms. Moore?

7                THE MS. MOORE:  Yes, Your Honor.

8                MS. TRIGILIO:  Your Honor, this is Trisha Trigilio.

9   I apologize, but, before you turn to Defendants, just on that

10  final note, we'd like to also make it clear that, to the extent

11  that there's an amended complaint -- that the allegations in

12  the amended complaint that will -- will relate back with

13  respect to the -- the class certification motion so that the

14  defendants -- you know, if we go through this procedure, we

15  prefer an agreement among the parties and with the Court that

16  the defendants aren't going to come back and argue that the

17  class certification motion is now moot because we've filed an

18  amended complaint --

19               THE COURT:  Okay.

20               MS. TRIGILIO:  -- (indiscernible).

21               THE COURT:  Very helpful.

22         Ms. Moore, what is the defendants' motion on that?

23               MS. MOORE:  Yes, Your Honor.  We have no objection to

24  the motion for class certification being stayed and then having

25  the plaintiffs then amend it to be more in line with whatever

White, et al. v. Hesse, et al.                                   26
19-CV-1145-JD  *  September 24, 2021

1   the claims are after amendment and any rulings by the Court on

2   any motions to dismiss that might be warranted after amendment.

3   We understand that the complaint, as amended, would relate back

4   to the filing date.  So we're not quite sure that there's an

5   issue, but we -- we're in agreement with the -- we can have

6   that stay on file as stayed and to address it under the

7   to-be-determined scheduling order on class certification

8   briefing.

9           THE COURT:  Okay.  Anything further, Ms. Moore, from

10  the defendants' perspective?

11          MS. MOORE:  No, Your Honor.

12          THE COURT:  So let me tell you-all what I'm thinking

13  in terms of timing.  I believe it's a generous amount of time,

14  but I realize that this is a case with many moving parts and

15  a lot of lawyers involved, and so I want you-all to be able to

16  confer in good faith and have the time to do so, and I know

17  you-all are very busy with other cases as well, and so the time

18  that I've given -- I feel -- I feel it is generous.  You-all

19  may tell me it is not, but I will tell you what I'm thinking,

20  and then we can talk about that.

21      When I -- when I circle back with both counsel, I also

22  want to hear whether, going forward in this case, you desire

23  telephonic proceedings like what we're having this afternoon or

24  whether you would desire in-person proceedings or some

25  combination of the two.  I'm certainly aware that we have

White, et al. v. Hesse, et al.                                    27
19-CV-1145-JD   *   September 24, 2021

 1   counsel out of state, and, given the ongoing pandemic, I want

 2   to be sensitive to that.  I also, before I took the bench,

 3   practiced in other states, and I was always very appreciative

 4   when I knew that the judge did not mind if I appeared

 5   telephonic.

 6       So I am open to suggestions there, and I will turn back to

 7   you-all on that issue, as well as the proposed schedule.

 8       So here is what I plan to propose:  that -- and -- and

 9   take notes, and then I'll start with Plaintiffs' counsel, then

10   Defendants' counsel, and we can sort through some of these

11   dates if this does not work.

12       What I would like to propose is that the counsel for the

13   parties confer -- that they're ordered to confer in good faith

14   within 7 days of today's conference regarding the claims in

15   this lawsuit and all arguments asserted in the motions and

16   associated briefs;

17       that, within 30 days of today, Plaintiffs' counsel shall

18   circulate a proposed amended complaint to Defendants' counsel;

19       within 45 days of today, counsel for the parties shall

20   confer again regarding the proposed amended complaint in an

21   attempt to resolve any remaining disputes without Court

22   involvement;

23       within 60 days of today, Plaintiffs shall file an amended

24   complaint and are granted leave to do so under Federal Rule of

25   Civil Procedure 15(a)(2);

White, et al. v. Hesse, et al.                                    28
19-CV-1145-JD   *   September 24, 2021

1       within 60 days of today, Plaintiffs shall file a joint

2   status report updating the Court on the status of the issues

3   raised today and in the motions, including the dates of the

4   conferences, lengths of the conferences, participants,

5   identification of all issues that were resolved at the

6   conferences, and identification of the issues that remain.

7       Defendants shall respond to any amended complaint within

8   14 days of service of the amended complaint under Rule

9   15(a)(3).

10      And, because I am granting leave for Plaintiffs to file an

11  amended complaint, I will deny the motions to dismiss at this

12  time without prejudice to another motion to dismiss, if

13  absolutely necessary, filing -- after the filing of the amended

14  complaint.

15      And then we will internally calendar in chambers an

16  appropriate time to set up another conference to arrange class

17  briefing likely during a scheduling and status conference; and,

18  that, we would either do in person, by telephone, or a

19  combination, depending on what you-all seek to do in terms of

20  the timing.

21      So, Ms. Trigilio, let me hear from you first on the --

22  this time frame.

23          MS. TRIGILIO:  Your Honor, that time frame generally

24  sounds acceptable to Plaintiff.

25      I do have a -- a personal request for the Court.  I'm

White, et al. v. Hesse, et al.                                    29
19-CV-1145-JD  *  September 24, 2021

1   actually -- I'm out of the country right now because I'm

2   intending to go on vacation in the next week; and so, if it was

3   possible to extend the deadlines for the initial conference

4   between the parties to 14 days from today's hearing, I would

5   appreciate that just as a -- a personal request.

6           THE COURT:  Okay.  And, then, what about going

7   forward in this case in terms of proceedings?  What is the

8   Plaintiffs' preference?  Is it to be telephonic?  Is it to be

9   in person or a combination?

10          MS. TRIGILIO:  I would say a combination, Your Honor.

11  Generally, just for, you know, financial efficiency, we prefer

12  to appear by phone for proceedings that are less important.

13  Perhaps in the future, for something like a dispositive motion,

14  an in-person proceeding would make more sense just so we can --

15  you know, we can communicate more effectively.  We'd be open to

16  that, but, generally, phone hearings would be our preference.

17          THE COURT:  Okay.  Thank you.

18      Ms. Moore, let me hear from you on the time frames that

19  I've proposed and also on the issue of in-person or telephonic.

20          MS. MOORE:  Yes, Your Honor.  We have no problems

21  with the time frames that you've proposed.

22      We also have no objection to Ms. Trigilio's request of

23  pushing the 7 days out to 14 days.

24      And we have no problems with telephonic hearings.

25          THE COURT:  Okay.  Excellent.

White, et al. v. Hesse, et al.                                    30
19-CV-1145-JD  *  September 24, 2021

1    We will go with the 14 days, Ms. Trigilio, and I hope that

2    you are able -- I'm sure it is much awaited time off, so I do

3    hope you are able to enjoy that and not be worried about this

4    case.  I know that this process that I'm proposing may seem

5    atypical, but these are extraordinary times at the courthouse,

6    and I feel I'm -- I'm forced to use effective ways to

7    streamline the issues so that we can get and keep cases moving

8    along, though I do think that this direction that I'm giving

9    this case is certainly consistent with Rule 1 and my obligation

10    to manage my own docket.

11    I will put those time frames in -- the 14 days on the

12    conference, the other dates that are given -- along with some

13    reminders about my expectations that I think I've laid out in

14    today's conference, and that will all be in a -- in a minute

15    sheet -- I don't know how short it will be, so I won't say

16    "short minute sheet" but a minute sheet on the docket that

17    you-all will receive.

18    Are there any questions about anything before we conclude,

19    or do you need any clarity?

20    Ms. Trigilio?

21         MS. TRIGILIO:  None, Your Honor.

22         THE COURT:  Okay.  Ms. Moore?

23         MS. MOORE:  No, Your Honor.  Thank you.

24         THE COURT:  Thank you all, and I look forward to

25    moving forward with you-all in this case, and have a great rest

White, et al. v. Hesse, et al.                                    31
19-CV-1145-JD  *  September 24, 2021

1    of your Friday and a great weekend.  Thank you very much.

2            (The proceedings are concluded at 1:46 p.m.)

3

4                    REPORTER'S CERTIFICATE

5        I, CASSY KERR, Federal Official Court Reporter in and for

6    the United States District Court for the Western District of

7    Oklahoma, do hereby certify that, pursuant to 28 U.S. Code 753,

8    the foregoing is a true and correct transcript Of the

9    stenographically reported proceedings held in the

10   above-entitled matter, and the transcript page format is in

11   conformance with the regulations of the Judicial Conference

12   of the United States.

13       DATED THIS 9th day of October, 2021.

14

15   _____
     /s/Cassy Kerr
16   Cassy Kerr, CSR, CCR, RPR, CRR, CRC, NP-OK
     Oklahoma CSR License No. 1367
17   Federal Official Court Reporter

18

19

20

21

22

23

24

25