**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

MISTY WHITE, *et al.*,
on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

[1] HON. PAUL HESSE, in his official capacity as Chief Judge of the 26th Judicial District, and

[2] HON. KHRISTIAN STRUBHAR, in her official capacity as Special Judge in the Canadian County District Court,

Defendants.

Case No. 5:19-cv-1145-JD

**PLAINTIFFS' AMENDED**
**MOTION FOR CLASS CERTIFICATION**
**AND BRIEF IN SUPPORT**

# TABLE OF CONTENTS


**TABLE OF AUTHORITIES** ........ ii

**EXHIBIT LIST** ........ iv

**BACKGROUND** ........ 1

**ARGUMENT** ........ 2

**I. This Action Satisfies the Prerequisites of Rule 23(a)** ........ 2

A. Joinder of All Arrestees Detained At First Court Appearance is Impracticable ..... 3

B. Claims by the Proposed Class Raise Common Questions That Will Generate Common Answers ........ 5

C. The Named Plaintiffs' Claims Are Typical of the Proposed Class ........ 7

D. The Named Plaintiffs Are Competent and Dedicated Class Representatives ........ 8

**II. This Action Satisfies the Prerequisites of Rule 23(b)(2)** ........ 10

**CONCLUSION** ........ 11

# TABLE OF AUTHORITIES

## Cases

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455 (2013).................................... 2

*Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48 (3d Cir. 1994). ..................................... 5, 10

*Booth v. Galveston Cty.*, No. 18-cv-00104, 2019 WL 1129492 (S.D. Tex. Mar 12, 2019), *vacated on other grounds*, No. 19-40395, 2022 WL 2702059 (5th Cir. July 12, 2022)................................................................... 5, 7, 10, 14

*Buffin v. City of San Francisco*, No. 15-cv-04959, 2018 WL 1070892 (N.D. Cal. Feb. 26, 2018)............................................................................................ 11

*Chieftain Royalty Co. v. QEP Energy Co.*, 281 F.R.D. 499 (W.D. Okla. 2012).................. 7

*Cole v. Livingston*, No. 14-cv-1698, 2016 WL 3258345 (S.D. Tex. June 14, 2016) ........... 4

*Colo. Cross-Disability Coalition v. Abercrombie & Fitch Co.*, 765 F.3d 1205 (10th Cir. 2014)............................................................................................ 3

*Colo. Cross-Disability Coalition v. Taco Bell Corp.*, 184 F.R.D. 354, 357 (D. Colo. 1999)............................................................................................ 3

*DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188 (10th Cir. 2010)..................................... 2

*Edwards v. Cofield*, No. 3:17-cv-321, 2018 WL 4323920 (M.D. Ala. Sept. 10, 2018)..... 11

*Esplin v. Hirschi*, 402 F.2d 94 (10th Cir. 1968) .................................................................. 7

*Hill v. Marathon Oil Co.*, No. 08-cv-0037, 2010 WL 2365447 (W.D. Okla. June 9, 2010)............................................................................................ 6

*Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270 (10th Cir. 1977).................. 3, 4

*In re Cox Enters., Inc. Set-Top Cable Telev. Box Antitrust Litig.*, No. 12-ml-2048, 2014 WL 104964 (W.D. Okla. Jan. 9, 2014) ......................................................... 7

*In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014)...................................................... 6

*Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239 (10th Cir. 2011)................ 7

*Medina v. Allen*, No. 21-cv-00102, 2024 WL 5186929 (D. Utah Dec. 20, 2024)...... 4, 7, 10

*ODonnell v. Harris Cty.*, No. 16-cv-1414, 2017 WL 1542457 (S.D. Tex. Apr. 28, 2017)............................................................................................ 11

*Feltz v. Regalado*, No. 18-cv-0298 (N.D. Okla. Mar. 16, 2023), ECF No. 357 ......... 4, 7, 10

*Prado-Steiman ex rel. Preado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) ................... 5

*Realmonte v. Reeves*, 169 F.3d 1280 (10th Cir. 1999) ......................................................... 5

*Reed v. Heckler*, 756 F.2d 779 (10th Cir. 1985) ................................................................. 1

*Rex v. Owens ex rel. Oklahoma*, 585 F.2d 432 (10th Cir. 1978) .......................................... 3

*Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180 (10th Cir. 2002) ........................ 8

*Shook v. El Paso Cty.*, 386 F.3d 963 (10th Cir. 2004) ................................................... 2, 10

*U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980) ..................................................... 7

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) .......................................... 2, 5, 6, 10

**Treatises**

1 William B. Rubenstein, *Newberg on Class Actions* § 3:12 (5th ed. 2017) ...................... 3

**Rules**

Fed. R. Civ. P. 23 ......................................................................................... passim

**EXHIBIT LIST**

1. Administrative Order re: Amended Bail Schedule (May 30, 2018)
2. Carter Declaration (February 5, 2025)
3. White Docket Sheet
4. Musgrave Docket Sheet
5. Proudfit Docket Sheets
6. White Jail Declaration (December 6, 2019)
7. Musgrave Jail Declaration (December 6, 2019)
8. Proudfit Jail Declaration (December 8, 2019)
9. Canadian County Jail Information (printed February 5, 2025)
10. White Declaration (February 3, 2025)
11. Musgrave Declaration (February 4, 2025)
12. Proudfit Declaration (February 4, 2025)
13. Trigilio Declaration (February 5, 2025)
14. Lambert Declaration (February 5, 2025)

## BACKGROUND

This case challenges the unlawful administration of initial bail hearings in Canadian County District Court, established under an administrative order issued by Chief Judge Hesse. Ex. 1 (Administrative Order). At a proceeding called the "first court appearance," the designated Special Judge issues bail orders that detain arrestees pretrial without notice, an opportunity to be heard, an evidentiary burden on the government, counsel for arrestees, or any findings whatsoever. Ex. 2 (Carter Declaration), Exs. 3–5 (Plaintiffs' Docket Sheets), Exs. 6–8 (Plaintiffs' Jail Declarations). Each of the Plaintiffs is detained[1] under orders issued in cursory first court appearances conducted under Chief Judge Hesse's administrative order. Exs. 3–5 (Plaintiffs' Docket Sheets), Exs. 6–8 (Plaintiffs' Jail Declarations).

Plaintiffs Misty White, Janara Musgrave, and Landon Proudfit seek injunctive and declaratory relief requiring first court appearances to comply with due process[2] on behalf of the following class:

> Arrestees who are detained under a bail order issued at first court appearance in Canadian County District Court.

Courts around the country, including a district court in Oklahoma, have certified classes in similar cases. The Court should grant this motion.

---

[1] Under the relation-back doctrine, this response uses present tense to refer to facts that were true at the time of filing.

[2] The Court dismissed other constitutional claims before inviting Plaintiffs to amend this motion. Plaintiffs preserve their original argument that the Court should certify a class, and appoint Plaintiffs as class representatives, for the claims that the Court has dismissed. *See Reed v. Heckler*, 756 F.2d 779, 785 (10th Cir. 1985).

# ARGUMENT

## I. This Action Satisfies the Prerequisites of Rule 23(a)

Under Rule 23(a) of the Federal Rules of Civil Procedure, the party seeking class certification must show that:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the named parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interest of the class.

Plaintiffs need not prove their claims at the certification stage. While the Court must perform a "rigorous analysis" to determine whether to certify a class, the Court may not review the merits of the Plaintiffs' claims. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (citing *General Tel. Co. Of Southwest v. Falcon*, 457 U.S. 147, 160 (1982)); *see Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013) (forbidding "free-ranging merits inquiries at the certification stage"). Instead, the district court must accept the Plaintiffs' substantive allegations as true. *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010) ("[T]he question is not whether the plaintiff . . . will prevail on the merits . . . but rather whether the requirements of Rule 23 are met.") (internal quotation omitted) (quoting *Shook v. El Paso Cty.*, 386 F.3d 963, 971 (10th Cir. 2004)).

### A. Joinder of All Arrestees Detained At First Court Appearance is Impracticable

Joinder of all proposed class members is impracticable. While there is no fixed number of class members required for a proposed class to satisfy the numerosity element, the Tenth Circuit has held that joinder is impracticable for a class of approximately 40 people. *Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 275–76 (10th Cir. 1977). The key question is whether joinder is impracticable given particular circumstances of the case, including factors like class members' financial resources, class members' ability to file their own actions, and judicial economy in avoiding individual actions. 1 William B. Rubenstein, *Newberg on Class Actions* §3:12 (5th ed. 2017) (discussing factors relevant to numerosity); *Colo. Cross-Disability Coalition v. Taco Bell Corp.*, 184 F.R.D. 354, 357 (D. Colo. 1999) (same); *see also Rex v. Owens ex rel. Oklahoma*, 585 F.2d 432, 436 (10th Cir. 1978) ("There is . . . no set formula to determine if the class is so numerous that it should be so certified."). Courts are more likely to find joinder impracticable in cases seeking injunctive or declaratory relief. *Horn*, 555 F.2d at 275–76 ("[W]here relief sought is injunctive and declaratory, even speculative and conclusory representations as to the size of class are sufficient.") (collecting cases); *see also Colo. Cross-Disability Coalition v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1215 (10th Cir. 2014) (citing *Pederson v. La. State Univ.*, 213 F.3d 858, 868 n.11 (5th Cir. 2000) ("'[J]oinder of unknown individuals is certainly impracticable,'" and "the fact that the class includes unknown, unnamed future members also weighs in favor of certification.")).

The proposed class easily meets the numerosity requirement. At the time of filing, the Canadian County Jail population was approximately 80% pretrial detainees, or about 240 people—well over the size of classes the Tenth Circuit has found sufficiently numerous. Ex. 2 (Carter Declaration), Ex. 9 (Canadian County Jail Information). *See, e.g.*, *Horn*, 555 F.2d at 275 (certifying class of approximately forty people). These class members cannot afford to pay their bail, and are unlikely to have the financial resources and time to file their own challenges to pretrial detention procedures. Moreover, thousands of arrestees are booked into the jail—and thus subject to bail determinations at first court appearance—each year. Ex. 9 (Canadian County Jail Information). The class is constantly in flux: each day arrestees enter the class when they are booked into the jail, or leave the class because their cases resolve or their attorneys seek a meaningful bail hearing. These types of classes are well suited for certification under Rule 23. *See, e.g.*, *Medina v. Allen*, No. 21-cv-00102, 2024 WL 5186929, at *6–7 (D. Utah Dec. 20, 2024); Order Granting Mot. for Class Cert. at *8–10, *Feltz v. Regalado*, No. 18-cv-0298 (N.D. Okla. Mar. 16, 2023), ECF No. 357 [hereinafter *Feltz* Order]; *Cole v. Livingston*, No. 14-cv-1698, 2016 WL 3258345, at *6 (S.D. Tex. June 14, 2016) (finding sufficient numerosity where there was "a constant flux of inmates into and out of the [prison], so joinder of all of the proposed class members would be impracticable if not impossible"). In a similar class action challenging initial bail hearings on due process grounds, a Texas district court concluded that the test for impracticability of joinder was met where there were "[t]here are hundreds, possibly thousands of potential class members" cycling through the jail.

*Booth v. Galveston Cty.*, No. 18-cv-00104, 2019 WL 1129492, at *3 (S.D. Tex. Mar 12, 2019), *vacated on other grounds*; No. 19-40395, 2022 WL 2702059, at *1 (5th Cir. July 12, 2022).

The proposed class in the instant case is well over forty people and constantly in flux, rendering joinder impracticable and meriting class certification.

**B. Claims by the Proposed Class Raise Common Questions That Will Generate Common Answers**

The claims asserted on behalf of the proposed class include common questions of law and fact that satisfy Rule 23(a)(2). Commonality requires that the class members' claims raise a common question that will "generate common *answers* apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 349 (emphasis in original) (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)). This rule does not require that "every issue" be a common contention. *Realmonte v. Reeves*, 169 F.3d 1280, 1285 (10th Cir. 1999); *see also Prado-Steiman ex rel. Preado v. Bush*, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000) (commonality does not require that "'all [] class members share identical claims'") (quoting *Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994)). For purposes of Rule 23(a)(2), "even a single [common] question will do." *Dukes*, 564 U.S. at 359 (alterations in original) (internal quotations omitted); *Hill v. Marathon Oil Co.*, No. 08-cv-0037, 2010 WL 2365447, at *2 (W.D. Okla. June 9, 2010) ("There need only be one issue of law or fact common to all class members to satisfy the element of commonality.").

The common issue in this instant case is whether procedures at first court appearance satisfy due process. All class members have "suffered the same injury," which satisfies the commonality requirement "even [if] the resulting injurious effects . . . are diverse." *In re Deepwater Horizon*, 739 F.3d 790, 810–11 (5th Cir. 2014). The commonality in this case far exceeds the "single common question [that] will do." *See Dukes*, 564 U.S. at 359. Common questions of fact include:

- Whether bail determinations at first court appearance entail:
  - Notice to arrestees of the issues at stake
  - An opportunity for arrestees to be heard
  - A burden on the government to produce clear and convincing evidence of dangerousness or flight risk
  - Individualized findings of dangerousness or flight risk
  - Court-appointed representation by counsel for arrestees
- Whether the foregoing procedures lower the risk of erroneous pretrial detention
- The administrative cost of providing the foregoing procedures

Common questions of law include:

- The nature of the liberty interest at stake at first court appearance
- The outcome of *Mathews* balancing: weighing the risk of erroneous pretrial detention at first court appearance against the cost of providing additional procedures to lower that risk

Common questions of fact and law pervade this case, meriting certification. *See Medina*, 2024 WL 5186929 at *7–8; *Feltz* Order at *11–14; *Booth*, 2019 WL 1129492, at *3–5.

### C. The Named Plaintiffs' Claims Are Typical of the Proposed Class

The named Plaintiffs' claims are typical of the proposed class. The typicality requirement "is satisfied when the class representatives' claims and proposed class members' claims are 'based on the same legal or remedial theory.'" *In re Cox Enters., Inc. Set-Top Cable Telev. Box Antitrust Litig.*, No. 12-ml-2048, 2014 WL 104964, at *4 (W.D. Okla. Jan. 9, 2014) (quoting *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988)). When the typicality requirement is met, "potential individual issues" do not defeat typicality. *Chieftain Royalty Co. v. QEP Energy Co.*, 281 F.R.D. 499, 505 (W.D. Okla. 2012). And typicality, like other Rule 23 requirements, "is to be determined by relation back to the date of the initiation of [the] suit." *Esplin v. Hirschi*, 402 F.2d 94, 101 n.14 (10th Cir. 1968). *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 398 (1980) (citing, *inter alia*, *Gerstein v. Pugh*, 420 U.S. 103 (1975) (endorsing relation back for class actions challenging pretrial detention procedures); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011) (applying relation-back rule).

Here, the named Plaintiffs are detained under bail orders issued against them at first court appearance. Exs. 3–5 (Plaintiffs' Docket Sheets), Exs. 6–8 (Plaintiffs' Jail Declarations). These orders were issued at first court appearances that share the same procedural deficiencies typical of all first court appearances: without giving arrestees notice of the issues at stake or an opportunity to be heard, without holding the government to any burden of proof, without counsel for arrestees, and without making any findings whatsoever concerning the reason for pretrial

detention. Ex. 2 (Carter Declaration), Exs. 3–5 (Plaintiffs' Docket Sheets), Exs. 6–8 (Plaintiffs' Jail Declarations). The named Plaintiffs did not receive any unusual treatment that affects the typicality of their claims. Their claims arise from the same procedural deficiencies and are brought under the same legal theory; in other words, the experience of the named Plaintiffs exemplifies the typical way that procedural deficiencies at first court appearance harm the members of the class.

### D. The Named Plaintiffs Are Competent and Dedicated Class Representatives

Named Plaintiffs Misty White, Janara Musgrave, and Landon Proudfit also fulfill the final requirement under Rule 23(a): they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiffs and their counsel satisfy this requirement if they lack conflicts of interest with other class members, and they will "prosecute the action vigorously on behalf of the class." *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002) (quoting *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Dukes*, 564 U.S. at 338).

There are no known or potential conflicts of interest between Misty White, Janara Musgrave, and Landon Proudfit, Plaintiffs' counsel, and other class members. The interests of the named Plaintiffs and class members are aligned: all seek relief from unconstitutional pretrial detention. Neither the named Plaintiffs nor any class members benefit from pretrial detention in violation of due process.

Named Plaintiffs Misty White, Janara Musgrave, and Landon Proudfit are prepared to prosecute this action vigorously, with the support of counsel with significant experience in litigating complex civil rights actions like this one. These named Plaintiffs agreed to act as representatives for the class after meeting with members of the Plaintiffs' litigation team and discussing the responsibility of prosecuting a class action. Exs. 10–12 (Plaintiffs' 2025 Declarations). These named Plaintiffs can demonstrate familiarity with the allegations in this action, the concept of a class action, and the relief sought in this action. *See id.* They have remained in touch with Plaintiffs' counsel for the five years during which this motion has been pending and remain willing and able to fulfill their obligations as class representatives. *Id.*

Finally, with respect to the adequacy of Plaintiffs' counsel, the Court must consider factors including: "(i) the work counsel has done in identifying or investigating potential claims in this action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The undersigned counsel satisfy these criteria. Plaintiffs' counsel have undertaken significant work investigating the administration of first court appearances in Canadian County, and counsel have extensive individual and collective experience with civil rights litigation, complex class actions, and criminal law—including experience litigating federal class actions that raise similar claims. Exs. 13–14 (Counsel Declarations). This experience, and counsel's

ongoing commitment of resources to litigate this case, are detailed in counsel's attached declarations. *Id.*

## II. This Action Satisfies the Prerequisites of Rule 23(b)(2)

Certification is appropriate under Rule 23(b)(2) because the Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The rule is meant to capture civil rights cases, like the claim at issue here, in which "a single injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 564 U.S. at 360. Rule 23(b)(2) is "almost automatically satisfied" in actions primarily seeking injunctive relief. *Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994). "Factually different claims of individual class members should not preclude certification under Rule 23(b)(2) of a claim seeking the application of a common policy," especially "on behalf of a shifting prison population." *Shook*, 386 F.3d at 971–72 (internal quotation omitted) (quoting *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988)).

Courts across the country have certified classes under Rule 23(b)(2) in similar due process challenges to bail procedures. *See, e.g.*, *Medina*, 2024 WL 5186929; *Feltz* Order; *Booth*, 2019 WL 1129492; *Edwards v. Cofield*, No. 3:17-cv-321, 2018 WL 4323920 (M.D. Ala. Sept. 10, 2018); *Buffin v. City of San Francisco*, No. 15-cv-04959, 2018 WL 1070892 (N.D. Cal. Feb. 26, 2018); *ODonnell v. Harris Cty.*, No. 16-cv-1414, 2017 WL 1542457 (S.D. Tex. Apr. 28, 2017). Rule 23(b)(2) certification is also appropriate here.

## CONCLUSION

Plaintiffs respectfully request that the Court certify a class of "Arrestees who are detained under a bail order issued at first court appearance in Canadian County District Court," or, alternatively, a modified definition bringing this action within the scope of Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs further request that the Court appoint Misty White, Janara Musgrave, and Landon Proudfit as class representatives, and appoint the undersigned as class counsel.

Respectfully Submitted,

/s/ Trisha Trigilio

Trisha Trigilio*
Texas State Bar Number: 24075179
Brandon J. Buskey*
Alabama Bar Number: ASB2753-A50B
American Civil Liberties Union Foundation, Criminal Law Reform Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
trishat@aclu.org
bbuskey@aclu.org

Aaron Lewis*
California Bar Number: 284244
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
(424) 332-4800
alewis@cov.com

Weston Watts
Oklahoma Bar Number: 33299
Watts & Watts
1000 W. Wilshire Blvd., Suite 360
Oklahoma City, OK 73116

Megan Lambert
Oklahoma Bar Number: 33216
Adam Hines
Oklahoma Bar Number: 35640
Devraat Awasthi
Oklahoma Bar Number: 35544
American Civil Liberties Union of Oklahoma Foundation
P.O. Box 13327
Oklahoma City, OK 73113
(405) 525-3831
mlambert@acluok.org
ahines@acluok.org
dawasthi@acluok.org

Blake Johnson
Oklahoma Bar Number: 32433
Tyler Box
Oklahoma Bar Number: 31817
Justin Williams
Oklahoma Bar Number: 32539
Clayburn Curtis
Oklahoma Bar Number: 30538
Overman Legal Group, PLLC
809 NW 36th St.
Oklahoma City, OK 73118

watts.weston@gmail.com

*Attorneys for Plaintiffs*

*Admitted Pro Hac Vice

(405) 605-6718
blakejohnson@overmanlegal.com
tylerbox@overmanlegal.com
justinwilliams@overmanlegal.com
claycurtis@overmanlegal.com

**CERTIFICATE OF SERVICE**

I certify that I will file this motion via CM/ECF, which serves the motion on all counsel of record.

/s/ Trisha Trigilio
Trisha Trigilio*
Texas State Bar Number: 24075179
American Civil Liberties Union
Foundation, Criminal Law Reform
Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
trishat@aclu.org