# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MISTY WHITE, JANARA MUSGRAVE, and LANDON PROUDFIT, On behalf of themselves and all others similarly situated, and | |
| Plaintiffs, | |
| v. | **Case No: CIV-19-1145-JD** |
| HON. PAUL HESSE, in his official capacity as Chief Judge of the 26th Judicial District, and HON. DAVID HALLEY, in his official capacity as Special Judge in the Canadian County District Court, | |
| Defendants. | |

## CONSENT DECREE

## Table of Contents

**Page**

I.      **Introduction** ……………………………………………………………………    1

II.     **Parties and Purpose** ……………………………………………………    3

III.    **Stipulation to Class Certification and Class Counsel** …………………………    4

IV.     **Definitions**…………………………………………………………………………    4

V.      **Terms** ……………………………………………………………………….    5

VI.     **Reporting and Compliance** ……………..……………………………………    7

VII.    **Dispute Resolution Process** …………………………………..……………    8

VIII.   **Additional Provisions**………………………………………………………    9

IX.     **Reservation of Jurisdiction and Final Judgment**………………………………    12

## **CONSENT DECREE**

This matter comes before the Court on the Parties' *Joint Motion for Final Approval of the Consent Decree* [Doc. __] ("*Joint Motion*"). The Parties, by and through their respective counsel, have stipulated to the facts, recitals and law set forth herein, and to the certification of the Class as defined below, and hereby agree to enter this Consent Decree to resolve this Lawsuit under the terms and conditions set forth herein. The Court, having reviewed the *Joint Motion*, and the attachments thereto, having held a hearing on ____, 2025, and otherwise being fully advised, hereby FINDS good cause for entry of this Consent Decree and, therefore, GRANTS, the *Joint Motion* and ENTERS this Consent Decree on the following terms and conditions.

## I.     **Introduction**

1.      On December 10, 2019, Plaintiffs filed the original Complaint in this lawsuit ("Lawsuit"), which contained multiple claims for relief. The crux of the Lawsuit is the time that Plaintiffs and Class Members were waiting to appear before a judge for a bail determination and the procedures judges must follow in making a bail determination. On November 29, 2021, Plaintiffs filed the Amended Complaint, which is the operative complaint in this Lawsuit. [Doc. 64]. The Amended Complaint asserted claims for relief based upon the Equal Protection and Due Process clauses of the Fourteenth Amendment of the United States Constitution, the substantive and procedural components of the Due Process Clause of the Fourteenth Amendment, and the right to assistance of counsel under the Sixth Amendment.

2.      Again, Plaintiffs challenged the length of time the putative class of detainees are or were forced to wait for hearings and the adequacy of bail hearings. Plaintiffs alleged that these deficiencies violated the Class Members' rights secured under the constitutional provisions described above.

3.      Defendants filed a Motion to Dismiss the Amended Complaint.  The Court, after briefing, granted the Motion to Dismiss in part and denied it in part.  The only claim remaining after the Court's Order was the procedural due process claim under the Fourteenth Amendment against both the Chief Judge and the Special Judge.  [Doc. 90].

4.      Defendants filed their Answer on January 21, 2025.  [Doc. 97].

5.      On February 6, 2025, Plaintiffs filed their Amended Motion for Class Certification. [Doc. 102].  Defendants responded on February 27, 2025. [Doc. 113].  Plaintiffs filed their reply on March 14, 2025. [Doc. 118].  The Court has stayed its ruling on this motion pending resolution of the parties' settlement negotiations.  [Doc. 131].

6.      In February 2025, the parties began settlement negotiations, and in March 2025, Magistrate Judge Stephens conducted a settlement conference.  After the settlement conference, the parties, with the assistance of Magistrate Judge Stephens, continued settlement negotiations. After extensive arm's length negotiations, the parties reached an agreement, which is encompassed in the proposed Consent Decree.

7.      On August 29, 2025, the Parties filed their final *Joint Motion for Preliminary Approval of the Consent Decree* [Doc. __], declaring that the Parties had resolved all claims in the Lawsuit, including agreed conditions and terms to improve the timing and process for bail determinations, which are reflected in this Consent Decree.  The Parties represented, and the Court agrees, that it is in the Parties' best interest, and the best interests of the Class, to avoid protracted, costly, and uncertain litigation, and to resolve this Lawsuit in accordance with the terms and conditions set forth in this Consent Decree.

8.      On _____, 2025, the Court held a hearing on the Parties' *Joint Motion for Preliminary Approval of the Consent Decree* [Doc. __].  At the hearing, after inquiry with the

Parties' counsel, the Court approved the method and content of Notice to the proposed class; certified the class and appointed class counsel pending final approval.  The Court further indicated its intent to enter this Consent Decree after the filing of the *Joint Motion for Final Approval*, the notice being given to the class and conducting a Final Hearing.

9.      On _____, 2025, the Court held a hearing on the Parties' *Joint Motion for Final Approval of the Consent Decree* [Doc. __] after notice as set forth in the Order granting the *Joint Motion for Preliminary Approval of the Consent Decree* was given.  At this hearing, the Court considered any objections submitted, heard from Class Counsel and Defendants' counsel, and considered the factors for final approval of the Consent Decree.

## II.    Parties and Purpose

10.     The Plaintiffs are the individuals Misty White, Janara Musgrave, and Landon Proudfit (hereinafter collectively, the "Named Plaintiffs").  The Named Plaintiffs were, and the Class Members are currently or may be in the future, detained in the Canadian County Detention Center at the time of their first appearance before a judge in the Twenty-Sixth Judicial District of Oklahoma for a bail determination.  Defendants stipulate and agree that the Named Plaintiffs have standing to request the Court enter the Consent Decree and to enforce the terms thereof.

11.     Defendant Paul Hesse is sued in his official capacity as the Chief Judge of the Twenty-Sixth Judicial District of Oklahoma which is in Canadian County.  Defendant David Halley is sued in his official capacity as a Special Judge of Canadian County District Court.

12.     The Parties have agreed to Terms set out in Section V below.

13.     Notwithstanding the Parties' joint request to enter this Consent Decree, Defendants deny liability for all claims asserted in the Lawsuit and agree to enter this Consent Decree solely to avoid protracted and uncertain litigation.

14.     The Parties have entered into this Consent Decree to focus their resources on improving Canadian County's bail determination procedures for individuals accused of crimes while they await trial.  The Parties believe, and the Court agrees, that this Consent Decree, and the Terms adopted herein, is a fair and reasonable resolution of the Lawsuit and in the Class Members' best interest.

## III.    Stipulation to Class Certification and Class Counsel

15.     In accordance with Fed. R. Civ. P. 23(e), the Parties stipulate to certify the following Class for purposes of settlement.  The Court hereby finds that certification of this Class complies with Fed. R. Civ. P. 23(e) and is reasonable and required to effectuate the purposes of this Consent Decree.  Therefore, the Court hereby certifies the following Class of persons under Fed. R. Civ. P. 23(b)(2) to whom the benefits of the Consent Decree generally apply:

> Any person who is or will be booked into the Canadian County Detention Center and is detained at the time of their first appearance before a judge in the Twenty-Sixth Judicial District on either an arrest for a criminal offense without a warrant or on a warrant for new charges.  This class does not include:  (1) any person only detained on warrants for post-conviction applications or motions, (2) any person only detained on warrants for failure to appear or comply with orders of the Court after release in criminal matters, or (3) any person only detained on a warrant and in custody pursuant to a writ of habeas corpus.

16.     The Parties also stipulate that Brandon Buskey, Megan Lambert, and Aaron Lewis satisfy the requirements for, and should be appointed as, Class Counsel under Fed. R. Civ. P. 23(g).  The Court, having considered the required factors under Rule 23(g), agrees and hereby appoints Brandon Buskey, Megan Lambert, and Aaron Lewis as Class Counsel.

## IV.    Definitions.

17.     "Class" or "Class Members" means the persons who have been, are, or will be during the term of the Consent Decree members of the Class as defined in paragraph 15 above.

18.     "Class Counsel" means Brandon Buskey, Megan Lambert, and Aaron Lewis.

19.    "OIDS" means the Oklahoma Indigent Defense System.

20.    "Quarterly Report" means the documents submitted to Class Counsel on a quarterly basis that include:  (1) one or more spreadsheets, including the Release Recap Report and Custody Status Report, evidencing the individuals detained in the Canadian County Detention Center  for all three months of the quarter; (2) the Bail Determination Orders  and orders denying bail for one full week of each month of the quarter, with the week for each month to be selected at random by defense counsel; (3) the Financial Affidavits for the Bail Determination Orders, to the extent they are filled out and filed of record with the Court Clerk; and (4) the Jail Rosters received by Judge Hesse indicating the length of time individuals have been held without charge for the first and third weeks of each month of the quarter.  For purposes of this paragraph, "week" means a seven (7) day period beginning on a Monday and ending on a Sunday. The parties may adjust the requirements of the Quarterly Report by written agreement.

## V.    The Terms

21.    Defendants agree to the following:

(a) For arrestees detained on misdemeanors, Local Rule 7 will be modified to change the charging deadline to five (5) calendar days, except for arrestees detained on (1) negligent homicide; (2) driving or being in actual physical control of a motor vehicle while impaired or under the influence of alcohol or other intoxicating substance; (3) resisting or obstructing an officer; (4) eluding or attempting to elude a law enforcement officer; (5) an act constituting domestic abuse, stalking or harassment; or (6) a violation of an order of protection, all of which will continue to have a charging deadline of ten (10) calendar days.

5

(b) For arrestees detained on non-violent felonies, Local Rule 7 will be modified to change the charging deadline to seven (7) calendar days.  The charging deadline for violent felonies, as defined by 57 O.S. § 571(2), will continue to be ten (10) calendar days.

(c) Defendants will make all reasonable efforts to ensure that the Sheriff provide Class Members with the Notice, attached as Exhibit 1, at booking into the Canadian County Detention Center.  The Notice will be provided in English and Spanish. Translation of the Notice to other languages will be dependent upon need.

(d) Defendants will make all reasonable efforts to ensure that the Sheriff provide Class Members with the Financial Affidavit, attached as Exhibit 2, at booking into the Canadian County Detention Center.  If individuals fill out the form and submit it to the Court for consideration, the form will be filed with the Court Clerk.

(e) Defendants will make all reasonable efforts to ensure that the Sheriff provide Class Members with an application for court-appointed counsel through OIDS, attached as Exhibit 3, at booking into the Canadian County Detention Center.

(f) Defendants will use the Bail Determination Order form, attached as Exhibit 4, for making initial bail determinations when in-custody arrestees appear before a judge before charges are filed or when an in-custody defendant appears before a judge for the first time after charges are filed, except that Defendants will not use the Bail Determination Order form to deny bail.  Instead, Defendants will only use the Bail Determination Order form to issue an order of release on

6

personal recognizance or an order imposing secured bond.  For orders denying bail, Defendants will comply with the procedural and substantive requirements set forth in *Brill v. Gurich*, 1998 OK CR 49 (1998).  This Consent Decree does not impair a judge in the Twenty-Sixth Judicial District's discretion when making a bail determination and is not a prohibition on the imposition of monetary conditions in a bail determination or the denial of bail in appropriate circumstances.

(g) Defendants will submit Quarterly Reports to Class Counsel starting on the first quarter to occur after the Consent Decree is entered by the Court.

(h) Class Members will have a bail determination made within 72 hours of booking into the Canadian County Detention Center, excluding exigent circumstances beyond the court's control, on a case-by-case basis.

## VI.    Measures of Compliance

22.    **Bail Determination Orders.**  Defendants shall use best efforts to meet the objective of completing Bail Determination Order forms.  "Best efforts" for determining compliance with this paragraph shall mean that, in cases where the judge imposes a secured bond, Defendants have completed both the factors and findings portions of the "Bail Determination Order" forms, in paragraph 21(f) above, for at least ninety-five percent (95%) of the forms submitted in the Quarterly Report.  The parties may adjust the percentage requirement by written agreement.

23.    **Distribution of Notice, Financial Affidavit, and OIDS Application.**  Defendants will make all reasonable efforts to ensure that the non-party Sheriff who controls the Canadian County Detention Center distribute the Notice described in paragraph 21(c) above, the Financial

Affidavit described in paragraph 21(d) above, and the OIDS Application described in paragraph 21(e) above to Class Members. Defendants shall request confirmation from the Sheriff that these documents are being distributed as requested and report to Class Counsel on the same when producing the Quarterly Report.

**VII.        Dispute Resolution Process.**

24.    Within twenty-one (21) days after receiving a Quarterly Report by Class Counsel, Class Counsel shall notify Defendants in a writing, which includes reasonably detailed information, of any alleged noncompliance ("Notice of Noncompliance"). Noncompliance may include Defendants' failure to meet "best efforts" as defined in paragraph 22, or a failure to make good faith efforts to comply with the terms of paragraphs 21 and 23. Within fourteen (14) days of receipt of a Notice of Noncompliance, the Parties must meet and confer in good faith to attempt to resolve the noticed issues. If the Parties are unable to agree to a resolution in their meet and confer efforts, Class Counsel or Defendants may file a motion with the Court seeking assistance.

25.    Any Party may file a motion with the Court seeking relief related to any issue embraced in a Notice of Noncompliance, including a request for contempt remedies for material violations. However, no Party may seek relief for any dispute related to, or alleged non-compliance with, the terms of this Consent Decree without first going through the meet and confer process.

26.    The Plaintiffs are entitled to recover their reasonable attorneys' fees and expenses in litigating a motion by Plaintiffs to enforce the terms of the Consent Decree, if Plaintiffs are the prevailing party with respect to such a motion; however, should the Court deny the relief sought on grounds that Plaintiffs' action is frivolous, unreasonable, or without foundation, Defendants

may seek an award of the reasonable attorneys' fees and costs incurred in responding to Plaintiffs'
attempt to seek such enforcement.

## VIII.   Additional Provisions.

27.    **Term of Consent Decree**.  The term of this Consent Decree shall be twenty-four
(24) months from the date of final approval and entry by the Court, subject to the following
provisions:

a.    If Class Counsel believes Defendants are not in substantial compliance with

the Terms, Plaintiffs may, at least ninety (90) days before the end date of

the Consent Decree, file a motion to extend the duration of the Consent

Decree and this Court's jurisdiction thereover.  Upon the filing of such a

motion, the Court shall determine, after an evidentiary hearing, whether

Defendants have achieved substantial compliance.

b.    If the Court finds Defendants have not achieved substantial compliance for

at the hearing on Plaintiffs' extension motion, the Court may extend the

term of the Consent Decree and retain jurisdiction for a period of time

determined by the Court to ensure that Defendants come into compliance.

If the Court determines that Defendants have achieved substantial

compliance, the Court shall terminate the Consent Decree at the twenty-four

(24) month end date.

c.    For purposes of paragraph 25, "Substantial Compliance" means Defendants

have not had a Notice of Noncompliance in the second twelve (12) month

period of the twenty-four (24) month period.

28.     **Persons Bound**.  This Consent Decree shall be binding on all Defendants and their successors, together with their officers, agents and employees, unless otherwise prohibited by state or federal law.

29.     **Representations and Warranties**.  Each Party to this Consent Decree represents, warrants, and agrees as follows:

      a.     It has fully and carefully reviewed this Consent Decree prior to its execution by an authorized representative.

      b.     The persons executing this Consent Decree are authorized by the Parties to do so.

      c.     It has consulted with its attorneys regarding the legal effect and meaning of this Consent Decree and all terms and conditions thereof, and it is fully aware of the contents of this Consent Decree and its legal effect.

      d.     It has had the opportunity to make whatever investigation or inquiry it deems necessary or appropriate in connection with the subject matter of this Consent Decree.

      e.     It has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity any claims that it might have against the other.

      f.     It is executing this Consent Decree voluntarily and free from any undue influence, coercion, duress, or fraud of any kind.

30.     **Waiver**.  No waiver of any of the provisions of this Consent Decree shall be deemed or constitute a waiver of any other provision, whether or not similar, nor shall any waiver constitute

a continuing waiver. No waiver shall be binding unless executed in writing by the Party making the waiver.

31.    **Modification**.  Unless otherwise specified, this Consent Decree cannot be modified except by written agreement of the Parties approved by the Court, or by Court order.

32.    **Notices**.  Any notice, report, or other communication required or permitted under this Consent Decree shall be in writing and shall be deemed to have been duly given when:  (i) mailed by United States registered or certified mail, return receipt requested; (ii) mailed overnight express mail or other nationally recognized overnight or same-day delivery service; (iii) sent as a PDF attachment to electronic mail; or (iv) delivered in person, to the Parties at the following addresses:

> To Plaintiffs' Class Counsel:
>
> Brandon J. Buskey
> American Civil Liberties Union Foundation
> Criminal Law Reform Project
> 125 Broad Street, 18th Floor
> New York, NY 10004
> Telephone: (212) 549-2500
> bbuskey@aclu.org
>
> Megan Lambert
> American Civil Liberties Union of Oklahoma Foundation
> P.O. Box 13327
> Oklahoma City, OK 73113
> Telephone: (405) 525-3831
> mlambert@acluok.org
>
> Aaron Lewis
> Covington & Burling LLP
> 1999 Avenue of the Stars
> Los Angeles, CA 90067-4643
> Telephone: (424) 332-4800
> alewis@cov.com

To Defendants:

Erin M. Moore
Jacy Sullivan
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921
erin.moore@oag.ok.gov
jacy.sullivan@oag.ok.gov

A Party may change the names or addresses where notice is to be given by providing notice to the other Parties of such change in accordance with this Paragraph.

## IX.    Reservation of Jurisdiction and Final Judgment.

33.    The Court hereby retains continuing jurisdiction over this Consent Decree to enforce its provisions, and to take other actions ancillary thereto, for the term of the Consent Decree.

34.    Upon the expiration of the term of this Consent Decree set forth in paragraph 25, all claims in the Lawsuit will be deemed dismissed with prejudice, unless Class Counsel on behalf of the Class has moved for an extension under paragraph 25 above.  If no motion has been filed pursuant to paragraph 25 and the twenty-four month period has expired, Defendants may request a formal order dismissing the case with prejudice from the Court.

35.    Based on the papers filed in this Lawsuit, the representations of the Parties' counsel, and the stipulations contained herein, the Court hereby enters this Consent Decree as a final judgment under Federal Rules of Civil Procedure 54 and 58.

IT IS SO ORDERED, this ___ day of _____, 2025.

_____
Honorable Jodi W. Dishman
United States District Court Judge

APPROVED AS TO FORM AND CONTENT:


Megan Lambert
Oklahoma Bar Number: 33216
American Civil Liberties Union of Oklahoma Foundation
P.O. Box 13327
Oklahoma City, OK 73113
Telephone: (405) 525-3831
mlambert@acluok.org

Brandon J. Buskey*
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
bbuskey@aclu.org

Aaron Lewis*
California Bar Number: 284244
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
alewis@cov.com

***Class Counsel for Plaintiffs***

*Admitted Pro Hac Vice



Erin M. Moore
Oklahoma Bar Number: 20787
Jacy Sullivan
Oklahoma Bar Number: 33858
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
erin.moore@oag.ok.gov
jacy.sullivan@oag.ok.gov

**_Counsel for Defendants_**

# NOTICE

This Notice is intended to provide arrested individuals detained in the Canadian County Detention Center information about the Court setting bail.

_If you have not been arrested based on a warrant_, the Court will review the reason(s) for arrest on the arrest affidavit. If you do not post bail pursuant to the Bail Schedule or no bail is available to you under the Bail Schedule, the Court will set bail for you based on relevant information available to the Court and the Financial Affidavit supplied to you to fill out. The Court may also order appropriate, non-cash bail conditions.

_If you have been arrested based on a warrant_, the Court has already found probable cause for your arrest and may or may not set a bail amount. If you have not posted the bail amount on the warrant or no amount was set, the Court will have you appear before it to set bail. The Court may also assess appropriate, non-cash bail conditions.

The Court will tell you that it is considering bail and appropriate bail conditions during your appearance.

---

**When the Court is considering a bail amount, appropriate bail conditions, or whether to deny bail, the following factors are considered:**

a.  The seriousness of the crime charged against you;

b.  The apparent likelihood of conviction and the extent of the punishment prescribed by the Legislature;

c.  Your criminal record, if any, and previous record on bail, if any;

d.  Your reputation;

e.  Your mental condition;

f.  The length of your residence in the community;

g.  Your family ties and relationships;

h.  Your employment status and record of employment;

i.  Your financial condition;

j.  The identity of responsible members of the community who would vouch for your reliability;

k.  Any other factors indicating your mode of life, ties to the community, and bearing on the risk of failure to appear.

---

_The Financial Affidavit is important and should be filled out so the Court may properly set bail and assess your bail conditions._

Additionally, depending on when you appear before the Court, the Court may advise you of the charges against you, your right to request representation, and other rights depending upon the nature of your appearance before the Court.

**_The Jail staff will not answer questions about this Notice. If you have questions, please ask the Court at your appearance._**



EXHIBIT
1

_June 2025_

 DISTRICT COURT OF CANADIAN COUNTY, STATE OF OKLAHOMA

**AFFIDAVIT OF FINANCIAL CONDITION**

Name: _____ DOB: _____ SS#: _____
      Last, First, Middle Initial                      MM/DD/YEAR

**The information below will be used to assess alternatives to imposing bail as a condition of release.**

What is the most money you could reasonably pay to get out of jail within 24 hours?  $_____

Do you receive any type of public assistance? _____ Source of benefits: _____

Are you currently out on an appearance bond? _____ If yes, where? _____

**RESIDENCE**

Address: _____ City: _____ State: _____

How long lived at this address: _____ Own, Rent, Other: _____

Identify the people in your immediate family or household that rely on you for financial support:

| Full name | Relationship | Age |
|-----------|--------------|-----|
|           |              |     |
|           |              |     |
|           |              |     |
|           |              |     |

**EMPLOYMENT**    Are you currently employed? _____ How long have you been employed?_____

Employer: _____ Job: _____ Monthly Salary: $_____

Employer's Address: _____ Employer's tel. #: _____

Spouse's Employer: _____ Job: _____ Monthly Salary: $_____

**FINANCIAL STATUS**

Total Family Monthly Income:  $_____ Total Family Monthly Expenses:  $_____

Cash on hand:  $_____ Amount in Savings/Checking Account:  $_____

Assets owned: _____

Other information about inability to pay bail:

_____

_____

Special needs:_____

**I swear under penalty of perjury that all of the above information is true, correct, and complete.**

Date: _____ Signature: _____

Subscribed and sworn to before me this _____ day of _____, 2020.

My Commission Expires: _____ Notary Public: _____

EXHIBIT

2

October 2024                                                                 Form 13.3 (modified)

## IN THE DISTRICT COURT OF CANADIAN COUNTY
## STATE OF OKLAHOMA

**STATE OF OKLAHOMA, Plaintiff,**
**vs.**                                                   Case No. _____

_____, Defendant

(first name        middle name        last name)

## APPLICATION FOR COURT-APPOINTED COUNSEL AND AFFIDAVIT REGARDING ABILITY TO PAY

[This affidavit and any supporting documents shall not be visible on a court-controlled website. 22 O.S. § 983(I)].

I am requesting court-appointed counsel. I understand that:

- I must fill in all blanks. Write "No" or "None" if a blank does not apply.
- A nonrefundable application fee of $40 shall be paid to the court clerk at the time the application is submitted. The fee may be deferred if the Court determines that you do not have the financial resources to pay the fee at time of application. 22 O.S. § 1355A(A).
- I may be ordered to pay the costs for representation as provided by statute. 22 O.S. § 1355.14.

I,_____, SS# XXX-XX-_____,
   *Name*

_____, Phone_____
*Street Address*                            *City*          *State*

upon oath, do depose and state as follows:

## GOVERNMENT BENEFITS

Do you receive (circle <u>ALL</u> that apply):

SNAP (food stamps)        WIC        TANF        SSI        SSDI

Tribal Disability        Veterans Disability        Section 8 (Housing Choice Voucher)

Total amount of government assistance received (monthly):_____

Other housing assistance (be specific):_____

Other federal need-based support (be specific): _____

Proof is attached for the following programs: _____

**EXHIBIT**

**3**

October 2024                                              Form 13.3 (modified)

## PERSONS IN HOUSEHOLD

Is Person a Dependent?

Spouse: _____  ☐ Yes   ☐ No

Children: _____  ☐ Yes   ☐ No

_____  ☐ Yes   ☐ No

_____  ☐ Yes   ☐ No

_____  ☐ Yes   ☐ No

Others: _____  ☐ Yes   ☐ No

Are you claimed as a dependent by a parent or guardian?  ☐ Yes   ☐ No

If so, explain: _____

## INCOME/EMPLOYMENT

Do not list any disability or other government benefits listed above.

Are you currently employed? Yes / No     How long employed/unemployed? _____

Earnings (take home pay per month):

_____

Highest Grade/Degree completed:     _____

In the past ten (10) years, what was your longest term of employment? (employer/job title/how long)

_____

Are you currently still doing that type of work? Yes / No

If no, describe any barriers preventing you from going back to that type of work:

_____

Do you have any physical or mental health conditions that make it difficult for you to work or manage your money?  If yes, describe:

_____

2

October 2024                                                      Form 13.3 (modified)

List any other reasons you would like the judge to know about why it is difficult for you to earn enough income to pay your fines/fees off:

_____

_____

## ASSETS

Do you own the following:

Your Home:                    Yes / No

The land your home is on:     Yes / No

Vehicle:    Yes / No (With Loan Yes / No)

Bank Accounts:  Yes/No       Value: _____

| | |
|---|---|
| Investments (stocks/bonds):  Yes / No | |
| Other land/homes:            Yes / No | |
| More than one vehicle:       Yes / No (Car, truck, motorcycle, Boat, ATV, etc.) | |

If you answered "Yes" to any of the answers in the box above, please describe this property:

_____

_____

## EXPENSES

List your expenses.  The Court may ask you to provide proof of these expenses, so bring proof with you to your cost hearing.

| Expense: | Amount: | Last time late (or amount behind): | Expense: | Amount: | Last time late (or amount behind): |
|---|---|---|---|---|---|
| Rent/Mortgage | _____ | _____ | _____ | _____ | _____ |
| Utilities (Water/Phone/Power) | _____ | _____ | _____ | _____ | _____ |
| Car payment | _____ | _____ | _____ | _____ | _____ |
| Insurance | _____ | _____ | _____ | _____ | _____ |
| Child care/expenses | _____ | _____ | _____ | _____ | _____ |
| Medical Bills Insurance/Prescriptions | _____ | _____ | _____ | _____ | _____ |

October 2024                                                    Form 13.3 (modified)

List any additional expenses:

_____

_____

Do you pay child support? Yes / No        If so, how much per month? _____

Are you behind on child support? Yes / No   If so, how much? _____

Do you have to pay any other expenses on these cases (restitution, DA fees, probation fees, drug test fees)?  If yes, please describe.

_____

_____

When was the last time you had difficulty paying for food? What did you do?

_____

_____

When was the last time you had difficulty paying for housing? What did you do?

_____

_____

_____

## OTHER INFORMATION

A.  Have you transferred or sold any assets since charges were filed in this case? ☐ Yes ☐ No

   If so, describe the buyer and the amount received: _____

   _____

B.  Have you retained counsel in this case or any other pending criminal case? ☐ Yes ☐ No

C.  If so, state the case number, court, attorney and amount paid to attorney for services:

   _____

October 2024                                                          Form 13.3 (modified)

D.  If you have posted bond, who provided the funds for the bond?

_____

E.  Do you have any friends or relatives who are able and willing to assist you in hiring counsel and
    paying for transcripts?                                    ☐ Yes  ☐ No
    If so, have these persons been asked to help?              ☐ Yes  ☐ No

F.  If a friend or relative has given previous financial assistance in this case, including the posting of
    bond, but is no longer able or willing to do so, an affidavit to that effect from that person shall be
    attached, stating why such help is no longer available.

    Is that affidavit attached? ☐ Yes ☐ No

## ATTORNEYS CONTACTED FOR REPRESENTATION

You must contact three (3) attorneys licensed to practice law in Oklahoma if you have been
released on bond.  The attorneys I have contacted are:

1. Name: _____ Date Contacted: _____
   Can you afford to hire this attorney? ☐ Yes ☐ No

2. Name: _____ Date Contacted: _____
   Can you afford to hire this attorney? ☐ Yes ☐ No

3. Name: _____ Date Contacted: _____
   Can you afford to hire this attorney? ☐ Yes ☐ No

October 2024                                                    Form 13.3 (modified)

I declare under penalty of perjury that the information I have provided is true and correct. I understand that I may be prosecuted for providing false information in this Application.

I further swear and affirm that I am without funds or other sources of income to pay an attorney or to pay for transcripts and costs associated with this case. I understand I am under a continuing obligation to keep this Court informed of any changes in my financial status and this Court may conduct another hearing to determine my indigent status at any time. I further understand that this application is signed under oath and under penalty of perjury and that a false statement may be prosecuted as such.

_____                    _____
Date                                        Applicant's Signature

Subscribed and sworn to before me this _____day of _____20_____.

State of Oklahoma
County of Canadian

_____
Notary Public (or Clerk or Judge)           My Commission Expires _____

### **ORDER**

The Court hereby appoints attorney _____to represent the applicant in the above styled case(s) after an initial determination of indigency.

I hereby defer $_____of the $40.00 application fee to attach as a court fee upon conviction.

_____
**JUDGE OF THE DISTRICT COURT**

6

**IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA**

**STATE OF OKLAHOMA, Plaintiff,**
**vs.**                                                    Case No. _____

_____, **Defendant**
(first name      middle name       last name)

### A F F I D A V I T
(Supplement to Application for Court-Appointed Counsel)

STATE OF OKLAHOMA                    )
                                     )    ss.
COUNTY OF CANADIAN                   )


I, _____ being first duly sworn upon my oath, state as follows:
                    (*print name*)

I have given previous financial assistance in this case to _____,
                                                          (*name of Defendant*)
including the posting of bond, but I am no longer able or willing to do so for the following reason(s):

_____

_____

_____

_____


                              _____
                              (Signature)


Subscribed and sworn to before me this_____ day of _____, 20_____.

(seal with expiration)


                              _____
                              Notary Public / Judge

**IN THE DISTRICT COURT IN AND FOR CANADIAN COUNTY**
**STATE OF OKLAHOMA**

| | | |
|---|---|---|
| STATE OF OKLAHOMA, | ) | Case No(s): _____ |
|      Plaintiff, | ) | |
| | ) | _____ |
| v. | ) | |
| | ) | _____ |
| _____ | ) | |
|      Defendant. | ) | |

**COURT'S FINDINGS FOR PURPOSES OF INITIAL BAIL DETERMINATION**

NOW, on this _____ day of _____, 20____, the above styled and numbered matter(s) comes on for Initial Bail Determination.

**The Court has reviewed the following:** ☐ PC Affidavit ☐ Criminal History ☐ Testimony of Witness(es) ☐ Financial Affidavit ☐ Other:_____

**The Court considered and found (only check box if factor found to exists):**

☐ Serious offense (violent offense, serious drug offense)   ☐ Threat to self or others/safety risk
☐ Apparent likelihood of conviction   ☐ Mental Health history/Physical Disability
☐ Resident of Canadian County ___(length)   ☐ Ties to the community
☐ Currently on probation or has cases pending   ☐ Risk of Failure to Appear/Has FTAs
☐ Likely to reoffend (criminal/bail history)   ☐ History of Drug Use
☐ Currently out on bond   ☐ Employed FT or PT
☐ Is unemployed.   ☐ Has financial resources available to post bond imposed
☐ Receives public benefits   ☐ Does not have financial resources available to post bond imposed
☐ Receives disability benefit   ☐ Is ineligible for a personal recognizance bond because of the
☐ Availability of resources is unknown at time of hearing   offense for which he/she was arrested.
☐ Other:_____

**The Court FINDS** the Arrestee: ☐ **does not** present a flight risk, **or** ☐ **does** present a flight risk AND
the Arrestee: ☐ **does not** present a safety risk, **or** ☐ **does** present a safety risk.

☐ **Order of Release on Personal Recognizance**. Based upon the **flight risk** and/or **safety risk** found above, the Court finds release on personal recognizance is authorized and granted. The arrestee shall appear in court as directed by the Court and will not commit violations of City, State, or Federal law.

☐ **Order Imposing Secured Bond**. Based upon the **flight risk** and/or **safety risk** found above, the Court finds that the amount of secured bond ordered below is necessary and that non-monetary conditions alone will not reasonably ensure the arrestee's appearance and/or the community's safety. The arrestee shall appear in court as directed by the Court and will not commit violations of City, State, or Federal law. To address the specified risk(s), the Court imposes bond for:

_____ - $_____      _____ - $_____
     (Offense)                                         (Offense)
_____ - $_____      _____ - $_____
     (Offense)                                         (Offense)
_____ - $_____      _____ - $_____
     (Offense)                                         (Offense)
_____ - $_____      _____ - $_____
     (Offense)                                         (Offense)

_____

☐ **Additional Conditions of Release Ordered:**   ☐ No Contact Order with _____
☐ GPS to be monitored by DOC (Aggravated trafficking 63 OS 2-420(A))
☐ Other: _____

**EXHIBIT**

**4**

_____
**JUDGE OF THE DISTRICT COURT**