IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MISTY WHITE, JANARA MUSGRAVE, and LANDON PROUDFIT, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HON. PAUL HESSE, in his official capacity as Chief Judge of the 26th Judicial District and HON. DAVID HALLEY, in his official Capacity as Special Judge in the Canadian County District Court, <br><br> Defendants. | Case No. CIV-19-1145-STE |

## ORDER GRANTING PRELIMINARY APPROVAL OF THE CONSENT DECREE, CLASS CERTIFICATION, AND PLAN OF NOTICE TO CLASS

This is a class action lawsuit brought by Plaintiffs Misty White, Janara Musgrave, and Landon Proudfit, on behalf of themselves and all others similarly situated (Plaintiffs), against Defendant Judges, the Honorable Paul Hesse in his official capacity as Chief Judge of the 26th Judicial District and the Honorable David Halley, in his official capacity as Special Judge in the Canadian County District Court, alleging that the bail system as administered by the aforementioned Chief Judge and the Special Judge in Canadian County violated the Equal Protection Clause, the procedural and substantive components of the Fourteenth Amendment's Due Process Clause, and the Right to Counsel Clause of the Sixth Amendment of the United States Constitution. Specifically, Plaintiffs challenge

the length of time the putative class of detainees are or were forced to wait for hearings and the adequacy of bail hearings, in violation of the aforementioned provisions of the Constitution.

On August 29, 2025, the parties filed a Joint Motion for Preliminary Approval of the Consent Decree, Class Certification, and Plan of Notice to Class (Joint Motion for Preliminary Approval). The proposed settlement consists of a two-year Consent Decree,[1] see ECF No. 141-1, with the terms set forth in Section V of said document, which provides:

- Certain information should be collected and provided to the Court or inquired into when a Class Member appears for a bail determination;

- Notice of certain information should be provided to Class Members upon booking in the Canadian County Detention Center;

- Certain information should be reduced to a written form when the Court makes a bail determination; and

- Compliance with the Consent Decree shall be ensured via a certain period of monitoring by Class Counsel—i.e.—Defendants must submit documents to Class Counsel on a quarterly basis so compliance with the Consent Decree may be monitored.

See ECF No. 141-1.

On November 24, 2025, the Court held a telephonic hearing on the Joint Motion for Preliminary Approval. Appearing at the hearing were Brandon J. Buskey, Megan Lambert and Aaron Lewis as Plaintiffs' counsel; and Erin M. Moore and Jacy Chafin

---

[1] The parties have agreed that if the Court determines, upon Plaintiffs' motion, that Defendants have not been in compliance, the Court may extend the term of the Consent Decree and retain jurisdiction for a period of time determined by the Court to ensure that Defendants come into compliance with the terms of the proposed consent decree. See ECF No. 141:5.

Sullivan as Defendants' counsel. During the hearing, the Court confirmed the parties' stipulations as set forth therein, including: class certification, the appointment of class counsel, and the terms of the proposed Settlement/Consent Decree. Upon reviewing the Joint Motion for Preliminary Approval, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

    1. For purposes of this Order, the Court adopts all defined terms as set forth in the Consent Decree unless otherwise defined herein.

    2. The Court finds the class should be certified for the purposes of this settlement, as the class meet all certification requirements of Federal Rule of Civil Procedure 23 for a settlement class. The certified Settlement Class is defined as:

> Any person who is or will be booked into the Canadian County Detention Center and is detained at the time of their first appearance before a judge in the Twenty-Sixth Judicial District on either an arrest or a warrant for new charges. This class does not include: (1) any person only detained on warrants for post-conviction applications or motions; (2) any person only detained on warrants for failure to appear after release or failure to comply with orders of the Court after release in criminal matters; or (3) any person only detained on a warrant and in custody pursuant to a writ of habeas corpus.

    3. The Court finds the above-defined Settlement Class satisfies all prerequisites of Federal Rule of Civil Procedure 23(a) for purposes of the proposed class settlement:

        a. **Numerosity**. Plaintiffs have demonstrated "[t]he class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). The Tenth Circuit has not adopted a set number as presumptively sufficient to meet this burden, and there is "no set formula to determine if the class is so numerous that

it should be so certified." *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006). Whether a class satisfies the numerosity requirement is "a fact-specific inquiry" that district courts have "wide latitude" in determining. *In re Cox Enters., Inc.*, No. 12-ML-2048-C, 2014 WL 104964, *3 (W.D. Okla. Jan. 9, 2014) (quoting *Trevizo*, 455 F.3d at 1162). Here, the Settlement Class consists of "any person who is or will be booked into the Canadian County Detention Center and is detained at the time of their first appearance before a judge in the Twenty-Sixth Judicial District on either an arrest or a warrant for new charges." *See supra*. Therefore, the Court finds the numerosity prerequisite is undoubtedly met.

b. **Commonality**. Plaintiffs have also demonstrated "[t]here are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2).

c. **Typicality.** Plaintiffs have also shown "[t]he claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3).

d. **Adequacy**. Plaintiffs and Plaintiffs' Counsel have demonstrated "[t]he representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4).

In addition, because the Court finds Plaintiffs and Plaintiffs' Counsel to be adequate representatives of the Settlement Class, the Court hereby appoints Plaintiffs Misty White, Janara Musgrave, and Landon Proudfit as Class

Representatives; and further appoints Brandon Buskey as Plaintiffs' Counsel and Megan Lambert and Aaron Lewis as Co-Lead Class Counsel.

4. The Court also finds the requirements of Federal Rule of Civil Procedure 23(b)(3) are met:

    a. **Predominance**. Class Representatives have shown "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3).

    b. **Superiority**. Class Representatives have also established "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3).

In sum, the Court finds all prerequisites and requirements of Federal Rule of Civil Procedure 23(a)–(b) are satisfied, and the Settlement Class is hereby certified for the purposes of this Consent Decree. The Settlement Class is certified for settlement purposes only. In determining whether the requirements of Rule 23 have been satisfied for purposes of certifying the above class for settlement purposes, the Court has taken into account the fact of settlement and its impact upon the factors required for certification of the Settlement Class. Among other impacts of settlement, the Court need not inquire whether the case, if tried, would present intractable case management problems, as the result of settlement is that there will be no trial. Because this case has been settled at this stage of the proceedings, the Court does not reach, and makes no ruling either way,

as to the issue of whether the Settlement Class certified by agreement here for settlement purposes could have ever been certified in the litigation as classes for litigation purposes.

5. The Court preliminarily finds: (a) the proposed Settlement/Consent Decree resulted from extensive arm's-length negotiations; (b) the proposed Settlement/Consent Decree was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weakness of Class Representatives' and the Settlement Class' claims; (c) Class Representatives and Class Counsel have concluded that the proposed Settlement/Consent Decree is fair, reasonable, and adequate; and (d) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement/Consent Decree to the Settlement Class.

6. Having considered the essential terms of the Settlement/Consent Decree under the recognized standards for preliminary approval as set forth in the relevant jurisprudence, the Court preliminarily approves the Settlement/Consent Decree, subject to the right of any member of the Settlement Class to challenge the fairness, reasonableness, and adequacy of any part of the Settlement/Consent Decree and to show cause, if any exists, why a final Judgment dismissing the Litigation based on the Settlement Agreement should not be ordered after adequate notice to the Settlement Class has been given in conformity with this Order. As such, the Court finds that those Class Members whose claims would be settled, compromised, dismissed, and released pursuant to the Consent Decree should be given notice and an opportunity to be heard regarding final approval of the Consent Decree and other matters.

7. The Court further preliminarily approves the form and content of the proposed plan of Notice to the Class, which shall be in substantially the same form as ECF No. 141-2, along with the proposed manner of communicating the Notice as being addressed and sent via first class U.S. mail to:

    a.    the Canadian County District Attorney and the Executive Director of Oklahoma's Indigent Defense System;

    b.    the Court Clerk of the Canadian County, with a request to post the Notice in the Clerk's office;

    c.    the Sheriff of Canadian County, with a request to post the Notice in the Canadian County Detention Center in a location visible to detainees during and after booking.

Additionally, and as agreed by the parties, all Notices described in the Joint Motion for Preliminary Approval shall: (i) include instructions for submitting comments or objections to the proposed Consent Decree, in writing; and (ii) advise that the proposed Consent Decree, and other case documents, are posted and accessible on the ACLU website. The Court finds it is the best notice practicable under the circumstances, as it constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable Constitutional standards and other applicable laws, including due process and Federal Rule of Civil Procedure 23.

Additionally, and as agreed by the parties, Class Counsel will maintain and consolidate all submitted comments or objections to the proposed Consent Decree and provide copies to the Parties' counsel of record. **Class Counsel shall submit to the**

**Court all received comments and objections no less than seven (7) days before the hearing for final approval of the Consent Decree.**

8. Pursuant to Federal Rule of Civil Procedure 23(e), a **Final Fairness Hearing shall be held on January 30, 2026, at 11:00 a.m.** CDT in the United States District Court for the Western District of Oklahoma, the Honorable Shon T. Erwin presiding, to, among other related matters:

a. determine whether the Settlement/Consent Decree should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

b. determine whether the notice method utilized: (i) constituted the best practicable notice under the circumstances and applicable legal standards; (ii) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement/Consent Decree, their right to exclude themselves from the Settlement/Consent Decree, their right to object to the Settlement, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) met applicable Constitutional standards and all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

c. determine whether a final Judgment should be entered pursuant to the Settlement Agreement/Consent Decree, *inter alia,* dismissing the Litigation against

Defendants with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement/Consent Decree, and making the other findings and rulings provided therein, all in accordance with the Settlement Agreement/Consent Decree;

d. consider any **Side Agreement** covering attorney fees and litigation expenses presented *in camera* provided that **any such agreement shall be presented to the Court no later than 5:00 p.m. CST on January 16, 2026**; and

e. rule on such other matters as the Court may deem appropriate.

9. The Court reserves the right to adjourn, continue, and reconvene the Final Fairness Hearing, or any aspect thereof without further notice to the Settlement Class.

10. The Court reserves the right to continue the Final Fairness Hearing to a later date than the date provided for in the formal notices to the Settlement Class, and to approve the Settlement at or after the Final Fairness Hearing without further notice to the Settlement Class.

11. Any participating Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement/Consent Decree or any term of the Settlement/Consent Decree may file an objection. An objector must file with the Court a written objection containing the following: (a) a heading referring to the case as styled above; (b) a statement as to whether the objector intends to appear at the Final Fairness Hearing, either in person or through counsel, and, if through counsel, identifying counsel

by name, address, and telephone number; (c) a reasonably detailed statement of each objection; (d) the objector's name, current address, and current telephone number; (e) the objector's signature; (f) identification of the objector's interest. If the objector intends to appear and request permission to speak at the Final Fairness Hearing, either in person or through counsel, then, as part of the filing that is due at least 14 calendar days prior to the Final Fairness Hearing, the objector must also provide the following information: (i) a list of any witnesses the objector wishes to call at the Final Fairness Hearing, together with a brief summary of each witness's expected testimony (to the extent the objector desires to offer expert testimony and/or an expert report, any such evidence must fully comply with the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules of the Court); (ii) a list of and copies of any exhibits the objector may seek to use at the Final Fairness Hearing; and (iii) a list of any legal authority the objector may present at the Final Fairness Hearing. **Such written objections must be filed with the Court no later than 5:00 p.m. CDT on January 16, 2026**. Any Class Member who fails to timely file and serve such written statement and provide the required information will not be permitted to present any objections at the Final Fairness Hearing and such failure will render any such attempted objection untimely and of no effect. All presentations of objections will be further limited by the information listed. The procedures set forth in this paragraph do not supplant, but are in addition to, any procedures required by the Federal Rules of Civil Procedure.

12. Any objector who timely files and serves a valid written objection in accordance with the above paragraph may also appear at the Final Fairness Hearing, either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to present any objection at the Final Fairness Hearing must comply with the Local Rules of this Court in addition to the requirements set forth in paragraph 11 above.

13. No later than **January 23, 2026**, if the Settlement has not been terminated pursuant to the Settlement Agreement, Class Counsel and Plaintiffs shall move for: (a) final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e) and (b) entry of a Judgment.

14. If the Settlement is not approved by the Court, is terminated in accordance with the terms of the Settlement Agreement, or a Judgment approving it is entered that does not become Final and Non-Appealable for any reason whatsoever, the Settlement, Settlement Agreement, and any actions to be taken in connection therewith (including this Order and any Judgment entered herein), shall be terminated and become void and of no further force and effect.

15. All proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement/Consent Decree, are hereby stayed and suspended until further order of this Court. Pending final approval of the Settlement/Consent Decree, Class Representatives and all Class Members are barred, enjoined, and restrained from commencing, prosecuting, continuing, or asserting in any

forum, either directly or indirectly, on their own behalf or on the behalf of any other person or class, any Released Claim against Released Parties.

16. Entering into or carrying out the Settlement Agreement/Consent Decree, and any negotiations, terms, or proceedings related thereto, are not, and shall not be construed as, or deemed to be evidence of, an admission or concession by any of the Parties to the Settlement Agreement/Consent Decree and shall not be offered or received in evidence in any action or proceeding by or against any Party in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of the Settlement/Consent Decree between Defendants and any Class Member(s), the provisions of the Settlement Agreement/Consent Decree, or the provisions of any related agreement, order, judgment, or release. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, liability, or the propriety of maintaining this Litigation as a contested class action and Defendants specifically deny any such fault, wrongdoing, breach, liability, and allegation regarding certification for litigation (as opposed to settlement) purposes. This Order shall not be construed or used as an admission, concession, or declaration by or against Class Representatives or the Settlement Class that their claims lack merit or that the relief requested in the Litigation is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have with respect to the Litigation in the event the Settlement is

terminated. Moreover, the Settlement and any proceedings taken pursuant to the Settlement are for settlement purposes only.

17. The Court, along with any appellate court with power to review the Court's orders and rulings in the Litigation, hereby retains jurisdiction over this Litigation to consider all further matters arising out of or connected with the Settlement reflected in the Settlement Agreement/Consent Decree (together with any documents referenced therein and exhibits thereto). The Court, along with any appellate court with power to review the Court's orders and rulings in the Litigation, also hereby retains jurisdiction over this Litigation to administer all other matters related to the enforcement of the Settlement Agreement/Consent Decree (together with any documents referenced therein and exhibits thereto) and Settlement and the orders of the Court related thereto.

18. The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further written notice to the Settlement Class.

ENTERED on November 24, 2025.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE