IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MISTY WHITE, JANARA MUSGRAVE, and LANDON PROUDFIT, on behalf of themselves and all others similarly situated, and <br><br>     Plaintiffs,<br>v.<br><br>HON. PAUL HESSE, in his official capacity as Chief Judge of the 26th Judicial District, and<br>HON. DAVID HALLEY, in his official capacity as Special Judge in the Canadian County District Court,<br><br>     Defendants. | Case No: CIV-19-1145-STE |

**JOINT MOTION FOR FINAL APPROVAL AND ENTRY
OF CONSENT DECREE**

The Parties jointly move the Court for final approval and entry of the Consent Decree (Doc. 141-1) as the judgment of this Court. In support thereof, the Parties state the following.

**Incorporation of Prior Joint Motion and Court Order**

The Parties incorporate by reference, as if fully stated herein, the facts, allegations, arguments, exhibits and authorities contained in their previously filed: *Joint Motion for Preliminary Approval of Consent Decree, Class Certification and Plan of Notice to Class* (Doc. 141).

The Parties acknowledge and incorporate herein: the Court's prior rulings with respect to preliminary approval of the Consent Decree (Doc. 147).

**Procedural History**

On August 29, 2025, the Parties filed their *Joint Motion for Preliminary Approval of Consent Decree, Class Certification, and Plan of Notice*. (Doc. 141). On November 24, 2025, the Court granted preliminary approval of the Consent Decree (Doc. 147). The Court also, preliminarily, certified the Class,[1] appointed Class Counsel, and ordered notice to be given as described in the Parties' joint motion for preliminary approval (Doc. 147, pp. 7-8).

**Certification of Compliance with Notice Requirements**

Rule 23 requires that notice of a proposed class settlement be directed "in a reasonable manner to all class members." Fed. R. Civ. P. 23(e)(1)(B). Notice "must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Tennille v. W. Union Co.*, 785 F.3d 422, 436 (10th Cir. 2015). Rule 23(e)(5)(a) provides that "any class member may object" to a consent decree entered under Rule 23(e). Given the Class Members' often transitory custodial status in their state court criminal proceedings, Class Counsel proposed that the *Notice* of the Consent Decree be (1) posted on the ACLU's website; (2) sent to the Sheriff of Canadian County with a request that the Notice be posted

---

[1] Any person who is or will be booked into the Canadian County Detention Center and is detained at the time of their first appearance before a judge in the Twenty-Sixth Judicial District on either an arrest or a warrant for new charges. This class does not include: (1) any person only detained on warrants for post-conviction applications or motions; (2) any person only detained on warrants for failure to appear after release or failure to comply with orders of the Court after release in criminal matters; or (3) any person only detained on a warrant and in custody pursuant to a writ of habeas corpus.

in the Canadian County Detention Center for the Class Members; (3) sent to the Class Members' most often appointed state-court defense attorneys via the Executive Director of the Oklahoma Indigent Defense System (OIDS); (4) sent to the District Attorney for Canadian County; and (5) sent to the Canadian County Court Clerk for posting in the courthouse. (Doc. 141, pp. 12-13). The Court approved the means of Notice described above. (Doc. 147, p. 7).

Class Counsel hereby certifies that, on or before December 9, 2025, Class Counsel posted the Notice on its website. A printout of the webpage is attached as Exhibit 1. Proof of Notice to the Sheriff, the Executive Director of OIDS, the District Attorney for Canadian County and the Canadian County Court Clerk is attached as Exhibit 2. The Sheriff, Executive Director of OIDS and the District Attorney received the Notice no later than December 5, 2025.

## Summary of Objections and Comments to Consent Decree

Class Counsel has not received any objections or comments regarding the Consent Decree. No objections or comments have been filed with the Court.

## The Consent Decree Complies with Rule 23(e)

The Parties have agreed to the terms of the Consent Decree, as evidenced by their counsel's signatures thereon (see Doc. 141-1). The Parties, therefore, stipulate that, based on this Motion and the incorporated previous filings, the Consent Decree is "fair,

reasonable and adequate" to the Class in consideration of the factors enumerated in Rule 23(e).[2]

In preliminarily approving the Consent Decree, this Court carried forward its determination that the Class satisfied the certification requirements contained in Rule 23(a) and Rule 23(b)(2) and that appointment of Class Counsel was proper under Rule 23(g)(1). (Doc. 147, pp. 4-5). Nothing has occurred that undercuts the Court's prior findings or prevents the Court from finalizing Class certification and appointment of Class Counsel. Similarly, nothing has occurred since the Court preliminarily approved the Consent Decree in accordance with the Rule 23 factors and controlling Tenth Circuit authority (*id*. at 3-7) that undermines the Court's prior rulings. The Court, therefore, can confidently grant final approval of the Consent Decree and enter it as the judgment of the Court.

## Requested Relief

Based on the foregoing, the Parties jointly request that Court, in accordance with Rule 23(g):

(i)     Find that the Consent Decree is fair, reasonable and adequate to the Class;

(ii)    Grant final certification of the Class;

(iii)   Grant final appointment of Class Counsel;

(iv)   Approve the Consent Decree (Doc. 141-1) and enter it as the judgment of this Court; and

---

[2] The Side Agreement was presented for *in camera* review and does not create any conflict with the class members' relief as it provides for relief that potentially benefits non-class members in exchange for consideration granted by Class Counsel. *See* Rule 23(e)(3).

(v)    Grant any other relief deemed appropriate under the circumstances.

*[Signature blocks on next page.]*

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| s/Brandon J. Buskey | s/Erin M. Moore |
| Brandon J. Buskey* | (signed with permission of attorney) |
| American Civil Liberties Union Foundation | Erin M. Moore |
| Criminal Law Reform Project | Oklahoma Bar Number: 20787 |
| 125 Broad Street, 18th Floor | Jacy Sullivan |
| New York, NY 10004 | Oklahoma Bar Number: 33858 |
| Telephone: 212-549-2500 | Oklahoma Attorney General's Office |
| bbuskey@aclu.org | 313 NE 21st Street |
| | Oklahoma City, OK 73105 |
| Megan Lambert | Telephone: (405) 521-3921 |
| Oklahoma Bar Number: 33216 | Facsimile: (405) 521-4518 |
| Travis Handler | erin.moore@oag.ok.gov |
| Oklahoma Bar Number: 36655 | jacy.sullivan@oag.ok.gov |
| American Civil Liberties Union of Oklahoma Foundation | ***Counsel for Defendants*** |
| P.O. Box 13327 | |
| Oklahoma City, OK 73113 | |
| Telephone: (405) 524-8511 | |
| mlambert@acluok.org | |
| travis.handler@acluok.org | |

Aaron Lewis*
California Bar Number: 284244
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
alewis@cov.com

***Counsel for Plaintiffs***

*Admitted Pro Hac Vice

6

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 20th day of January, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the applicable ECF registrants.

/s/ Travis D. Handler