**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MISTY WHITE, JANARA MUSGRAVE, and LANDON PROUDFIT, On behalf of themselves and all others similarly situated, and** | |
| **Plaintiffs,** | **Case No: CIV-19-1145-STE** |
| **v.** | |
| **HON. PAUL HESSE, in his official capacity as Chief Judge of the 26th Judicial District, and HON. DAVID HALLEY, in his official capacity as Special Judge in the Canadian County District Court,** | |
| **Defendants.** | |

**CONSENT DECREE**

## Table of Contents

**Page**

I.  **Introduction** …………………………………………………………… 1

II.  **Parties and Purpose** ………………………………………………… 4

III.  **Stipulation to Class Certification and Class Counsel** …………………. 5

IV.  **Definitions**……………………………………………………………. 6

V.  **Terms** …………………………………………………………………. 7

VI.  **Reporting and Compliance** …………..…………………………………. 9

VII.  **Dispute Resolution Process** …………………………………..………… 10

VIII.  **Additional Provisions**……………………………………………………… 11

IX.  **Reservation of Jurisdiction and Final Judgment**…………………………14

**CONSENT DECREE**

This matter comes before the Court on the Parties' *Joint Motion for Final Approval of the Consent Decree* [Doc. 149] ("*Joint Motion*"). The Parties, by and through their respective counsel, have stipulated to the facts, recitals and law set forth herein, and to the certification of the Class as defined below, and hereby agree to enter this Consent Decree to resolve this Lawsuit under the terms and conditions set forth herein. The Court, having reviewed the *Joint Motion*, and the attachments thereto, having held a hearing on January 30, 2026, and otherwise being fully advised, hereby FINDS good cause for entry of this Consent Decree and, therefore, GRANTS, the *Joint Motion* and ENTERS this Consent Decree on the following terms and conditions.

I.      **Introduction**

1.      On December 10, 2019, Plaintiffs filed the original Complaint in this lawsuit ("Lawsuit"), which contained multiple claims for relief. The crux of the Lawsuit is the time that Plaintiffs and Class Members were waiting to appear before a judge for a bail determination and the procedures judges must follow in making a bail determination. On November 29, 2021, Plaintiffs filed the Amended Complaint, which is the operative complaint in this Lawsuit. [Doc. 64]. The Amended Complaint asserted claims for relief based upon the Equal Protection and Due Process clauses of the Fourteenth Amendment of the United States Constitution, the substantive and procedural components of the Due Process Clause of the Fourteenth Amendment, and the right to assistance of counsel under the Sixth Amendment.

2.      Again, Plaintiffs challenged the length of time the putative class of detainees are or were forced to wait for hearings and the adequacy of bail hearings.  Plaintiffs alleged that these deficiencies violated the Class Members' rights secured under the constitutional provisions described above.

3.      Defendants filed a Motion to Dismiss the Amended Complaint.  The Court, after briefing, granted the Motion to Dismiss in part and denied it in part.  The only claim remaining after the Court's Order was the procedural due process claim under the Fourteenth Amendment against both the Chief Judge and the Special Judge.  [Doc. 90].

4.      Defendants filed their Answer on January 21, 2025.  [Doc. 97].

5.      On February 6, 2025, Plaintiffs filed their Amended Motion for Class Certification. [Doc. 102].  Defendants responded on February 27, 2025. [Doc. 113]. Plaintiffs filed their reply on March 14, 2025. [Doc. 118].  The Court has stayed its ruling on this motion pending resolution of the parties' settlement negotiations.  [Doc. 131].

6.      In February 2025, the parties began settlement negotiations, and in March 2025, Magistrate Judge Stephens conducted a settlement conference.  After the settlement conference, the parties, with the assistance of Magistrate Judge Stephens, continued settlement negotiations.  After extensive arm's length negotiations, the parties reached an agreement, which is encompassed in the proposed Consent Decree.

7.      On August 29, 2025, the Parties filed their final *Joint Motion for Preliminary Approval of the Consent Decree* [Doc. 141], declaring that the Parties had resolved all claims in the Lawsuit, including agreed conditions and terms to improve the timing and process for bail determinations, which are reflected in this Consent Decree.  The Parties

represented, and the Court agrees, that it is in the Parties' best interest, and the best interests of the Class, to avoid protracted, costly, and uncertain litigation, and to resolve this Lawsuit in accordance with the terms and conditions set forth in this Consent Decree.

8.      On November 24, 2025, the Court held a hearing on the Parties' *Joint Motion for Preliminary Approval of the Consent Decree* [Doc. 141].  At the hearing, after inquiry with the Parties' counsel, the Court approved the method and content of Notice to the proposed class; certified the class and appointed class counsel pending final approval.  The Court further indicated its intent to enter this Consent Decree after the filing of the *Joint Motion for Final Approval*, the notice being given to the class and conducting a Final Hearing.

9.      On January 30, 2026, the Court held a hearing on the Parties' *Joint Motion for Final Approval of the Consent Decree* [Doc. 149] after notice as set forth in the Order granting the *Joint Motion for Preliminary Approval of the Consent Decree* was given.  At this hearing, the Court considered any objections submitted, heard from Class Counsel and Defendants' counsel, and considered the factors for final approval of the Consent Decree.

## II.      Parties and Purpose

10.      The Plaintiffs are the individuals Misty White, Janara Musgrave, and Landon Proudfit (hereinafter collectively, the "Named Plaintiffs").  The Named Plaintiffs were, and the Class Members are currently or may be in the future, detained in the Canadian County Detention Center at the time of their first appearance before a judge in the Twenty-Sixth Judicial District of Oklahoma for a bail determination.  Defendants stipulate and agree that

the Named Plaintiffs have standing to request the Court enter the Consent Decree and to enforce the terms thereof.

11.   Defendant Paul Hesse is sued in his official capacity as the Chief Judge of the Twenty-Sixth Judicial District of Oklahoma which is in Canadian County.  Defendant David Halley is sued in his official capacity as a Special Judge of Canadian County District Court.

12.   The Parties have agreed to Terms set out in Section V below.

13.   Notwithstanding the Parties' joint request to enter this Consent Decree, Defendants deny liability for all claims asserted in the Lawsuit and agree to enter this Consent Decree solely to avoid protracted and uncertain litigation.

14.   The Parties have entered into this Consent Decree to focus their resources on improving Canadian County's bail determination procedures for individuals accused of crimes while they await trial.  The Parties believe, and the Court agrees, that this Consent Decree, and the Terms adopted herein, is a fair and reasonable resolution of the Lawsuit and in the Class Members' best interest.

## III.   Stipulation to Class Certification and Class Counsel

15.   In accordance with Fed. R. Civ. P. 23(e), the Parties stipulate to certify the following Class for purposes of settlement.  The Court hereby finds that certification of this Class complies with Fed. R. Civ. P. 23(e) and is reasonable and required to effectuate the purposes of this Consent Decree.  Therefore, the Court hereby certifies the following Class of persons under Fed. R. Civ. P. 23(b)(2) to whom the benefits of the Consent Decree generally apply:

Any person who is or will be booked into the Canadian County Detention Center and is detained at the time of their first appearance before a judge in the Twenty-Sixth Judicial District on either an arrest for a criminal offense without a warrant or on a warrant for new charges. This class does not include: (1) any person only detained on warrants for post-conviction applications or motions, (2) any person only detained on warrants for failure to appear or comply with orders of the Court after release in criminal matters, or (3) any person only detained on a warrant and in custody pursuant to a writ of habeas corpus.

16.    The Parties also stipulate that Brandon Buskey, Megan Lambert, and Aaron Lewis satisfy the requirements for, and should be appointed as, Class Counsel under Fed. R. Civ. P. 23(g). The Court, having considered the required factors under Rule 23(g), agrees and hereby appoints Brandon Buskey, Megan Lambert, and Aaron Lewis as Class Counsel.

## IV.    Definitions.

17.    "Class" or "Class Members" means the persons who have been, are, or will be during the term of the Consent Decree members of the Class as defined in paragraph 15 above.

18.    "Class Counsel" means Brandon Buskey, Megan Lambert, and Aaron Lewis.

19.    "OIDS" means the Oklahoma Indigent Defense System.

20.    "Quarterly Report" means the documents submitted to Class Counsel on a quarterly basis that include: (1) one or more spreadsheets, including the Release Recap Report and Custody Status Report, evidencing the individuals detained in the Canadian County Detention Center for all three months of the quarter; (2) the Bail Determination Orders and orders denying bail for one full week of each month of the quarter, with the week for each month to be selected at random by defense counsel; (3) the Financial

Affidavits for the Bail Determination Orders, to the extent they are filled out and filed of record with the Court Clerk; and (4) the Jail Rosters received by Judge Hesse indicating the length of time individuals have been held without charge for the first and third weeks of each month of the quarter. For purposes of this paragraph, "week" means a seven (7) day period beginning on a Monday and ending on a Sunday. The parties may adjust the requirements of the Quarterly Report by written agreement.

## V.    The Terms

21.    Defendants agree to the following:

(a) For arrestees detained on misdemeanors, Local Rule 7 will be modified to change the charging deadline to five (5) calendar days, except for arrestees detained on (1) negligent homicide; (2) driving or being in actual physical control of a motor vehicle while impaired or under the influence of alcohol or other intoxicating substance; (3) resisting or obstructing an officer; (4) eluding or attempting to elude a law enforcement officer; (5) an act constituting domestic abuse, stalking or harassment; or (6) a violation of an order of protection, all of which will continue to have a charging deadline of ten (10) calendar days.

(b) For arrestees detained on non-violent felonies, Local Rule 7 will be modified to change the charging deadline to seven (7) calendar days. The charging deadline for violent felonies, as defined by 57 O.S. § 571(2), will continue to be ten (10) calendar days.

(c) Defendants will make all reasonable efforts to ensure that the Sheriff provide Class Members with the Notice, attached as Exhibit 1, at booking into the Canadian County Detention Center.  The Notice will be provided in English and Spanish. Translation of the Notice to other languages will be dependent upon need.

(d) Defendants will make all reasonable efforts to ensure that the Sheriff provide Class Members with the Financial Affidavit, attached as Exhibit 2, at booking into the Canadian County Detention Center.  If individuals fill out the form and submit it to the Court for consideration, the form will be filed with the Court Clerk.

(e) Defendants will make all reasonable efforts to ensure that the Sheriff provide Class Members with an application for court-appointed counsel through OIDS, attached as Exhibit 3, at booking into the Canadian County Detention Center.

(f) Defendants will use the Bail Determination Order form, attached as Exhibit 4, for making initial bail determinations when in-custody arrestees appear before a judge before charges are filed or when an in-custody defendant appears before a judge for the first time after charges are filed, except that Defendants will not use the Bail Determination Order form to deny bail.  Instead, Defendants will only use the Bail Determination Order form to issue an order of release on personal recognizance or an order imposing secured bond.  For orders denying

bail, Defendants will comply with the procedural and substantive requirements set forth in *Brill v. Gurich*, 1998 OK CR 49 (1998). This Consent Decree does not impair a judge in the Twenty-Sixth Judicial District's discretion when making a bail determination and is not a prohibition on the imposition of monetary conditions in a bail determination or the denial of bail in appropriate circumstances.

(g) Defendants will submit Quarterly Reports to Class Counsel starting on the first quarter to occur after the Consent Decree is entered by the Court.

(h) Class Members will have a bail determination made within 72 hours of booking into the Canadian County Detention Center, excluding exigent circumstances beyond the court's control, on a case-by-case basis.

## VI.    Measures of Compliance

22.    **Bail Determination Orders.**  Defendants shall use best efforts to meet the objective of completing Bail Determination Order forms.  "Best efforts" for determining compliance with this paragraph shall mean that, in cases where the judge imposes a secured bond, Defendants have completed both the factors and findings portions of the "Bail Determination Order" forms, in paragraph 21(f) above, for at least ninety-five percent (95%) of the forms submitted in the Quarterly Report.  The parties may adjust the percentage requirement by written agreement.

23.    **Distribution of Notice, Financial Affidavit, and OIDS Application.** Defendants will make all reasonable efforts to ensure that the non-party Sheriff who controls the Canadian County Detention Center distribute the Notice described in

paragraph 21(c) above, the Financial Affidavit described in paragraph 21(d) above, and the OIDS Application described in paragraph 21(e) above to Class Members. Defendants shall request confirmation from the Sheriff that these documents are being distributed as requested and report to Class Counsel on the same when producing the Quarterly Report.

**VII.        Dispute Resolution Process.**

24.    Within twenty-one (21) days after receiving a Quarterly Report by Class Counsel, Class Counsel shall notify Defendants in a writing, which includes reasonably detailed information, of any alleged noncompliance ("Notice of Noncompliance"). Noncompliance may include Defendants' failure to meet "best efforts" as defined in paragraph 22, or a failure to make good faith efforts to comply with the terms of paragraphs 21 and 23.  Within fourteen (14) days of receipt of a Notice of Noncompliance, the Parties must meet and confer in good faith to attempt to resolve the noticed issues.  If the Parties are unable to agree to a resolution in their meet and confer efforts, Class Counsel or Defendants may file a motion with the Court seeking assistance.

25.    Any Party may file a motion with the Court seeking relief related to any issue embraced in a Notice of Noncompliance, including a request for contempt remedies for material violations.  However, no Party may seek relief for any dispute related to, or alleged non-compliance with, the terms of this Consent Decree without first going through the meet and confer process.

26.    The Plaintiffs are entitled to recover their reasonable attorneys' fees and expenses in litigating a motion by Plaintiffs to enforce the terms of the Consent Decree, if Plaintiffs are the prevailing party with respect to such a motion; however, should the Court

deny the relief sought on grounds that Plaintiffs' action is frivolous, unreasonable, or without foundation, Defendants may seek an award of the reasonable attorneys' fees and costs incurred in responding to Plaintiffs' attempt to seek such enforcement.

## VIII.  Additional Provisions.

27.     **Term of Consent Decree**.  The term of this Consent Decree shall be twenty-four (24) months from the date of final approval and entry by the Court, subject to the following provisions:

      a.     If Class Counsel believes Defendants are not in substantial compliance with the Terms, Plaintiffs may, at least ninety (90) days before the end date of the Consent Decree, file a motion to extend the duration of the Consent Decree and this Court's jurisdiction thereover. Upon the filing of such a motion, the Court shall determine, after an evidentiary hearing, whether Defendants have achieved substantial compliance.

      b.     If the Court finds Defendants have not achieved substantial compliance for at the hearing on Plaintiffs' extension motion, the Court may extend the term of the Consent Decree and retain jurisdiction for a period of time determined by the Court to ensure that Defendants come into compliance.  If the Court determines that Defendants have achieved substantial compliance, the Court shall terminate the Consent Decree at the twenty-four (24) month end date.

    c.    For purposes of paragraph 25, "Substantial Compliance" means Defendants have not had a Notice of Noncompliance in the second twelve (12) month period of the twenty-four (24) month period.

28.    **Persons Bound**.  This Consent Decree shall be binding on all Defendants and their successors, together with their officers, agents and employees, unless otherwise prohibited by state or federal law.

29.    **Representations and Warranties**.  Each Party to this Consent Decree represents, warrants, and agrees as follows:

    a.    It has fully and carefully reviewed this Consent Decree prior to its execution by an authorized representative.

    b.    The persons executing this Consent Decree are authorized by the Parties to do so.

    c.    It has consulted with its attorneys regarding the legal effect and meaning of this Consent Decree and all terms and conditions thereof, and it is fully aware of the contents of this Consent Decree and its legal effect.

    d.    It has had the opportunity to make whatever investigation or inquiry it deems necessary or appropriate in connection with the subject matter of this Consent Decree.

    e.    It has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity any claims that it might have against the other.

f.      It is executing this Consent Decree voluntarily and free from any undue influence, coercion, duress, or fraud of any kind.

30.    **Waiver**.  No waiver of any of the provisions of this Consent Decree shall be deemed or constitute a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the Party making the waiver.

31.    **Modification**.  Unless otherwise specified, this Consent Decree cannot be modified except by written agreement of the Parties approved by the Court, or by Court order.

32.    **Notices**.  Any notice, report, or other communication required or permitted under this Consent Decree shall be in writing and shall be deemed to have been duly given when:  (i) mailed by United States registered or certified mail, return receipt requested; (ii) mailed overnight express mail or other nationally recognized overnight or same-day delivery service; (iii) sent as a PDF attachment to electronic mail; or (iv) delivered in person, to the Parties at the following addresses:

To Plaintiffs' Class Counsel:

Brandon J. Buskey
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
bbuskey@aclu.org

Megan Lambert
American Civil Liberties Union of Oklahoma Foundation
P.O. Box 13327
Oklahoma City, OK 73113
Telephone: (405) 525-3831
mlambert@acluok.org

Aaron Lewis
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
alewis@cov.com

To Defendants:

Erin M. Moore
Jacy Sullivan
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921
erin.moore@oag.ok.gov
jacy.sullivan@oag.ok.gov

A Party may change the names or addresses where notice is to be given by providing notice to the other Parties of such change in accordance with this Paragraph.

## IX.    Reservation of Jurisdiction and Final Judgment.

33.    The Court hereby retains continuing jurisdiction over this Consent Decree to enforce its provisions, and to take other actions ancillary thereto, for the term of the Consent Decree.

34.    Upon the expiration of the term of this Consent Decree set forth in paragraph 25, all claims in the Lawsuit will be deemed dismissed with prejudice, unless Class Counsel

on behalf of the Class has moved for an extension under paragraph 25 above.  If no motion has been filed pursuant to paragraph 25 and the twenty-four month period has expired, Defendants may request a formal order dismissing the case with prejudice from the Court.

35.     Based on the papers filed in this Lawsuit, the representations of the Parties' counsel, and the stipulations contained herein, the Court hereby enters this Consent Decree as a final judgment under Federal Rules of Civil Procedure 54 and 58.

IT IS SO ORDERED on January 30, 2026.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE